*1*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

JUAN JOSE CHAVEZ DE LEON, §
INDIVIDUALLY AND AS SURVIVING §
SPOUSE OF MARIA DEL SOCORRO §
SANCHEZ ARMENDARIZ, DECEASED §
AND ON BEHALF AND AS INDEPENDENT §
ADMINISTRATOR OF THE ESTATE OF §
MARIA DEL SOCORRO SANCHEZ §
ARMENDARIZ, DECEASED AND ON §
BEHALF OF ALL PERSONS ENTITLED TO §
RECOVER'FOR THE WRONGFUL DEATH §
OF MARIA DEL SOCORRO SANCHEZ §
ARMENDARIZ, AND AS NEXT FRIEND TO §
THE MINOR CHILDREN, JUAN §
ALEJANDRO CHAVEZ ARMENDARIZ, §
DAVID ELIAS CHAVEZ ARMENDARIZ, §
AND MARCELA CHAVEZ ARMENDARIZ §
§
VS. §
§
§
BRIDGESTONE/FIRESTONE, INC., §
BRIDGESTONE CORPORATION OF JAPAN, §
BRIDGESTONE/FIRESTONE DE MEXICO, §
FORD MOTOR COMPANY USA, FORD §
MOTOR COMPANY, SA de CV, MEXICO, §
and VISTEON DE MEXICO, S. DE R.L. §

United States District Court
Southern District of Texas
FILED

**FEB 0 7 2003**

Michael N. Milby
Clerk of Court

**B-03-035**

C.A. NO. _____

JURY TRIAL

---

## NOTICE OF REMOVAL OF ACTION

---

TO THE UNITED STATES DISTRICT COURT:

BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C. ("Firestone")[1],

Defendant in the above-styled matter, submits this Notice of Removal pursuant to the provisions

of 28 U.S.C. §§ 1441 et seq. and in support hereof would show as follows:

1.     Plaintiffs are citizens of Mexico currently residing in Mexico.[2]  Plaintiffs filed

this action against some, but not all of these Defendants on November 27, 2002 in the 404th

---

[1]      Bridgestone/Firestone North American Tire, L.L.C. is the successor to Bridgestone/Firestone, Inc.

Judicial District Court of Cameron County, Texas bearing Cause No. 2002-11-4765-G.[3]  It is believed that some, but not all Defendants were served with Plaintiffs' Original Petition. However, none of the Defendants were served with Plaintiffs' Original Petition prior to January 10, 2003.  Plaintiffs' First Amended Original Petition was filed by Plaintiffs on January 14, 2003, non-suiting some of the Defendants named in Plaintiffs' Original Petition (General Motors Corporation, Inc., Lucent Technologies, Inc., Lucent Technologies Maquiladoras, Inc., Rudolph Miles and Sons, Inc., Dicex International, Inc., and Carlos Ramirez Villanueva) by deleting these parties.  Plaintiffs' First Amended Original Petition named Ford Motor Company, USA, Ford Motor Company, S.A. de C.V., Mexico and Visteon de Mexico, S. De R.L. as Defendants for the first time.  This case involves Mexican citizens claiming damages from a Mexican accident.

2.    This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a state and citizens or subjects of a foreign state. Diversity jurisdiction existed both at the time the state court action was filed and at the time of this removal.

3.    Defendant Firestone is a Delaware corporation with its principal place of business in Nashville, Tennessee.

4.    Defendant Ford Motor Company ("Ford") is a Delaware corporation with its principal place of business in Dearborn, Michigan.

---

[2]     Plaintiffs' Original Petition indicates that all Plaintiffs are citizens and residents of the Republic of Mexico. Plaintiffs' Original Petition at p. 3-4.
[3]     Plaintiffs' Original Petition filed on November 27, 2002 did not name Ford Motor Company, USA, Ford Motor Company, S.A. de C.V., Mexico and Visteon de Mexico, S. De R.L. as Defendants.

5.     Plaintiffs' First Amended Original Petition names Bridgestone Corporation ("Bridgestone") as a Defendant.  The citizenship of Bridgestone should be disregarded for the purpose of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground that it is fraudulently joined.   There is no possibility that Plaintiffs can establish liability against Bridgestone based upon their pleadings, and Bridgestone has been joined solely for the purpose of defeating diversity jurisdiction and removal.  Removal on a theory of fraudulent joinder is appropriate where there is no reasonable basis for predicting that a plaintiff can recover against the fraudulently joined defendant. *Badon v. R.J.R. Nabisco, Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2000).

6.     It is believed Bridgestone did not design, manufacture or market the subject tire. Plaintiffs' First Amended Original Petition identifies the tire in question as a Firestone Wilderness AT tire which was original equipment on a 2000 Ford Expedition purchased by Juan Joe Chavez de Leon from Visteon de Mexico, S. De R.L. in Miguel Hidalgo, Mexico.  See Affidavit of Tomohiro Nakamoto attached as Attachment 1.  It is believed Bridgestone/Firestone de Mexico, S.A. de C.V. is the likely manufacturer of the accident tire.[4]

7.     According to the Plaintiffs' First Amended Original Petition, the Plaintiffs are Mexico citizens and the accident occurred in Mexico.  There is no allegation that Plaintiffs purchased or serviced the allegedly defective tire anywhere other than Mexico.  The application of Mexican law to the Plaintiffs' claims is thus a foregone conclusion. *See, e.g.*, *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179-81 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1603 (2001) (applying Texas choice of law principles to determine whether Plaintiffs fraudulently joined defendant).

---

[4]     See affidavit of Gerardo Balderas attached as Attachment 2.  Firestone has made repeated requests to Plaintiffs' attorneys in writing and by telephone calls for the DOT number of the accident tire.  The DOT number would affirmatively identify the tire's manufacturer.  At the time this Notice of Removal was filed, Firestone has not been provided the DOT number for the accident tire.

8.    Bridgestone has no liability under Mexican law for a tire it did not design, manufacture or sell.

9.    Even should Texas law apply to Plaintiffs' claims, there is no "reasonable basis for predicting that [Plaintiffs] might be able to establish [Bridgestone's] liability on the pleaded claims in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).   The Original Petition asserts claims against Bridgestone for strict liability (on both manufacturing and design defect theories), breach of implied warranty and negligence.  Bridgestone is not strictly liable for the subject tire under Texas law because Bridgestone did not sell the tire or introduce it into the stream of commerce.  *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996).  Bridgestone is not liable for breach of implied warranty because it was not the "seller" of the tire. TEX. BUS. & COM. CODE §§ 2.103(a)(4) (defining "seller"), 2.314(a) (implying warranty in sale when "seller is a merchant"); *Klo-Zik Co. v. General Motors Corp.*, 677 F. Supp. 499, 508 (E.D. Tex. 1987) (defendant that did not qualify as "seller" not liable on implied warranty theory).  Finally, Bridgestone was not negligent because it owed plaintiffs no legal duty. *Barajas*, 927 S.W.2d at 613.[5]

10.    Furthermore, Plaintiffs' claims against all Defendants including Bridgestone are barred by the applicable statute of limitations due to the pleading defects in Plaintiffs' Original Petition. Plaintiffs' Original Petition completely fails to meet the requirements of TEXAS RULE OF CIVIL PROCEDURE 47 setting forth fair and adequate notice which Plaintiffs must provide Defendants in an original pleading. TEXAS RULE OF CIVIL PROCEDURE 47 requires the following:

---

[5] In addition to its defenses to liability, Bridgestone has also challenged the existence of personal jurisdiction over it. Firestone anticipates that Bridgestone will renew this challenge through a motion to dismiss for lack of personal jurisdiction.

(a)    A short statement of the cause of action sufficient to give fair notice of the claim involved;

(b)    In all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court; and

(c)    A demand for judgment for all the other relief to which the party deems himself entitled.

An original pleading is not sufficient unless it gives fair and adequate notice of the facts relied upon by the Plaintiffs enabling the Defendant to prepare a defense to the cause of action. *Garvey v. Vawter*, 795 S.W.2d 741, 742 (Tex. 1990); *Gilmore v. Lopez*, 974 S.W.2d 67 (Tex. App.-San Antonio 1998, writ denied). Because Plaintiffs' Original Petition in this case failed to recite even the correct facts regarding Plaintiffs' claims against Firestone, Firestone Mexico, and Bridgestone – Plaintiffs' Original Petition was inadequate as a matter of law to toll the statute of limitations. Therefore, in addition to the arguments set forth above which make Bridgestone a fraudulently-joined Defendant, Plaintiffs' claims against Bridgestone are barred by the applicable statute of limitations based on the pleading defects.

11.    Plaintiffs' First Amended Original Petition also names Ford Motor Company, S.A. de C.V., Mexico ("Ford Mexico") as a Defendant. The citizenship of Ford Mexico should be disregarded for the purpose of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the grounds that it is fraudulently joined. There is no possibility that Plaintiffs can establish liability against Ford Mexico based upon their pleadings, and Ford Mexico has been joined solely for the purpose of defeating diversity jurisdiction and removal. Ford Mexico is a party against whom Plaintiffs have no possibility of recovery for two reasons: (1) Ford Mexico was not named as a Defendant in Plaintiffs' Original Petition and therefore Plaintiffs' claims against

Ford Mexico are barred by the statute of limitations; and (2) there is no indication Ford Mexico is subject to jurisdiction by a United States Court. The accident made the basis of Plaintiffs' suit occurred on December 7, 2000 in Mexico. Plaintiffs' Original Petition (attached as Attachment 3 to the Notice of Removal) was filed on November 27, 2002 and did not name Ford Mexico. In fact, Plaintiffs' Original Petition was copied from an entirely separate lawsuit and contained the wrong Plaintiffs and Defendants in the Petition. Therefore, Plaintiffs' Original Petition was inadequate under Texas law to toll the applicable statute of limitations as to any Defendants. Plaintiffs belatedly corrected these problems in their First Amended Original Petition. Plaintiffs' First Amended Original Petition naming Ford Mexico for the first time was filed on January 14, 2003 – more than two years after the accident date. Therefore, Plaintiffs' claims against Ford Mexico are barred by the applicable two-year statute of limitations. Furthermore, it is believed Ford Mexico is a Mexico entity duly created, authorized, and operated under the laws of Mexico. It is believed, and Plaintiffs have pled no jurisdictional basis to the contrary, that Ford Mexico is not subject to the jurisdiction of the United States Court. Therefore, Ford Mexico is not a party against whom Plaintiffs can establish jurisdictional liability regarding their allegations in this lawsuit.

12.    Plaintiffs' First Amended Original Petition also names Visteon de Mexico, S. de R.L. ("Visteon") as a Defendant. Visteon is the Mexico dealership that sold the Expedition, including the accident tire, to Plaintiffs. The citizenship of Visteon should be disregarded for the purpose of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground that it is fraudulently joined. There is no possibility the Plaintiffs can establish liability against Visteon based upon their pleadings, and Visteon has been joined solely for the purpose of defeating jurisdiction and removal. The arguments concerning Visteon's status as a fraudulently-joined

Defendant are identical to those for Ford Mexico. In summary, Visteon was not named as a Defendant in Plaintiffs' Original Petition filed on November 27, 2002. More than two years after the accident date, Plaintiffs' First Amended Original Petition for the first time named Visteon as a Defendant on January 14, 2003. Therefore, Visteon is entitled to a statute of limitations defense against Plaintiffs' claims. Furthermore, it is believed Visteon is a Mexico company duly created, authorized, and operated under the laws of Mexico and not subject to the jurisdiction of the United States Court.

     13.     Plaintiffs' Original Petition and First Amended Original Petition named Firestone Mexico as a Defendant. The citizenship of Firestone Mexico should be disregarded for the purpose of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground that it is fraudulently joined. There is no possibility that Plaintiffs can establish liability against Firestone Mexico based upon their pleadings, and Firestone Mexico has been joined solely for the purpose of defeating diversity jurisdiction and removal. The pleading defects discussed above related to Plaintiffs' Original Petition apply to Firestone Mexico. Plaintiffs' Original Petition is so deficient that it fails to meet the requirements of TEXAS RULE OF CIVIL PROCEDURE 47 necessary to constitute an original pleading. Therefore, Plaintiffs' claims against Firestone Mexico are barred on the face of their own pleadings. Furthermore, Firestone Mexico is not subject to the jurisdiction of a United States Court and Plaintiffs have not pled any basis for exercising jurisdiction over Firestone Mexico. Firestone incorporates the affidavit of Gerardo Balderas, attached as Attachment 2, setting forth Firestone Mexico's lack of jurisdictional contacts.

     14.     When the improperly and/or fraudulently joined Defendants, Bridgestone Corporation, Ford Mexico, and Visteon are excluded, diversity exists in that all of the Plaintiffs

are citizens of Mexico and the remaining defendants, Firestone and Ford, are citizens of states of the United States. The properly joined Defendants are not citizens of Texas.

15.    Plaintiffs' First Amended Original Petition does not set forth a specific amount of damages claimed. However, Plaintiffs allege causes of action under the Texas Wrongful Death Act and Texas Survival Act, and for serious and permanent personal injuries along with interest and costs. Clearly, the amount in controversy exceeds $75,000, exclusive of interest and costs.[6]

16.    The Court has removal jurisdiction over this action pursuant to 28 U.S.C. § 1441 and § 1446.

17.    Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing Cameron County, Texas, the place where the state action is pending.

18.    This Notice of Removal is filed timely, as thirty (30) days have not elapsed since Defendants first received a copy of either Plaintiffs' Original Petition or Plaintiffs' First Amended Original Petition through service or otherwise, and this Notice of Removal is filed less than one year after the action was commenced. Defendant Firestone was the first Defendant to receive a copy of Plaintiffs' Original Petition or Plaintiffs' First Amended Original Petition. That notice came when Firestone was served on January 10, 2003. No Defendant had received a copy of either Plaintiffs' Original Petition or Plaintiffs' First Amended Original Petition, through service or otherwise, prior to January 10, 2003. Thus, this Notice of Removal is timely, and all conditions and procedures for removal have been satisfied. A filing fee of $150.00 is tendered herewith.

---

[6]    If Plaintiffs will stipulate in writing that they are not seeking any recovery beyond $74,999.00, Firestone will not oppose Plaintiffs' Motion to Remand.

19.    Ford consents to this removal. A letter from Evan Kramer, attorney for Ford, consenting to this removal is attached hereto as Attachment 4. Bridgestone also consents to this removal. A letter from J. D. Horne, attorney for Bridgestone, consenting to this removal is attached hereto as Attachment 5.[7] Thus, all necessary Defendants consent to the removal of this case. Consent to removal is not necessary from Firestone Mexico, Ford Mexico, or Visteon because they are fraudulently-joined Defendants.

20.    True and correct copies of all executed process, pleadings and orders that were served upon Defendants, and the docket sheet are attached and incorporated by reference for all purposes, as well as an index of matters being filed and a list of all counsel of record, including addresses, telephone numbers and parties represented. Additional papers may have been filed in state court prior to removal. The removing party will supplement the record if necessary.

21.    Firestone has given prompt written notice of the filing of this Notice of Removal to all adverse parties and has filed a copy of the Notice of Removal with the Clerk of the 404th Judicial District Court of Cameron County, Texas as required by 28 U.S.C. § 1446(d).

22.    Plaintiffs demanded a jury in their Original Petition.

23.    The removing parties filed certain preliminary matters in the state court prior to removal such as special appearances and motions to transfer. The removing parties specifically reserve their rights concerning these preliminary matters and do not intend to waive any matter asserted in the state court prior to removal.

Accordingly, Defendant Firestone removes this action now pending in the 404th Judicial District Court of Cameron County, Texas to this Court.

---

[7]    Although consent from Bridgestone's counsel is not technically required since Bridgestone is a fraudulently-joined Defendant, out of an abundance of caution, Firestone has obtained Bridgestone's written consent to removal.

Dated: February 7, 2003

Respectfully submitted,

VINSON & ELKINS L.L.P.

By: _____

Knox D. Nunnally
State Bar No. 15141000
Federal I.D. No. 1282
Phillip B. Dye, Jr.
State Bar No. 06311500
Federal I.D. No. 7216
Don C. Griffin
State Bar No. 08456975
Federal I.D. No. 29446
2300 First City Tower
1001 Fannin Street
Houston, Texas  77002-6760
Telephone:    (713) 758-2416
Facsimile:    (713) 615-5220

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.LC. (successor to
BRIDGESTONE/FIRESTONE, INC.)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* has been served on all counsel of record by mailing same certified mail, return receipt requested, this **7th** day of **February, 2003**.

*Counsel for Plaintiffs:*
Antonio Martinez
Benigno (Trey) Martinez
MARTINEZ, BARRERA & MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas  78520

*Counsel for Ford:*
Evan N. Kramer
BROWN MCCARROLL, LLP
1111 Bagby, 47th Floor
Houston, Texas  77002-2543

*Counsel for Bridgestone Corporation:*
Kenneth J. Ferguson
Mary R. Pawelek
J. D. Horne
CLARK, THOMAS & WINTERS, P.C.
P.O. Box 1148
Austin, Texas  78767

_____
Don C. Griffin

# ATTACHMENT 1

**(Affidavit of Tomohiro Nakamoto)**

Tokyo, Japan

### AFFIDAVIT OF TOMOHIRO NAKAMOTO

BEFORE ME, the undersigned official, on this day appeared Tomohiro Nakamoto, who is personally known to me, and being first duly sworn according to law upon this oath deposed and said:

1.    "My name is Tomohiro Nakamoto, I am over eighteen (18) years of age, I have never been convicted of a felony or crime of moral turpitude, and I am fully competent to make this affidavit.

2.    Based on my employment with Bridgestone Corporation, as set forth below, I have personal knowledge of the facts stated in this affidavit, and they are all true and correct.

3.    I am employed by Bridgestone Corporation as General Manager, Legal Department.

4.    Bridgestone Corporation is incorporated under the laws of Japan and maintains its principal place of business in Tokyo, Japan.

5.    Bridgestone Corporation designs, manufactures and markets tires in Japan through transactions that are governed by Japanese law.

6.    I have reviewed Plaintiffs' Original Petition and Plaintiffs' First Amended Original Petition in *Juan Jose Chavez De Leon et al. vs. Bridgestone/Firestone, Inc., et al.*, Cause No. 2002-11-4765-G, in the 404th Judicial District Court, Cameron County, Texas ("the subject lawsuit").

7.      Bridgestone Corporation is not licensed to do business in Texas and does not maintain and has not maintained a registered agent for service of process in Texas. Bridgestone Corporation does not do and has not done business in Texas. To my best knowledge, it maintains no offices, places of business, post office boxes, or telephone listings in Texas and has never done so. Bridgestone Corporation has no real estate, bank accounts or other interest in property in Texas, and has not had real estate, bank accounts or other interest in property in Texas. It has not incurred any obligation to pay, and has not paid, any taxes in Texas. Bridgestone Corporation has no agents or sales representatives in Texas. It has no employees in Texas and has not recruited any employees from Texas. Bridgestone Corporation has not designed, manufactured, sold, delivered, or issued warranties on any good or product in Texas, nor has it participated in the decision to sell or deliver any good or product to Texas. At no time relevant to the subject lawsuit has Bridgestone Corporation entered into a contract in Texas or committed any tort, in whole or in part, in Texas.

8.      Effective December 1, 2001, Bridgestone/Firestone North American Tire, L.L.C., a Delaware limited liability company with its principal place of business in Nashville, Tennessee, became the successor to Bridgestone/Firestone, Inc., an Ohio corporation. Bridgestone/Firestone North American Tire, L.L.C. is a subsidiary of Bridgestone Americas Holding, Inc., a Nevada corporation. Bridgestone Americas Holding, Inc. is a wholly owned subsidiary of Bridgestone Corporation. Unless otherwise noted, both Bridgestone/Firestone, Inc. and its successor, Bridgestone/Firestone North American Tire, L.L.C. are referred to herein as "Firestone."

9.     Tires manufactured in Japan by Bridgestone Corporation that are sold in the United States are purchased from Bridgestone Corporation in Japan. Individual Bridgestone Corporation manufactured tires are then sold by Firestone and other entities/distributors in the United States. Bridgestone Corporation exercises in principle no control over where and to whom such tires are sold. All Bridgestone Corporation manufactured tires that come as original equipment on vehicles manufactured in Japan and sold in the United States are purchased by the vehicle manufacturer in Japan. Bridgestone Corporation exercises no control over where and to whom such vehicles are sold.

10.    Bridgestone Corporation does not maintain or operate and has not maintained or operated the website that can be accessed at www.bridgestonetire.com or www.bridgestone-usa.com.

11.    While plaintiffs have not supplied the DOT number of the tire, Plaintiffs' First Amended Original Petition indicates the tire at issue in the subject lawsuit is a Firestone Wilderness AT tire. Assuming the assertions in the affidavit of Gerardo Balderas are correct, Bridgestone Corporation did not design, manufacture or market the Firestone Wilderness AT tire at issue in this lawsuit.

12.    Bridgestone Corporation and Firestone are and have always been separate corporations.

13.    Bridgestone Corporation does not establish and has never established daily management policies for Firestone nor has Bridgestone Corporation ever controlled the daily operations of Firestone. As a result, the daily operations of Bridgestone Corporation and Firestone are and always have been separate.

14.    There are and always have been formal barriers between management at Bridgestone Corporation and management at Firestone, and the formalities in existence have always been consistently observed. As a result:

- Bridgestone Corporation and Firestone each conducts and has always conducted its own separate shareholder and board of directors meetings.

- Bridgestone Corporation and Firestone do not share and have not shared common departments or businesses.

- Bridgestone Corporation and Firestone keep separate books and accounts and file separate tax returns and have always done so.

15. As sole shareholder of Firestone since 1988, Bridgestone Corporation has made certain additional capital investments in Firestone.

16. In 1991, Bridgestone Corporation invested $1.4 billion in Firestone for the purpose of reducing Firestone's interest payments.

17. In the mid-1990s, Bridgestone Corporation invested another $400 million in Firestone for the purpose of building a new manufacturing facility.

18. As is a normal part of a parent company's relationship with its subsidiary, Bridgestone Corporation provided a Guarantee dated December 20, 1999 for a series of commercial paper issued in 2000 and 2001 by Firestone.  In so doing, Bridgestone Corporation did not provide any funds to Firestone whatsoever.

19. On January 30, 2002, Bridgestone Corporation made an additional investment of $1.3 billion in Bridgestone/Firestone Americas Holding, Inc. [1]  Bridgestone/Firestone Americas Holding, Inc. repaid a certain part of its interest bearing loan by using the said additional investment.

---

[1]  On December 30, 2002, Bridgestone/Firestone Americas Holding, Inc. officially changed its name to Bridgestone Americas Holding, Inc.

20.    Bridgestone Corporation has never filed suit in a Texas court.

Further Affiant sayeth not."



Tomohiro Nakamoto
General Manager, Legal Department
Bridgestone Corporation

SUBSCRIBED AND SWORN to before me under oath by Tomohiro Nakamoto on this _____ 5 th _____ day of _____ Feb, _____, 2003.

TOKYO LEGAL AFFAIRS BUREAU

    Notary Public    Takeo NAKANISHI

TOKYO LEGAL AFFAIRS BUREAU

TAKEO NAKANISHI NOTARY                                    KYOBASHI NOTARY OFFICE

■1-1-10, Kyobashi, Chuo-ku, Tokyo 104-0031, Japan          ■Tel 03-3271-4677    Fax 03-3271-3606

# KYOBASHI NOTARY OFFICE

1-10,  KYOBASHI 1-CHOME, CHUO-KU,        PHONE: 81-03-3271-4677

TOKYO   104-0031,  JAPAN                 FAX:   81-03-3271-3606

Registered No.151

February 5, 2003

## Notarial   Certificate

This is to certify that **Mr. TOMOHIRO NAKAMOTO**, General Manager, Corporate Legal Department of **BRIDGESTONE CORPORATION**, being legally constituted and existing in accordance with the laws of JAPAN and located at 10-1, Kyobashi 1-chome, Chuo-ku, Tokyo, JAPAN, swore before me, in accordance with legal procedure, that the statement in the attached document ("AFFIDAVIT OF TOMOHIRO NAKAMOTO") is truthful, and he signed the document in my very presence on this 5th day of February, 2003.

Notary, 

(Name)Takeo NAKANISHI

Attached to the Tokyo Legal Affairs Bureau

My commission expires:

December 2, 2012





平成 15 年 証書第　*151*　号

認　　　証

嘱託人・株式会社ブリヂストン（本店：日本国東京都中央区京橋一丁目１０番１号）法務部部長　中本智洋（TOMOHIRO NAKAMOTO）は、本公証人の面前において、添付書面「宣誓供述書」の記載が真実である旨陳述した上、これに署名した。

よって、これを認証する。

平成 15 年　2月　5日、本公証人役場において

東京都中央区京橋一丁目１番１０号

東京法務局所属
公証人　中西武夫
Takeo NAKANISHI　　NOTARY

証　　　明

上記署名は、東京法務局所属公証人の署名に相違ないものであり、かつ、その押印は、真実のものであることを証明する。

平成 15 年　2月　5日

東京法務局長　寶金敏明



CERTIFICATE

This is to certify that the signature affixed above has been provided by Notary, duly authorized by the Tokyo Legal Affairs Bureau and that the Official Seal appearing on the same is genuine.

Date　FEB. - 5. 2003

Toshiaki HOUKIN
Director of the Tokyo Legal Affairs Bureau

# APOSTILLE

### (Convention de La Haye du 5 octobre 1961)

1. Country : **JAPAN**

   This public document

2. has been signed by   Toshiaki HOUKIN

3. acting in the capacity of  Director of the Tokyo Legal Affairs Bureau

4. bears the seal/stamp of

### Certified

5. at Tokyo                          6.  FEB. - 5. 2003

7. by the Ministry of Foreign Affairs

8. 03 — № 004482

9. Seal/stamp:                   10. Signature:

Shinichi HAGIWARA

For the Minister for Foreign Affairs

# ATTACHMENT 2

**(Affidavit of Gerardo Balderas)**

EN LA CORTE DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DEL SUR DE TEXAS
DIVISION BROWNSVILLE

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | |
| INDIVIDUALMENTE Y COMO CONYUGUE | § | |
| SOBREVIVIENTE DE MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, FALLECIDA | § | |
| Y EN REPRESENTACION COMO | § | |
| ADMINISTRADOR INDEPENDIENTE DEL | § | |
| PATRIMONIO DE MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, FALLECIDA Y | § | |
| EN REPRESENTACION DE TODA PERSONA | § | |
| CON DERECHO A INDEMNIZACIÓN POR | § | |
| EL HOMICIDIO CULPOSO DE | § | |
| MARIA DEL SOCORRO SANCHEZ | § | C.A. NO. _____ |
| ARMENDARIZ, Y COMO PERSONA | § | |
| MAS ALLEGADA A LOS MENORES JUAN | § | |
| ALEJANDRO CHAVEZ ARMENDARIZ, | § | |
| DAVID ELIAS CHAVEZ ARMENDARIZ, | § | |
| Y MARCELA CHAVEZ ARMENDARIZ | § | JUICIO POR JURADO |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| FORD MOTOR COMPANY USA, FORD | § | |
| MOTOR COMPANY, SA de CV, MEXICO, | § | |
| y VISTEON DE MEXICO, S. DE R.L. | § | |

## DECLARACION DE GERARDO BALDERAS
### BRIDGESTONE/FIRESTONE de MEXICO, S.A. de C.V.

1.  Mi nombre es Gerardo Balderas. Soy mayor de 18 años, me encuentro en plena posesión de mis facultades mentales y estoy capacitado para rendir esta declaración. Tengo conocimiento personal de los hechos mencionados aquí. Los hechos mencionados aquí son fidedignos y correctos, según mi conocimiento personal.

2.  Mi puesto con Bridgestone/Firestone de México, S. A. de C.V. ("Firestone México") es el de asesor legal dentro de la compañía. Estoy familiarizado con la estructura corporativa y sus operaciones de negocios debido a mi puesto en la compañía y mi participación en las actividades corporativas cotidianas.

3.  Los hechos establecidos dentro de esta Declaración se aplican al período transcurrido desde Enero 1, 1998 hasta el presente, y al cual se hace referencia como "período de tiempo relevante".



*Spanish Affidávit of Balderas*
*Re Chávez de León*

1

4.  Firestone México es una corporación Mexicana organizada y con operaciones de negocios bajo las leyes de México, y mantiene su sede principal de negocios en la Ciudad de México.

5.  El negocio principal de Firestone México es la fabricación y venta de llantas en México, y Firestone México mantiene sus operaciones de negociones en México.

6.  Firestone México es una entidad corporativa separada de Bridgestone/Firestone North American Tire, L.L.C. y Bridgestone Corporation, y está adecuadamente capitalizada por separado.

7.  Firestone México cuenta con su propia Junta Directiva y no comparte una Junta con Bridgestone/Firestone North American Tire, L.L.C. o Bridgestone Corporation.

8.  Firestone México cuenta con su propia administración, la cual funciona en el mejor interés de Firestone México.

9.  Firestone México mantiene libros y contabilidad separados, y presenta sus propias declaraciones de impuestos en México.

10. Firestone México no ha tenido ti tiene ninguna instalación de fabricación de llantas en Texas.

11. Firestone México vende una vasta mayoría de las llantas que fabrica en México como llantas de refacción y a fabricantes de vehículos en México, a través de sus reprentantes autorizados. Aunque los porcentajes exactos han variado durante el período de tiempo relevante, estas ventas representan aproximadamente del 85% al 90% de todas las llantas fabricadas por Firestone México.

12. Durante el período de tiempo relevante, Firestone México vendió intermitentemente un pequeño porcentaje de las llantas que fabricó, 10% a 15%, a Bridgestone/Firestone, Inc. y su compañía sucesora, Bridgestone/Firestone North American Tire, L.L.C. Firestone México no tuvo ningún control respecto a las entidades a las que Bridgestone/Firestone North American Tire, L.L.C. vendió estas llantas.

13. Firestone México no tiene ninguna garantía para llantas o talleres de servicios de llantas dentro de Texas a través de contratistas independientes.

14. Firestone México no tiene ninguna subsidiaria.

15. En La Primera Petición Modificada de los Demandantes se representa que la supuesta llanta conectada al accidente es una Wilderness AT que vino como equipo en la Ford Expedition 2000 comprada por el Demandante Juan José Chávez de León en Visteon de México, S. de R.L. en Miguel Hidalgo, México. Asumiendo que la llanta Wilderness AT conectada con el accidente fuera equipo original en una Ford Expedition 2000 cuyo ensamblaje final se llevó a cabo en México, es altamente probable que la llanta Wilderness AT conectada al accidente fue fabricada por Bridgestone/Firestone de



*Spanish Affidavit of Balderas*
*Re Chávez de León*                    2

México, S.A. de C.V.   El número DOT para la llanta Wilderness AT conectada al accidente identificaría efectivamente al fabricante de la llanta.  Por lo tanto, si el número DOT de la llanta Wilderness AT conectada al accidente es proporcionada posteriormente, me reservo el derecho de modificar mi Declaración.

16.    Declaro bajo pena de perjurio, que lo antes dicho es verdadero y correcto.

GERARDO BALDERAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | |
| INDIVIDUALLY AND AS SURVIVING | § | |
| SPOUSE OF MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, DECEASED | § | |
| AND ON BEHALF AND AS INDEPENDENT | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, DECEASED AND ON | § | |
| BEHALF OF ALL PERSONS ENTITLED TO | § | |
| RECOVER FOR THE WRONGFUL DEATH | § | |
| OF MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, AND AS NEXT FRIEND TO | § | C.A. NO. _____ |
| THE MINOR CHILDREN, JUAN | § | |
| ALEJANDRO CHAVEZ ARMENDARIZ, | § | |
| DAVID ELIAS CHAVEZ ARMENDARIZ, | § | |
| AND MARCELA CHAVEZ ARMENDARIZ | § | JURY TRIAL |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| FORD MOTOR COMPANY USA, FORD | § | |
| MOTOR COMPANY, SA de CV, MEXICO, | § | |
| and VISTEON DE MEXICO, S. DE R.L. | § | |

## DECLARATION OF GERARDO BALDERAS
## BRIDGESTONE/FIRESTONE de MEXICO, S.A. de C.V.

1.    My name is Gerardo Balderas.  I am over the age of 18 years old, of sound mind and fully competent to make this Declaration.  I have personal knowledge of the facts stated herein.  The facts stated herein are true and correct based upon my personal knowledge.

2.    My position with Bridgestone/Firestone de Mexico, S.A. de C.V. ("Firestone Mexico") is its in-house general counsel.  I am familiar with its corporate structure and its business operations due to my position with the company and my participation in daily corporate activities.

3.    The facts stated within this Affidavit are applicable to the time period from January 1, 1998 to the present and is referred to as the "relevant time period."

4.    Firestone Mexico is a Mexican corporation organized and doing business under the laws of Mexico with its principal place of business in Mexico City, Mexico.

5.  Firestone Mexico's primary business is manufacturing and selling tires in Mexico, and Firestone Mexico maintains its business operations in Mexico.

6.  Firestone Mexico is a separate corporate entity from Bridgestone/Firestone North American Tire, L.L.C. and Bridgestone Corporation, and is separately and adequately capitalized.

7.  Firestone Mexico has its own board of directors and does not share a common board with Bridgestone/Firestone North American Tire, L.L.C. or Bridgestone Corporation.

8.  Firestone Mexico has its own management which functions in the best interests of Firestone Mexico.

9.  Firestone Mexico maintains separate books and accounts, and files its own tax returns in Mexico.

10. Firestone Mexico did not and does not have any tire manufacturing facilities in Texas.

11. Firestone Mexico sells a vast majority of the tires it manufactures in Mexico through its authorized dealers as replacement tires in Mexico and to Mexico vehicle manufacturers. Although the exact percentages have varied during the relevant time period, these sales account for approximately 85% to 90% of all tires manufactured by Firestone Mexico.

12. During the relevant time period, Firestone Mexico intermittently sold a small percentage of tires it manufactured, 10% to 15%, to Bridgestone/Firestone, Inc. and its successor company, Bridgestone/Firestone North American Tire, L.L.C. Firestone Mexico had no control as to whom Bridgestone/Firestone, Inc. and its successor company, Bridgestone/Firestone North American Tire, L.L.C. sold these tires.

13. Firestone Mexico does not have any tire warranty or tire service facilities within Texas through independent contractors.

14. Firestone Mexico does not have any subsidiaries.

15. It is represented in Plaintiffs' First Amended Original Petition the alleged accident tire is a Wilderness AT which came as equipment on a 2000 Ford Expedition purchased by Plaintiff Juan Jose Chavez de Leon from Visteon de Mexico, S. de R.L. in Miguel Hidalgo, Mexico. Assuming the Wilderness AT accident tire was original equipment on a 2000 Ford Expedition final assembled in Mexico, it is highly likely the Wilderness AT accident tire was manufactured by Bridgestone/Firestone de Mexico, S.A. de C.V. The DOT number for the Wilderness AT accident tire would positively identify the accident tire's manufacturer. Therefore, if the DOT number for the Wilderness AT accident tire is subsequently provided, I reserve the right to amend my Declaration.

16.    I declare under penalty of perjury that the foregoing is true and correct.


GERARDO BALDERAS

# ATTACHMENT 3

**(Plaintiffs' Original Petition)**

CAUSE NO. _XCL·il-4705·Ei_

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS SURVIVING | § | |
| SPOUSE OF MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, DECEASED | § | |
| AND ON BEHALF AND AS INDEPENDENT | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, DECEASED AND ON | § | |
| BEHALF OF ALL PERSONS ENTITLED TO | § | |
| RECOVER FOR THE WRONGFUL DEATH | § | |
| OF MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ; AND AS NEXT FRIEND TO | § | |
| THE MINOR CHILDREN: | § | CAMERON COUNTY, TEXAS |
| JUAN ALEJANDRO CHAVEZ ARMENDARIZ, | § | |
| DAVID ELIAS CHAVEZ ARMENDARIZ, | § | |
| AND MARCELA CHAVEZ ARMENDARIZ | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF | § | |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| GENERAL MOTORS CORPORATION, INC., | § | |
| LUCENT TECHNOLOGIES, INC., | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC., | § | |
| RUDOLPH MILES AND SONS, INC., | § | |
| DICEX INTERNATIONAL, INC., AND | § | |
| CARLOS RAMIREZ VILLANUEVA | § | _4₀₁_ JUDICIAL DISTRICT |



## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

Maria Olivia Vasquez, Individually and as representative of the Estate of Valente

Ibarra Ibarra, Deceased, and as next friend of Olivia Lizeth Ibarra Vazquez and Jesus Alan

---

Ibarra Vasquez, minor children, Margarita Santos Torres, Individually and as representative of the Estate of Jesus Hipolito Davila Paz, Deceased, and as next friend of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, minor children, and Ethna Zuleyma Perez Lara, Individually and as representative of the Estate of Sergio Alberto Zavala Ponce, Deceased, and as next friend of Sergio Alberto Zavala Perez, minor child, Mario Alberto Villagran Trevino, and Evangelina Castro de Villegran, Individually and as representatives of the Estate of Gabriela Villagran Castro, Deceased, and Gricelda Leticia Torres De Juarez, Jose Guadalupe Juarez Lopez, Jessica Juarez and Oscar Juarez, Individually and as Representatives of the Estate of Ivonne Juarez, Deceased, collectively referred to as the Plaintiffs, file their Plaintiffs' First Amended Petition complaining of Bridgestone/Firestone Tire, Inc. and Bridgestone/Firestone de Mexico S.A. (Defendants Firestone), Defendant Bridgestone Corporation of Japan (Defendant Bridgestone), General Motors Corporation (Defendant General Motors or GMC), Lucent Technologies, Inc., Lucent Technologies Maquiladoras, Inc.(Defendants Lucent), Rudolph Miles and Sons, Inc. (Defendant Miles), Dicex International, Inc. (Defendant Dicex), and Carlos Ramirez Villanueva (Defendant Ramirez), hereinafter collectively referred to as Defendants. Plaintiffs show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 2 pursuant to Texas Rule of Civil Procedure 190.3. Plaintiffs reserve the right to seek an order from this Court to allow

Plaintiffs to conduct discovery under Level 3, if the parties agree to this designation or circumstances warrant it.

## II. PARTIES TO THIS LITIGATION

### A.    Plaintiffs

1. Plaintiff MARIA OLIVIA VASQUEZ is an individual and citizen of Mexico who is the legal spouse of Valente Ibarra Ibarra, deceased, and the natural mother of OLIVIA LIZETH IBARRA VASQUEZ and JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2. Plaintiff MARGARITA SANTOS TORRES is an individual and citizen of Mexico who is the legal spouse of Jesus Hipolito Davila Paz, deceased, and the natural mother of JESUS OCTAVIO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, and VALERIA NAYEL DAVILA SANTOS, minor children of the marriage.

3. Plaintiff ETHNA ZULEYMA PEREZ LARA is an individual and citizen of Mexico who is the legal spouse of Sergio Alberto Zavala Ponce, deceased, and the natural mother of SERGIO ALBERTO ZAVALA PEREZ, a minor child of the marriage.

4. Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA CASTRO DE VILLAGRAN are individuals and citizens of Mexico who are the natural parents of Gabriela Villagran Castro, deceased.

5. Plaintiffs JOSE GUADALUPE JUAREZ LOPEZ and GRICELDA LETICIA

TORRES DE JUAREZ are individuals and citizens of Mexico who are the natural parents of Ivonne Juarez, deceased, and JESSICA JUAREZ and OSCAR JUAREZ are individuals who are the natural brother and sister of Ivonne Juarez, deceased.

### B.    Defendants

6.    Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is a corporation incorporated under the laws of the State of Ohio, and is authorized to do business and is doing business throughout the State of Texas. Defendant Firestone has declared its principal place of business to be Orange, Texas, Orange County. Defendant Firestone may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested. No Service is being requested at this time.

7.    Defendant BRIDGESTONE/FIRESTONE DE MEXICO S.A. (also referred to as Defendant Firestone since Defendant Bridgestone/Firestone, Inc. designs the tire and provides the design to Firestone de Mexico for manufacture) is a branch of Defendant Bridgestone/Firestone, Inc.. Defendant Bridgestone/Firestone de Mexico S.A. may be served by registered mail containing a true and correct coy of this Plaintiffs' First Amended Petition to its Chairman, C.E.O., President at Darwin 74, COL. Anzures del, M. Hidalgo, Apartado Postal 53-1000, 11590 Mexico D.F. Mexico. No Service is being requested at this time.

8.    Defendant BRIDGESTONE CORPORATION of Japan (Defendant Bridgestone) is a Japanese corporation or business association. Defendant Bridgestone does business

throughout the State of Texas, but does not maintain a registered agent for service of process in Texas. Defendant Bridgestone may be served by registered mail containing a true and correct copy of this Plaintiffs' Original Petition to its President, Chairman, and C.E.O., Yoichiro Kaizaki, or his designated successor, Shigeo Watanabe, or any other corporate officer, pursuant to the manner provided by Japanese law for service of documents in domestic actions on persons within its territory, at Bridgestone Corporation, 10-1 Kyobashi 1-Chome, Chuo-Ku, Tokyo 104-8340, Japan. No Service is being requested at this time.

Defendants Bridgestone and Firestone are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the three corporations will be collectively referred to as Defendants Bridgestone/Firestone.

9.   Defendant GENERAL MOTORS CORPORATION (Defendant GMC) is a corporation organized and existing under the laws of Delaware, and is authorized to conduct business in Texas and is doing business throughout the State of Texas. It may be served with process by serving its registered agent for service of process, C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201. No Service is being requested at this time.

10.   Defendant LUCENT TECHNOLOGIES, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business throughout the State of Texas, including, but not limited to Brownsville, Texas. With regard to the decedents, Defendant Lucent was coordinating and conducting business

activities in McAllen, Texas, Brownsville, Texas. and Laredo, Texas. Defendant Lucent Technologies, Inc. may be served with process by serving its registered agent for service. Prentice Hall Corp. System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested. No Service is being requested at this time.

11.  Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business within the State of Texas. Defendant Lucent Technologies Maquiladoras, Inc. may be served   Defendant Lucent Technologies Maquiladora, Inc. May be served with process by serving its registered agent for service, Prentice Hall Corp. System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested. No Service is being requested at this time.

Defendants Lucent Technologies, Inc. and Lucent Technologies Maquiladoras, Inc. are, for all practical purposes, the same with regard to the incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the two corporations will be collectively referred to as Defendants Lucent.

12.  Defendant RUDOLPH MILES AND SONS, INC. (Defendant Miles) is a corporation organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Miles may be served by registered mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to its registered agent W. Dean Hester, 1100 Chase Tower, 201 E. Main.

El Paso. Texas 79901. No Service is being requested at this time.

13.    Defendant DICEX INTERNATIONAL, INC., (Defendant Dicex) is a corporation organized and existing under the laws of the State of Texas. and is authorized to conduct business within the State of Texas. Defendant Dicex may be served by registered mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to its registered agent Ricardo Peimbert, 14001 Mines Road, Laredo, Texas 78041. No Service is being requested at this time.

14.    Defendant CARLOS RAMIREZ VILLANUEVA is a Mexican citizen who may be served by registed mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to his official address at Corona Boreal No. 3744, Col. Ardoledas, Zapopan, Jalisco, Mexico, C.P. 45070.  No Service is being requested at this time.

### III.    VENUE and JURISDICTION

**Venue in Laredo County, Texas is Proper**

15.    Venue is proper in Laredo County, Texas pursuant to Texas Civil Practices and Remedies Code, §§15.001 et seq, including §15.005 and §15.002(a)(3) since Laredo County is the county of Defendant Dicex's principal office in Texas.  Moreover, a portion of the cause of action accrued in Laredo County, Texas.

**This Court Has Subject-Matter Jurisdiction**

16. This Court has subject-matter jurisdiction over these claims pursuant to Texas

Civil Practices and Remedies Code, §71.031. Plaintiffs meet all requirements of §71.031; as such, they have a right to be before this Court. *Dubai Petroleum v. Kazi*, 12 S.W.3d 71 (Tex. 2000); *Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252 (Tex. App. – San Antonio 1999, pet. denied); *Toubaniaris v. American Bureau of Shipping, et al*, 981 S.W.2d 858 (Tex. App. -- Houston [1st Dist.] 1998, pet. denied).

17. Moreover, The International Covenant on Civil and Political Rights supports the filing of this case in this Court. The Covenant was adopted by the United States on September 8, 1992. The Covenant expressly supports the Plaintiffs' choice of filing in Laredo County, Texas.

## This Court Has Personal Jurisdiction Over Defendant Bridgestone Corporation

18. Personal jurisdiction exists as to Defendant Bridgestone in that it maintains continuous and systematic contacts with the State of Texas through its tire business and through its publicly traded stock.

19. Defendant Bridgestone conducts business in the State of Texas on a daily basis as its stock is bought or sold. There is no stock with regard to Firestone (that is, Defendant Bridgestone/Firestone or Defendant Bridgestone/Firestone de Mexico); rather, all publicly traded stock is Defendant Bridgestone's.

20. Defendant Bridgestone/Firestone, Inc. (Defendant Firestone) is the wholly owned subsidiary Defendant Bridgestone, and Defendant Bridgestone/Firestone de Mexico is a unit of Defendant Bridgestone/Firestone, Inc.. There is an intermingling of directors, employees

and officers with regard to Bridgestone/Firestone, Inc. and Bridgestone Corporation of Japan. Also, Defendant Firestone manufactures tires in the United State of America under the "Bridgestone" name, and conversely, Defendant Bridgestone manufactures tires under the "Firestone" brand at its Hofu plant in Yamaguchi prefecture, Japan. Additionally, Defendant Bridgestone maintains a world wide website wherein it claims that the "Bridgestone" and "Firestone" brands "herald the company's (Defendant Bridgestone's) strong presence in tire markets worldwide," claims to utilize a "multi-brand" strategy, concentrating on both the "Bridgestone" and "Firestone" brands; claims that Bridgestone of Japan supplies original equipment tires to automobile manufacturers in North America; identifies Bridgestone/Firestone tire manufacturing facilities in the United States as "Bridgestone" plants", identifies the Bridgestone/Firestone stores in the United States as "company-owned" stores and makes numerous other references which blend the two companies. Moreover, Defendant Bridgestone's annual reports blend the two companies, the two companies' resources, and the two companies' finances.

Clearly, Defendant Bridgestone and Defendant Firestone integrate their resources to achieve a common business purpose. As such, Defendant Bridgestone is liable for the tort obligations of Defendant Firestone incurred in the pursuit of that business purpose. In fact, it is Plaintiffs' belief that Defendant Firestone would be undercapitalized (and underinsured) in relation to the reasonably foreseeable risks of its business operations.

21. Defendants Bridgestone and Firestone are corporate *alter egos*. Defendant

Firestone is operated as a tool or business conduit of its corporate parent, Defendant Bridgestone. Defendant Bridgestone has used Defendant Firestone to perpetuate an actual and/or constructive fraud on the public – including the Plaintiffs – for the direct benefit of Defendant Bridgestone. Defendants Bridgestone and Firestone are united as one. and any separateness, if there ever was, has ceased.

## Personal Jurisdiction Exists As To Defendant Lucent Technologies Maquiladoras

22. There is no issue with regard to this Court's (a Texas State District Court) personal jurisdiction over Defendant Lucent Technologies Maquiladoras, Inc. Plaintiffs had previously filed this action against this Defendant in an Texas State District Court, and this issue was not raised. As such, Defendant Lucent Technologies Maquiladoras, Inc. has judicially admitted that this Court (a Texas state district court) has jurisdiction over it, and it is estopped from taking a contrary position before this Court.

## Notice of Non-Removable Status of Plaintiffs' Cause of Action

23. This case is not removable to any federal court since Plaintiffs are foreign citizens and Defendant Bridgestone is a foreign corporation (Japan) – as such, complete diversity does not exist. Additionally, one defendant is a Mexican citizen and one defendant is a Mexican Corporation; as such, there is no complete diversity.

24. Moreover, two of the Defendants are Texas residents/citizens; as such, this case is not removable. 28 U.S.C.A. §1441(b).

In support of this notice of non-removability, Plaintiffs also rely upon 28 U.S.C.A. §

1332; *Bank of Nova Scotia v. S&W Berisford, Inc.*, 753 F. Supp. 237 (N.D. Ill. 1990).

*Faysound Limited v. United Coconut Chemicals, Inc.*, 878 F.2d 290 (9th Cir. 1999);

*Corporacion Venezolana v. Vintero Sales Corporation v. Venezolana De Cruceros Del*

*Caribe*, 629 F.2d 786 (2nd Cir. 1980); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295 (5th

Cir. 1985), and other pertinent case law.

## IV. BASIS FOR SUIT

25. This suit is brought against the Defendants pursuant to the provisions of the Texas

Wrongful Death and Survival Statutes, Chapter 71 of the Texas Civil Practices & Remedies

Code, wherein the Plaintiffs, as statutory beneficiaries of the decedents are entitled to bring

suit on behalf of all persons entitled to be benefitted by this action. TEX.CIV.PRAC. & REM.

CODE §§ 71.001, 71.002, 71.004, AND 71.021.

26. Plaintiffs have an undisputed right to file their cause of action in this Court. The

Texas Legislature has specifically ordained a foreign citizen's right to file a civil lawsuit in

Texas with regard to an accident or injury outside of the State of Texas. TEX.CIV.PRAC.&

REM. CODE ANN. §71.031. Plaintiffs are Mexican citizens and the incident occurred outside

of the State of Texas. Plaintiffs are properly before this Court.

## V. BACKGROUND FACTS

27. This lawsuit results from a one-car accident that occurred on August 12, 1999,

in Cadereyta, Nuevo Leon, Mexico. At the time of the accident, the decedents, Sergio

Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra,

and Ivonne Juarez, were passengers in a 1996 GMC Chevrolet Suburban 2500 with a defective FR 480 Bridgestone/Firestone tire. Defendant Ramirez was the driver of the GMC Suburban.

28.    Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, the Decedents, were being driven home from a one day seminar/training session with Defendants Lucent when the right rear Bridgestone/Firestone tire on the 1996 Chevrolet Suburban delaminated, causing the vehicle to lose control, roll over numerous times, and fatally injure them.

29.    The decedents had previously traveled in the GMC Suburban for work, as Lucent employees, in McAllen, Texas, Brownsville, Texas, and Laredo, Texas. Also, some of the decedents had traveled to other United States' locations for work with Defendants Lucent. On the day of the accident, the decedents had attended a Lucent seminar, as required by Lucent, at the Lucent Matamoros Brownsville facility.

## VI.  BRIDGESTONE AND FIRESTONE'S RESPONSIBILITY

30.    Plaintiffs assert claims against Defendants Bridgestone and Firestone on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the tire's properties.

31.    Defendants Bridgestone and Firestone are engaged in the business of engineering.

designing, manufacturing, fabricating, selling, marketing, providing quality control, and inspecting the FR 480 tire.   The right rear tire on the 1996 GMC Chevrolet Suburban that delaminated was defectively and improperly designed.   The tire may also have been defectively manufactured by Defendant Bridgestone/Firestone de Mexico.  No adequate quality control was exercised by Defendants Bridgestone/Firestone with regard to this tire.

32.  The FR 480 tire was defective at the time it was released into the stream of commerce. The tire's dangerous condition rendered it unreasonably dangerous in that it was defectively designed, defectively manufactured, defective in materials, inadequately inspected, and in a defective condition when it was released into the stream of commerce. These conditions were all a producing cause of the injuries and damages of the Plaintiffs.

33.  Defendants Bridgestone and Firestone expressly and impliedly warranted to the public generally that the FR 480 P235/75R15 tire installed on the 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

34.  Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages  as a proximate result of Defendants Bridgestone's and Firestone's breach of these warranties.

35.  The representations made by Defendants Bridgestone and Firestone were false, misleading, and deceptive. and violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.   Defendants

Bridgestone and Firestone violations of the DTPA include their unconscionable actions or course of actions.

36. Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VI. GENERAL MOTORS' RESPONSIBILITY

37. Plaintiffs assert claims against Defendant General Motors on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the Chevrolet Suburban's properties.

38. Defendant General Motors is engaged in the business of engineering, developing, researching, designing, manufacturing, assembling, fabricating, selling, marketing, inspecting, providing quality control, and testing the Chevrolet Suburban. The right rear tire on the 1996 Chevrolet Suburban delaminated, and this tire was designated by General Motors as an appropriate tire for its vehicle when the tire was not an appropriate choice. No adequate testing and quality control was exercised by Defendant General Motors with regard to its vehicle and its choice of tire.

39. The vehicle was defective and unreasonably dangerous, as these terms are defined by law, and such condition of the vehicle was a producing cause of the incident which caused the Decedents' deaths and their relatives' injuries. The vehicle was defective at the time it

was released into the stream of commerce.

40. Defendant GMC expressly and impliedly warranted to the public generally that its 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

41. Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant GMC's breach of these warranties.

42. The representations made by Defendant GMC were false, misleading, and deceptive, and violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA. Defendant GMC's violations of the DTPA include its unconscionable actions or course of actions.

43. Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

44. The GMC Suburban was substantially manufactured in the United States with only a small percentage of the vehicle originating from Mexico for final assembly by GMC in Silao, Mexico (GMC Mexico). GMC Mexico is a wholly owned subsidiary of Defendant GMC, and Defendant GMC participates in and controls the business activities of GMC Mexico, including design of products, manufacture of products, manufacture of component parts of products, safety recalls, and other aspects of corporate management.

As such, GMC Mexico acts pursuant to the direction and control of Defendant

GMC. The corporate formalities separating these two (2) corporations are not correctly adhered to, and the corporate veil is appropriately pierced, and the legal rule of alter ego applies. Additionally, and/or in alternatively, Plaintiffs would show that these two corporations conduct business as a single business enterprise. Additionally, and/or alternatively, Plaintiffs would show that these two corporations are engaged in a joint enterprise. These two companies will be collectively referred to as GMC.

## VII. MILES' AND DICEX'S RESPONSIBILITY

45. Plaintiffs would show that Defendant Miles and Defendant Dicex were sellers of the GMC vehicle made the subject of this suit. As brokers, Defendant Miles and Defendant Dicex were engaged in the business of distributing vehicles and/or vehicle component parts into Mexico for a commercial purpose, and introducing the subject vehicle (and/or its component parts) into Mexico's stream of commerce for their and GMC's financial benefit. As stated above, the GMC Suburban vehicle was defective and unreasonably dangerous, and a producing cause of the injuries and deaths suffered by Plaintiffs. Plaintiffs sue Defendants Miles and Dicex as a seller in this product liability action.

## VIII. LUCENTS' RESPONSIBILITY

46. Plaintiffs assert claims against Defendants Lucent by virtue of the acts and omissions of Lucent's managerial employees.

47. Defendants Lucent failed to exercise ordinary and reasonable care in the

supervision and control of its employees, and failed to provide safe transportation to the decedents.

48. Defendants Lucent, through its driver, violated road safety laws; as such, they are liable to Plaintiffs under the doctrine of negligence per se.

49. Defendants Lucent required decedents to be transported in an unsafe vehicle with a defective tire.

50. Defendants Lucent's negligence, negligence per se, and gross negligence were a proximate cause of the horrific injuries to the Decedents and their families.

## IX. RAMIREZ' RESPONSIBILITY

51. Defendant Ramirez was the driver of the GMC Suburban at the time of the incident which lead to Plaintiffs' injuries and/or deaths. Defendant Ramirez was negligent in handling the GMC Suburban, and was driving at an unsafe speed.

52. Defendant Ramirez' negligence and negligence per se were a proximate cause of the horrific injuries to the Decedents and their families.

## X. DAMAGES

53. Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, were tragically killed as a result of all Defendants' misconduct. Each decedent endured conscious physical pain and suffering, emotional distress and mental anguish, fear, the anticipation of death, and death. Their injuries alone

far exceed the jurisdictional limits of this Court.

54.    Additionally, each estate has incurred funeral and burial expenses.

55.    Also, the wrongful death beneficiaries have suffered mental anguish and emotional distress, loss of society, loss of companionship, loss of financial support, loss of the decedents' estate, loss of consortium, loss of parental guidance, loss of earning capacity, medical expenses, and burial expenses.

56.  Plaintiffs also seek punitive damages for the Defendants' malicious conduct and gross neglect.  Moreover, Plaintiffs seek prejudgment interest, postjudgment interest, their attorneys' fees and expenses, and costs of Court.

57.  Lastly, Plaintiffs request a jury trial and assert that all conditions precedent have occurred or been performed.

**PLAINTIFFS REQUEST A TRIAL BY JURY.**

Benigno (Trey) Martinez
State Bar No. 00797011

MARTINEZ , BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
Phone (956) 546-7159
Fax   (956) 544-0602

ATTORNEYS FOR PLAINTIFFS

RECEIVED

JAN 13 2003

LAW DEPT

**Service of Process Transmittal Form**
Dallas, Texas

01/10/2003

TO: Amy Breckenridge
Bridgestone/Firestone, Inc.
Law Department
1200 Firestone Parkway
Akron, OH 44317

Phone: (330) 379-4437 ex:
FAX: (330) 379-4064
EMAIL: BRECKENRIDGE@BFUSA.COM

2-3-03
633109
Must 6/18/30 2

RE: **PROCESS SERVED IN TEXAS**

FOR Bridgestone/Firestone, Inc. Domestic State: Oh

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Juan Jose Chavez de Leon, Ind. etc et al vs Bridgestone/Firestone, Inc. et al |
| 2. DOCUMENT(S) SERVED: | Citation, Original Petition |
| 3. COURT: | 404th JDC, Cameron County<br>Case Number 2002114765G |
| 4. NATURE OF ACTION: | Alleges the FR480 tires on the 1996 GMC Chevrolet Suburban 2500 delaminated causing the vehicle to roll and fatlly injure occuptants |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Dallas, Texas |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 01/10/2003 at 12:40 |
| 7. APPEARANCE OR ANSWER DUE: | 10:00 a.m. Monday next after expiration of 20 days |
| 8. ATTORNEY(S): | Martinez Barrera Y Martinez LLP<br>1201 East Van Buren<br>Brownsville, TX 78520 |
| 9. REMARKS: | According to the records of our office our services have been discontinued in this state.<br>i-Note sent 01/10/2003 to BRECKENRIDGE@BFUSA.COM |

SIGNED CT Corporation System

PER Barbara Ann Pfister
ADDRESS 350 North St. Paul Street
Dallas, TX 75201
SOP WS 0005059471

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2002-11-004765-G

**COPY**



THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BRIDGESTONE/FIRESTONE, INC.
    REG. AGENT: C T CORP SYSTEM
    350 N ST PAUL
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on NOVEMBER 27, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004765-G.

The style of the case is:

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING
VS.
BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

Said petition was filed in said court by _____HON. BENIGNO (TREY)_____ (Attorney for _____PLAINTIFF_____ ), whose address is 1201 E. VAN BUREN STREET BROWNSVILLE TX 78520 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of JANUARY , A.D. 2003.

_____AURORA DE LA GARZA_____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____, Deputy



R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock __.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

_____

Sheriff/constable _____ County,

By _____ Deputy

# ATTACHMENT 4

**(Ford's consent letter)**

**Brown | M<sup>c</sup>Carroll**
**L.L.P.**

1111 Bagby, 47th Floor, Houston, Texas 77002-2543
713-529-3110   fax 713-525-6295

Writer's Direct Number:
(713) 525-6290

February 4, 2003

*BY FACSIMILE: (713)615-5985*
Mr. Don Griffin
Vinson & Elkins
2300 First City Tower
1001 Fannin Street
Houston, TX 77002

Re:     Cause No. 2002-11-4765-G; *Juan Jose Chavez De Leon, et al. v. Ford Motor Company, et al.*; In the 404th Judicial District Court of Cameron County, Texas

Dear Mr. Griffin:

Ford Motor Company hereby consents to the removal of the state court action entitled *Juan Jose Chavez De Leon, et al. vs. Ford Motor Company, et al.* Cause No. 2002-11-4765-G in the 404th Judicial District Court of Cameron County, Texas, to the appropriate United States District Court.

Should you have any questions or require additional information, please do not hesitate to contact us.

Very truly yours,

*Evan N. Kramer*

Evan N. Kramer

ENK/sc

HOU:265445.1
37151.94746

Austin · Dallas · Houston · Longview

# ATTACHMENT 5

**(Bridgestone's consent letter)**

### CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION

TELEPHONE (512) 472-8800

POST OFFICE BOX 1148
AUSTIN, TEXAS 78767

FAX (512) 474-1129

300 WEST 6ᵀᴴ STREET, 15ᵀᴴ FLOOR
AUSTIN, TEXAS 78701

February 4, 2003

<u>VIA FACSIMILE: 713/615-5985</u>
Don Griffin
Vinson & Elkins, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas  77002

Re:    Cause No. 2002-11-4765-G; *Juan Jose Chavez De Leon Individually and
as Surviving Spouse of Maria Del Socorro Sanchez Armendariz,
Deceased, et al. vs.Bridgestone/Firestone, inc., Bridgestone, et al.*; In the
404ᵗʰ Judicial District Court of Cameron County, Texas

Dear Mr. Griffin:

This letter will confirm that, subject to and without waiver of its special
appearance, Bridgestone Corporation consents to the removal of the referenced lawsuit
to federal court.

Sincerely,

J.D. Horne

JDH/jan

::ODMA\GRPWISE\CTW.AUS13.PL_Lib2a:117464.1

# EXHIBIT A

**EXHIBIT A**          Index of Matters Being Filed;

**EXHIBIT B**          List of all counsel of record, including addresses, telephone numbers, and parties represented;

**EXHIBIT C**          True and correct copy of pleading asserting causes of action;

**EXHIBIT D**          True and correct copy of answer filed in the state court action;

**EXHIBIT E**          True and correct copy of all executed process; and

**EXHIBIT F**          True and correct copy of the Docket Sheet of the state court action.

# EXHIBIT B

***Counsel for Plaintiffs:***
Antonio Martinez
State Bar No.
Benigno (Trey) Martinez
State Bar No. 00797001
MARTINEZ, BARRERA & MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Telephone:    (956) 546-7159
Facsimile:    (956) 544-0602

***Counsel for Bridgestone/Firestone North
American Tire, L.L.C.***
***(successor to Bridgestone/Firestone, Inc.)***
Knox D. Nunnally
State Bar No. 15141000
Federal I.D. No. 1282
Phillip B. Dye, Jr.
State Bar No. 06311500
Federal I.D. No. 7216
Don C. Griffin
State Bar No. 08456975
Federal I.D. No. 29446
VINSON & ELKINS L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Telephone:    (713) 758-2416
Facsimile:    (713) 615-5220

***Counsel for Ford:***
Evan Kramer
State Bar No. 11704650
BROWN MCCARROLL L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
Telephone:    (713) 529-3110
Facsimile:    (713) 525-6295

***Counsel for Bridgestone Corporation:***
Kenneth J. Ferguson
Mary R. Pawelek
J. D. Horne
CLARK, THOMAS & WINTERS, P.C.
P.O. Box 1148
Austin, Texas 78767
Telephone:    (512) 472-8800
Facsimile:    (512) 474-1129

# EXHIBIT C

# EXHIBIT D

# EXHIBIT E

# EXHIBIT F

RUN DATE 02/06/03
RUN TIME 11:30 AM

*  *  *  C L E R K ' S   E N T R I E S  *  *  *

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

00002806
HON. BENIGNO (TREY) MARTINEZ
1201 E. VAN BUREN STREET
BROWNSVILLE TX                78520 0000

00286810
KNOX D. NUNNALLY
1001 FANNIN
HOUSTON, TEXAS                77002 6760

(01)

WRONGFUL DEATH

02/03/02   DEFT., BRIDGEST
           AMERICAN TIRE
02/03/02   SUCCESSOR TO
           INC'S SPECIAL A
11/27/02   ORIGINAL PETIT
01/07/03   CITATION: BRIDG
           SERVED: 01/
01/07/03   CITATION: BRIDG
           SERVED:
01/07/03   CITATION: BRIDG
           MEXICO
           SERVED:
01/07/03   CITATION: BRID
           JAPAN
           SERVED: 01/
01/07/03   CITATION: GENE
           CORPORATION, IN
           SERVED: 01/
01/07/03   CITATION: LUCEN
           SERVED: 01/
01/07/03   CITATION: LUCEN
           MAQUILADORAS,
01/07/03   CITATION: LUCEN
           SERVED: 01/
01/07/03   CITATION: RUDOI
           SERVED: 01/
01/07/03   CITATION: DICE
           SERVED: 01/1
01/07/03   CITATION: CARLO
           SERVED:
01/14/03   PLTFS' 1ST AMEN
           (IGARCIA)

RUN DATE 02/06/03
RUN TIME 11:30 AM

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

\* \* \* C L E R K ' S   E N T R I E S \* \* \*

00002806                                              (01)
HON. BENIGNO (TREY) MARTINEZ
1201 E. VAN BUREN STREET
BROWNSVILLE TX          78520 0000

00286810                                     WRONGFUL DEATH
KNOX D. NUNNALLY
1001 FANNIN
HOUSTON, TEXAS          77002 6760

| Date | Entry |
|---|---|
| 01/14/03 | CITATION: BRIDG |
| 01/14/03 | SERVED: 01/2 |
| 01/14/03 | CITATION: BRIDG |
| 01/14/03 | CITATION: BRIDG |
| | MEXICO |
| 01/14/03 | SERVED: |
| 01/14/03 | CITATION: BRIDG |
| | JAPAN |
| 01/14/03 | SERVED: |
| 01/14/03 | CITATION: FORD |
| 01/14/03 | SERVED: 01/2 |
| 01/14/03 | CITATION: FORD |
| 01/14/03 | SERVED: |
| 01/14/03 | CITATION: VISTE |
| 01/14/03 | SERVED: |
| 02/03/03 | FIRESTONE'S NO |
| 02/03/03 | FIRESTONE'S NO |
| | VICE(IGARCIA) |
| 02/03/03 | RULE 11 PRE |
| | ASSIGNMENT FOR |
| 02/03/03 | RULE 11 PRE |
| 02/03/03 | COORDINATION(IC |
| 02/03/03 | RULE 11 PRE |
| 02/03/03 | COORDINATION(IC |
| 02/03/03 | ORIGINAL ANSWER |
| | BRIDGESTONE/FIR |
| 02/03/03 | JURY FEE: Pd. |
| 02/03/03 | MTN TO TRANS |
| 02/03/03 | DISMISS ON GROU |
| | NON CONVENIE |
| 02/03/03 | AND JURY DEMAN |

RUN DATE 02/06/03
RUN TIME 11:30 AM

* * * * C L E R K ' S   E N T R I E S * * * *

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

00002806
HON. BENIGNO (TREY) MARTINEZ
1201 E. VAN BUREN STREET
BROWNSVILLE TX        78520 0000

(01)

WRONGFUL DEATH

00286810
KNOX D. NUNNALLY
1001 FANNIN
HOUSTON, TEXAS        77002 6760

02/04/03  FIRESTONE'S NO
          VICE (IGARCIA)
02/04/03  FIRESTONE'S NO
          ASSIGNMENT FOR

CERTIFIED COPY

CAUSE NO. _200211-4765-6_

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS SURVIVING | § | |
| SPOUSE OF MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, DECEASED | § | |
| AND ON BEHALF AND AS INDEPENDENT | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, DECEASED AND ON | § | |
| BEHALF OF ALL PERSONS ENTITLED TO | § | |
| RECOVER FOR THE WRONGFUL DEATH | § | |
| OF MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ; AND AS NEXT FRIEND TO | § | |
| THE MINOR CHILDREN: | § | CAMERON COUNTY, TEXAS |
| JUAN ALEJANDRO CHAVEZ ARMENDARIZ, | § | |
| DAVID ELIAS CHAVEZ ARMENDARIZ, | § | |
| AND MARCELA CHAVEZ ARMENDARIZ | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF | § | |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| GENERAL MOTORS CORPORATION, INC., | § | |
| LUCENT TECHNOLOGIES, INC., | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC., | § | |
| RUDOLPH MILES AND SONS, INC., | § | |
| DICEX INTERNATIONAL, INC., AND | § | |
| CARLOS RAMIREZ VILLANUEVA | § | 404 JUDICIAL DISTRICT |

FILED _12_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK
NOV 27 2002
_Jessica Alvear_

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Maria Olivia Vasquez, Individually and as representative of the Estate of Valente

Ibarra Ibarra, Deceased, and as next friend of Olivia Lizeth Ibarra Vazquez and Jesus Alan

CERTIFIED COPY

Ibarra Vasquez, minor children, Margarita Santos Torres, Individually and as representative

of the Estate of Jesus Hipolito Davila Paz, Deceased, and as next friend of Jesus Octavio

Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria

Nayel Davila Santos, minor children, and Ethna Zuleyma Perez Lara, Individually and as

representative of the Estate of Sergio Alberto Zavala Ponce, Deceased, and as next friend of

Sergio Alberto Zavala Perez, minor child, Mario Alberto Villagran Trevino, and Evangelina

Castro de Villegran, Individually and as representatives of the Estate of Gabriela Villagran

Castro, Deceased, and Gricelda Leticia Torres De Juarez, Jose Guadalupe Juarez Lopez,

Jessica Juarez and Oscar Juarez, Individually and as Representatives of the Estate of Ivonne

Juarez, Deceased, collectively referred to as the Plaintiffs, file their Plaintiffs' First Amended

Petition complaining of Bridgestone/Firestone Tire, Inc. and Bridgestone/Firestone de

Mexico S.A. (Defendants Firestone), Defendant Bridgestone Corporation of Japan

(Defendant Bridgestone), General Motors Corporation (Defendant General Motors or GMC),

Lucent Technologies, Inc., Lucent Technologies Maquiladoras, Inc.(Defendants Lucent),

Rudolph Miles and Sons, Inc. (Defendant Miles), Dicex International, Inc. (Defendant

Dicex), and Carlos Ramirez Villanueva (Defendant Ramirez), hereinafter collectively

referred to as Defendants. Plaintiffs show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 2 pursuant to Texas Rule of Civil

Procedure 190.3. Plaintiffs reserve the right to seek an order from this Court to allow

CERTIFIED COPY

Plaintiffs to conduct discovery under Level 3, if the parties agree to this designation or circumstances warrant it.

## II. PARTIES TO THIS LITIGATION

### A.    Plaintiffs

1. Plaintiff MARIA OLIVIA VASQUEZ is an individual and citizen of Mexico who is the legal spouse of Valente Ibarra Ibarra, deceased, and the natural mother of OLIVIA LIZETH IBARRA VASQUEZ and JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2. Plaintiff MARGARITA SANTOS TORRES is an individual and citizen of Mexico who is the legal spouse of Jesus Hipolito Davila Paz, deceased, and the natural mother of JESUS OCTAVIO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, and VALERIA NAYEL DAVILA SANTOS, minor children of the marriage.

3. Plaintiff ETHNA ZULEYMA PEREZ LARA is an individual and citizen of Mexico who is the legal spouse of Sergio Alberto Zavala Ponce, deceased, and the natural mother of SERGIO ALBERTO ZAVALA PEREZ, a minor child of the marriage.

4. Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA CASTRO DE VILLAGRAN are individuals and citizens of Mexico who are the natural parents of Gabriela Villagran Castro, deceased.

5. Plaintiffs JOSE GUADALUPE JUAREZ LOPEZ and GRICELDA LETICIA

---

CERTIFIED COPY

TORRES DE JUAREZ are individuals and citizens of Mexico who are the natural parents

of Ivonne Juarez, deceased, and JESSICA JUAREZ and OSCAR JUAREZ are individuals

who are the natural brother and sister of Ivonne Juarez, deceased.

**B.    Defendants**

6.    Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is a

corporation incorporated under the laws of the State of Ohio, and is authorized to do business

and is doing business throughout the State of Texas. Defendant Firestone has declared its

principal place of business to be Orange, Texas, Orange County. Defendant Firestone may

be served with process by serving its registered agent for service, C.T. Corp. System, 350 N.

St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested. No Service is being

requested at this time.

7. Defendant BRIDGESTONE/FIRESTONE DE MEXICO S.A. (also referred to as

Defendant Firestone since Defendant Bridgestone/Firestone, Inc. designs the tire and

provides the design to Firestone de Mexico for manufacture) is a branch of Defendant

Bridgestone/Firestone, Inc.. Defendant Bridgestone/Firestone de Mexico S.A. may be served

by registered mail containing a true and correct coy of this Plaintiffs' First Amended Petition

to its Chairman, C.E.O., President at Darwin 74, COL. Anzures del, M. Hidalgo, Apartado

Postal 53-1000, 11590 Mexico D.F. Mexico. No Service is being requested at this time.

8. Defendant BRIDGESTONE CORPORATION of Japan (Defendant Bridgestone)

is a Japanese corporation or business association. Defendant Bridgestone does business

---

CERTIFIED COPY

throughout the State of Texas, but does not maintain a registered agent for service of process in Texas. Defendant Bridgestone may be served by registered mail containing a true and correct copy of this Plaintiffs' Original Petition to its President, Chairman, and C.E.O., Yoichiro Kaizaki, or his designated successor, Shigeo Watanabe, or any other corporate officer, pursuant to the manner provided by Japanese law for service of documents in domestic actions on persons within its territory, at Bridgestone Corporation, 10-1 Kyobashi 1-Chome, Chūo-Ku, Tokyo 104-8340, Japan. No Service is being requested at this time.

Defendants Bridgestone and Firestone are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the three corporations will be collectively referred to as Defendants Bridgestone/Firestone.

9. Defendant GENERAL MOTORS CORPORATION (Defendant GMC) is a corporation organized and existing under the laws of Delaware, and is authorized to conduct business in Texas and is doing business throughout the State of Texas. It may be served with process by serving its registered agent for service of process, C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201. No Service is being requested at this time.

10. Defendant LUCENT TECHNOLOGIES, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business throughout the State of Texas, including, but not limited to Brownsville, Texas. With regard to the decedents, Defendant Lucent was coordinating and conducting business

CERTIFIED COPY

activities in McAllen, Texas, Brownsville, Texas, and Laredo, Texas. Defendant Lucent Technologies, Inc. may be served with process by serving its registered agent for service, Prentice Hall Corp. System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested. No Service is being requested at this time.

11. Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business within the State of Texas. Defendant Lucent Technologies Maquiladoras, Inc. may be served    Defendant Lucent Technologies Maquiladora, Inc. May be served with process by serving its registered agent for service, Prentice Hall Corp. System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested. No Service is being requested at this time.

Defendants Lucent Technologies, Inc. and Lucent Technologies Maquiladoras, Inc. are, for all practical purposes, the same with regard to the incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the two corporations will be collectively referred to as Defendants Lucent.

12. Defendant RUDOLPH MILES AND SONS, INC. (Defendant Miles) is a corporation organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Miles may be served by registered mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to its registered agent W. Dean Hester, 1100 Chase Tower, 201 E. Main,

---

CERTIFIED COPY

El Paso, Texas 79901. No Service is being requested at this time.

13.    Defendant DICEX INTERNATIONAL, INC., (Defendant Dicex) is a corporation organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Dicex may be served by registered mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to its registered agent Ricardo Peimbert, 14001 Mines Road, Laredo, Texas 78041. No Service is being requested at this time.

14. Defendant CARLOS RAMIREZ VILLANUEVA is a Mexican citizen who may be served by registed mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to his official address at Corona Boreal No. 3744, Col. Ardoledas, Zapopan, Jalisco, Mexico, C.P. 45070. No Service is being requested at this time.

## III.    VENUE and JURISDICTION

### Venue in Laredo County, Texas is Proper

15. Venue is proper in Laredo County, Texas pursuant to Texas Civil Practices and Remedies Code, §§15.001 et seq, including §15.005 and §15.002(a)(3) since Laredo County is the county of Defendant Dicex's principal office in Texas. Moreover, a portion of the cause of action accrued in Laredo County, Texas.

### This Court Has Subject-Matter Jurisdiction

16. This Court has subject-matter jurisdiction over these claims pursuant to Texas

**CERTIFIED COPY**

Civil Practices and Remedies Code, §71.031. Plaintiffs meet all requirements of §71.031; as such, they have a right to be before this Court. *Dubai Petroleum v. Kazi*, 12 S.W.3d 71 (Tex. 2000); *Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252 (Tex. App. – San Antonio 1999, pet. denied); *Toubaniaris v. American Bureau of Shipping, et al*, 981 S.W.2d 858 (Tex. App. -- Houston [1st Dist.] 1998, pet. denied).

17. Moreover, The International Covenant on Civil and Political Rights supports the filing of this case in this Court. The Covenant was adopted by the United States on September 8, 1992. The Covenant expressly supports the Plaintiffs' choice of filing in Laredo County, Texas.

**This Court Has Personal Jurisdiction Over Defendant Bridgestone Corporation**

18. Personal jurisdiction exists as to Defendant Bridgestone in that it maintains continuous and systematic contacts with the State of Texas through its tire business and through its publicly traded stock.

19. Defendant Bridgestone conducts business in the State of Texas on a daily basis as its stock is bought or sold. There is no stock with regard to Firestone (that is, Defendant Bridgestone/Firestone or Defendant Bridgestone/Firestone de Mexico); rather, all publicly traded stock is Defendant Bridgestone's.

20. Defendant Bridgestone/Firestone, Inc. (Defendant Firestone) is the wholly owned subsidiary Defendant Bridgestone, and Defendant Bridgestone/Firestone de Mexico is a unit of Defendant Bridgestone/Firestone, Inc.. There is an intermingling of directors, employees

**CERTIFIED COPY**

and officers with regard to Bridgestone/Firestone, Inc. and Bridgestone Corporation of Japan. Also, Defendant Firestone manufactures tires in the United State of America under the "Bridgestone" name, and conversely, Defendant Bridgestone manufactures tires under the "Firestone" brand at its Hofu plant in Yamaguchi prefecture, Japan. Additionally, Defendant Bridgestone maintains a world wide website wherein it claims that the "Bridgestone" and "Firestone" brands "herald the company's (Defendant Bridgestone's) strong presence in tire markets worldwide," claims to utilize a "multi-brand" strategy, concentrating on both the "Bridgestone" and "Firestone" brands; claims that Bridgestone of Japan supplies original equipment tires to automobile manufacturers in North America; identifies Bridgestone/Firestone tire manufacturing facilities in the United States as "Bridgestone" plants", identifies the Bridgestone/Firestone stores in the United States as "company-owned" stores and makes numerous other references which blend the two companies. Moreover, Defendant Bridgestone's annual reports blend the two companies, the two companies' resources, and the two companies' finances.

Clearly, Defendant Bridgestone and Defendant Firestone integrate their resources to achieve a common business purpose. As such, Defendant Bridgestone is liable for the tort obligations of Defendant Firestone incurred in the pursuit of that business purpose. In fact, it is Plaintiffs' belief that Defendant Firestone would be undercapitalized (and underinsured) in relation to the reasonably foreseeable risks of its business operations.

21. Defendants Bridgestone and Firestone are corporate *alter egos*. Defendant

---



# CERTIFIED COPY

Firestone is operated as a tool or business conduit of its corporate parent, Defendant Bridgestone. Defendant Bridgestone has used Defendant Firestone to perpetuate an actual and/or constructive fraud on the public – including the Plaintiffs – for the direct benefit of Defendant Bridgestone. Defendants Bridgestone and Firestone are united as one, and any separateness, if there ever was, has ceased.

## Personal Jurisdiction Exists As To Defendant Lucent Technologies Maquiladoras

22. There is no issue with regard to this Court's (a Texas State District Court) personal jurisdiction over Defendant Lucent Technologies Maquiladoras, Inc. Plaintiffs had previously filed this action against this Defendant in an Texas State District Court, and this issue was not raised. As such, Defendant Lucent Technologies Maquiladoras, Inc. has judicially admitted that this Court (a Texas state district court) has jurisdiction over it, and it is estopped from taking a contrary position before this Court.

## Notice of Non-Removable Status of Plaintiffs' Cause of Action

23. This case is not removable to any federal court since Plaintiffs are foreign citizens and Defendant Bridgestone is a foreign corporation (Japan) – as such, complete diversity does not exist. Additionally, one defendant is a Mexican citizen and one defendant is a Mexican Corporation; as such, there is no complete diversity.

24. Moreover, two of the Defendants are Texas residents/citizens; as such, this case is not removable. 28 U.S.C.A. §1441(b).

In support of this notice of non-removability, Plaintiffs also rely upon 28 U.S.C.A. §



**CERTIFIED COPY**

1332; *Bank of Nova Scotia v. S&W Berisford, Inc.*, 753 F. Supp. 237 (N.D. Ill. 1990),

*Faysound Limited v. United Coconut Chemicals, Inc.*, 878 F.2d 290 (9th Cir. 1999);

*Corporacion Venezolana v. Vintero Sales Corporation v. Venezolana De Cruceros Del*

*Caribe*, 629 F.2d 786 (2nd Cir. 1980); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295 (5th

Cir. 1985), and other pertinent case law.

## IV. BASIS FOR SUIT

25. This suit is brought against the Defendants pursuant to the provisions of the Texas

Wrongful Death and Survival Statutes, Chapter 71 of the Texas Civil Practices & Remedies

Code, wherein the Plaintiffs, as statutory beneficiaries of the decedents are entitled to bring

suit on behalf of all persons entitled to be benefitted by this action. TEX.CIV.PRAC. & REM.

CODE §§ 71.001, 71.002, 71.004, AND 71.021.

26. Plaintiffs have an undisputed right to file their cause of action in this Court. The

Texas Legislature has specifically ordained a foreign citizen's right to file a civil lawsuit in

Texas with regard to an accident or injury outside of the State of Texas. TEX.CIV.PRAC.&

REM. CODE ANN. §71.031. Plaintiffs are Mexican citizens and the incident occurred outside

of the State of Texas. Plaintiffs are properly before this Court.

## V. BACKGROUND FACTS

27. This lawsuit results from a one-car accident that occurred on August 12, 1999,

in Cadereyta, Nuevo Leon, Mexico. At the time of the accident, the decedents, Sergio

Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra,

## CERTIFIED COPY

and Ivonne Juarez, were passengers in a 1996 GMC Chevrolet Suburban 2500 with a defective FR 480 Bridgestone/Firestone tire. Defendant Ramirez was the driver of the GMC Suburban.

28.    Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, the Decedents, were being driven home from a one day seminar/training session with Defendants Lucent when the right rear Bridgestone/Firestone tire on the 1996 Chevrolet Suburban delaminated, causing the vehicle to lose control, roll over numerous times, and fatally injure them.

29.    The decedents had previously traveled in the GMC Suburban for work, as Lucent employees, in McAllen, Texas, Brownsville, Texas, and Laredo, Texas. Also, some of the decedents had traveled to other United States' locations for work with Defendants Lucent. On the day of the accident, the decedents had attended a Lucent seminar, as required by Lucent, at the Lucent Matamoros Brownsville facility.

## VI.  BRIDGESTONE AND FIRESTONE'S RESPONSIBILITY

30.    Plaintiffs assert claims against Defendants Bridgestone and Firestone on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the tire's properties.

31.    Defendants Bridgestone and Firestone are engaged in the business of engineering,

CERTIFIED COPY

designing, manufacturing, fabricating, selling, marketing, providing quality control, and inspecting the FR 480 tire.  The right rear tire on the 1996 GMC Chevrolet Suburban that delaminated was defectively and improperly designed.  The tire may also have been defectively manufactured by Defendant Bridgestone/Firestone de Mexico.  No adequate quality control was exercised by Defendants Bridgestone/Firestone with regard to this tire.

32.  The FR 480 tire was defective at the time it was released into the stream of commerce.  The tire's dangerous condition rendered it unreasonably dangerous in that it was defectively designed, defectively manufactured, defective in materials, inadequately inspected, and in a defective condition when it was released into the stream of commerce. These conditions were all a producing cause of the injuries and damages of the Plaintiffs.

33.  Defendants Bridgestone and Firestone expressly and impliedly warranted to the public generally that the FR 480 P235/75R15 tire installed on the 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

34.  Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages  as a proximate result of Defendants Bridgestone's and Firestone's breach of these warranties.

35.  The representations made by Defendants Bridgestone and Firestone were false, misleading, and deceptive, and violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.   Defendants

---

CERTIFIED COPY

Bridgestone and Firestone violations of the DTPA include their unconscionable actions or course of actions.

36. Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VI. GENERAL MOTORS' RESPONSIBILITY

37. Plaintiffs assert claims against Defendant General Motors on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the Chevrolet Suburban's properties.

38. Defendant General Motors is engaged in the business of engineering, developing, researching, designing, manufacturing, assembling, fabricating, selling, marketing, inspecting, providing quality control, and testing the Chevrolet Suburban. The right rear tire on the 1996 Chevrolet Suburban delaminated, and this tire was designated by General Motors as an appropriate tire for its vehicle when the tire was not an appropriate choice. No adequate testing and quality control was exercised by Defendant General Motors with regard to its vehicle and its choice of tire.

39. The vehicle was defective and unreasonably dangerous, as these terms are defined by law, and such condition of the vehicle was a producing cause of the incident which caused the Decedents' deaths and their relatives' injuries. The vehicle was defective at the time it

CERTIFIED COPY

was released into the stream of commerce.

40.  Defendant GMC expressly and impliedly warranted to the public generally that its 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

41.  Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant GMC's breach of these warranties.

42.  The representations made by Defendant GMC were false, misleading, and deceptive, and violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.  Defendant GMC's violations of the DTPA include its unconscionable actions or course of actions.

43.  Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

44.  The GMC Suburban was substantially manufactured in the United States with only a small percentage of the vehicle originating from Mexico for final assembly by GMC in Silao, Mexico (GMC Mexico).  GMC Mexico is a wholly owned subsidiary of Defendant GMC, and Defendant GMC participates in and controls the business activities of GMC Mexico, including design of products, manufacture of products, manufacture of component parts of products, safety recalls, and other aspects of corporate management. As such, GMC Mexico acts pursuant to the direction and control of Defendant



CERTIFIED COPY

GMC. The corporate formalities separating these two (2) corporations are not correctly

adhered to, and the corporate veil is appropriately pierced, and the legal rule of alter ego

applies. Additionally, and/or in alternatively, Plaintiffs would show that these two

corporations conduct business as a single business enterprise. Additionally, and/or

alternatively, Plaintiffs would show that these two corporations are engaged in a joint

enterprise. These two companies will be collectively referred to as GMC.

## VII.  MILES' AND DICEX'S RESPONSIBILITY

45.  Plaintiffs would show that Defendant Miles and Defendant Dicex were sellers

of the GMC vehicle made the subject of this suit. As brokers, Defendant Miles and

Defendant Dicex were engaged in the business of distributing vehicles and/or vehicle

component parts into Mexico for a commercial purpose, and introducing the subject

vehicle (and/or its component parts) into Mexico's stream of commerce for their and

GMC's financial benefit. As stated above, the GMC Suburban vehicle was defective and

unreasonably dangerous, and a producing cause of the injuries and deaths suffered by

Plaintiffs. Plaintiffs sue Defendants Miles and Dicex as a seller in this product liability

action.

## VIII. LUCENTS' RESPONSIBILITY

46.  Plaintiffs assert claims against Defendants Lucent by virtue of the acts and

omissions of Lucent's managerial employees.

47.  Defendants Lucent failed to exercise ordinary and reasonable care in the

## CERTIFIED COPY

supervision and control of its employees, and failed to provide safe transportation to the decedents.

48. Defendants Lucent, through its driver, violated road safety laws; as such, they are liable to Plaintiffs under the doctrine of negligence per se.

49. Defendants Lucent required decedents to be transported in an unsafe vehicle with a defective tire.

50. `Defendants Lucent's negligence, negligence per se, and gross negligence were a proximate cause of the horrific injuries to the Decedents and their families.

## IX. RAMIREZ' RESPONSIBILITY

51. Defendant Ramirez was the driver of the GMC Suburban at the time of the incident which lead to Plaintiffs' injuries and/or deaths. Defendant Ramirez was negligent in handling the GMC Suburban, and was driving at an unsafe speed.

52. Defendant Ramirez' negligence and negligence per se were a proximate cause of the horrific injuries to the Decedents and their families.

## X. DAMAGES

53. Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, were tragically killed as a result of all Defendants' misconduct. Each decedent endured conscious physical pain and suffering, emotional distress and mental anguish, fear, the anticipation of death, and death. Their injuries alone

## CERTIFIED COPY

far exceed the jurisdictional limits of this Court.

54.   Additionally, each estate has incurred funeral and burial expenses.

55.   Also, the wrongful death beneficiaries have suffered mental anguish and emotional distress, loss of society, loss of companionship, loss of financial support, loss of the decedents' estate, loss of consortium, loss of parental guidance, loss of earning capacity, medical expenses, and burial expenses.

56.  Plaintiffs also seek punitive damages for the Defendants' malicious conduct and gross neglect.  Moreover, Plaintiffs seek prejudgment interest, postjudgment interest, their attorneys' fees and expenses, and costs of Court.

57.  Lastly, Plaintiffs request a jury trial and assert that all conditions precedent have occurred or been performed.

**PLAINTIFFS REQUEST A TRIAL BY JURY.**

_____
Benigno (Trey) Martinez
State Bar No. 00797011

MARTINEZ , BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
Phone (956) 546-7159
Fax   (956) 544-0602

ATTORNEYS FOR PLAINTIFFS





**CERTIFIED COPY**

CAUSE NO. 2002-11-4765-G

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS SURVIVING | § | |
| SPOUSE OF MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, DECEASED | § | |
| AND ON BEHALF AND AS INDEPENDENT | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, DECEASED AND ON | § | |
| BEHALF OF ALL PERSONS ENTITLED TO | § | |
| RECOVER FOR THE WRONGFUL DEATH | § | |
| OF MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDÀRIZ; AND AS NEXT FRIEND TO | § | |
| THE MINOR CHILDREN, JUAN ALEJANDRO | § | |
| CHAVEZ ARMENDARIZ, DAVID ELIAS | § | |
| CHAVEZ ARMENDARIZ, AND MARCELA | § | |
| CHAVEZ ARMENDARIZ | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| FORD MOTOR COMPANY, USA, FORD | § | |
| MOTOR COMPANY, SA de CV, MEXICO, | § | |
| and VISTEON DE MEXICO, S. DE R.L. | § | 404TH JUDICIAL DISTRICT |

FILED __1:40__ O'CLOCK __P__ M
AURORA DE LA GARZA DIST. CLERK
**JAN 1 4 2003**
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **JUAN JOSE CHAVEZ DE LEON, ET AL.**, Plaintiffs in the above entitled

and numbered cause, complaining of the above- named Defendants, and for cause of action would

respectfully show the court as follows:

I.

## DISCOVERY LEVEL

The Plaintiffs intend discovery in this suit to be conducted under Level 3, pursuant to Rule

---

CERTIFIED COPY 

190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

II.

## JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over these claims pursuant to Texas Civil Practices and Remedies Code, §71.031. Plaintiffs meet all requirements of §71.031; as such, they have a right to be before this Court. *Dubai Petroleum v. Kazi*, 12 S.W.3d 71 (Tex. 2000); *Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252 (Tex. App. – San Antonio 1999, pet. denied); *Toubaniaris v. American Bureau of Shipping, et al*, 981 S.W.2d 858 (Tex. App. -- Houston [1st Dist.] 1998, pet. denied).

Moreover, The International Covenant on Civil and Political Rights supports the filing of this case in this Court. The Covenant was adopted by the United States on September 8, 1992. The Covenant expressly supports the Plaintiffs' choice of filing in Cameron County, Texas.

III.

## PARTIES

### PLAINTIFFS

Plaintiff, Juan Jose Chavez De Leon is the surviving husband Maria Del Socorro Sanchez Almendariz, Deceased, and is a resident of Atizapan De Zaragoza, Mexico. He brings this suit, individually, as an heir and on behalf of the Estate of Maria Del Socorro Sanchez Almendariz, Deceased, and on behalf of himself and all persons entitled to recover for the wrongful death of Maria Del Socorro Sanchez Almendariz. His claims are, in part, brought pursuant to the Texas Wrongful Death and Survival Statutes, the Texas Constitution and the common law.

 **CERTIFIED COPY**

Plaintiffs, Juan Alejandro Chavez Armendariz, David Elias Chavez Armendariz, and Marcela Chavez Armendariz, are the surviving children of Maria Del Socorro Sanchez Almendariz. They bring this suit individually, as heirs of the Estate of Maria Del Socorro Sanchez Almendariz and as beneficiaries under the Wrongful Death Statute of Texas. Their claims are, in part, brought pursuant to the Texas Wrongful Death and Survival Statutes, the Texas Constitution and the common law.

All Plaintiffs are residents of Mexico. Plaintiffs include all of the heirs of Decedent Maria Del Socorro Sanchez Almendariz.

Maria Del Socorro Sanchez Almendariz was born on August 21, 1966 and died on December 7, 2000, from injuries she sustained in a vehicular crash involving a vehicle equipped with Firestone tires. Juan Jose Chavez De Leon has or will be appointed Independent Administrator of the Estate of Maria Del Socorro Sanchez Almendariz, Deceased, in probate proceedings pending in Cameron County, Texas.

<u>DEFENDANTS</u>

**a.    Defendants**

Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is a corporation incorporated under the laws of the State of Ohio, and is authorized to do business and is doing business throughout the State of Texas. Defendant Firestone has declared its principal place of business to be Orange, Texas, Orange County. Defendant Firestone may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested.

 **CERTIFIED COPY**

Defendant BRIDGESTONE/FIRESTONE DE MEXICO S.A. (also referred to as Defendant Firestone since Defendant Bridgestone/Firestone, Inc. designs the tire and provides the design to Firestone de Mexico for manufacture) is a branch of Defendant Bridgestone/Firestone, Inc.. Defendant Bridgestone/Firestone de Mexico S.A. may be served by registered mail containing a true and correct coy of this Plaintiffs' First Amended Petition to its Chairman, C.E.O., President at Darwin 74, COL. Anzures del, M. Hidalgo, Apartado Postal 53-1000, 11590 Mexico D.F. Mexico.

Defendant BRIDGESTONE CORPORATION of Japan (Defendant Bridgestone) is a Japanese corporation or business association. Defendant Bridgestone does business throughout the State of Texas, but does not maintain a registered agent for service of process in Texas. Defendant Bridgestone may be served by registered mail containing a true and correct copy of this Plaintiffs' First Amended Original Petition to its President, Chairman, and C.E.O., Yoichiro Kaizaki, or his designated successor, Shigeo Watanabe, or any other corporate officer, pursuant to the manner provided by Japanese law for service of documents in domestic actions on persons within its territory, at Bridgestone Corporation, 10-1 Kyobashi 1-Chome, Chuo-Ku, Tokyo 104-8340, Japan.

Defendants Bridgestone and Firestone are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the three corporations will be collectively referred to as Defendants Bridgestone/Firestone.

**CERTIFIED COPY**

Defendant FORD MOTOR COMPANY ("FORD") is a Delaware corporation with its principal place of business in Dearborne, Michigan. Ford is organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Ford may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested.

Defendant FORD MOTOR COMPANY, SA de CV, is a Mexican corporation with its principal place of business in Veracruz, Veracruz, Mexico. This Defendant is a branch of Ford Motor Company, USA. Defendant Ford Motor Company, SA de CV may be served by registered mail containing a true and correct coy of this Plaintiffs' First Amended Original Petition to its Chairman, C.E.O., President, or Vice-President at Av. La Fragua 2100, C.P. 91910, Veracruz, Veracruz Mexico.

Defendant VISTEON DE MEXICO, S. DE R.L., is a Mexican corporation/business with its principal place of business in Miguel Hidalgo, Mexico, D.F. . This Defendant sold the Ford Expedition and the parts involved herein. Defendant Visteon de Mexico, S de R.L., may be served by registered mail containing a true and correct copy of this Plaintiff's First Amended Original Petition to its Chairman, C.E.O., President, Vice-President or Registered Agent at Sierra Candela No. 111, Office 306, Lomas de Chapultepec, Miguel Hidalgo 1100, Mexico, D.F.

IV.

---

**CERTIFIED COPY** 

## FACTS

Juan Jose Chavez De Leon was an employee of PEMEX in Mexico. He received/purchased a 2000 Expedition 14KYT Ford, 4-door sport utility vehicle, VIN#1FMRU1568LA53798. This vehicle and its component parts, including the Bridgestone/Firestone tires, were purchased from Visteon De Mexico, S. De R.L., Sierra Candela No. 111, Office 306, Lomas De Chapultepec, Miguel Hidalgo, Mexico.

On or about December 7, 2000 at approximately 5:00 in the evening Maria Del Socorro Sanchez Armendariz was driving this Expedition 14KYT Ford with Firestone tires. As she approached an overpass, the Widerness AT right hand side tire detreaded, causing her to lose control of the vehicle, going off the overpass and plunging to the ground below. Mrs. Chavez sustained a cervical fracture resulting in her death.

## V.

## STRICT PRODUCTS LIABILITY

The 2000 Expedition 14KYT Ford and its component parts, including the tires, were defective and unreasonably dangerous by reason of defective design, manufacture, marketing and the failure of Defendants to give adequate and proper warnings and instructions, which defective and unreasonable risk of harm and were a producing cause of the death of Maria Del Socorro Sanchez Armendariz. The dangerous condition/defect(s) included or involved the tires and vehicle steering/instability under conditions such as those involved in this incident. Since the Defendants are in the business of designing, manufacturing, selling and/or marketing the products and component parts in question, which are distributed and sold throughout the United States and Mexico, as well as the State of Texas, Defendants are liable to the Plaintiffs for their damages under

 **CERTIFIED COPY**

the theory of products liability.

At the time the Expedition 14KYT Ford and its tire were sold and/or marketed and/or placed into the stream of commerce by the Defendants, they were defective and unreasonably dangerous, as that term is defined in law, to persons who could reasonably be expected to use same, which defective and unreasonably dangerous conditions were a producing cause of the death of Maria Del Socorro Sanchez Armendariz. The products were also defective by reason of Defendants' failure to include, provide or carry with them adequate and proper warnings and instructions as to dangers associated with the use of the products and how to avoid such dangers, which defects rendered the products unreasonably dangerous and which defects were a producing cause of the occurrence in question, the death of   Maria Del Socorro Sanchez Armendariz.

In that the Expedition 14KYT Ford and/or its component parts were defective and unreasonably dangerous to the Plaintiffs and to the public generally, Defendants are liable to Plaintiffs under the theory/doctrine of strict liability (strict products liability). Further, in this connection, Plaintiffs allege that the defects in the design, manufacture and/or marketing of the Expedition 14KYT Ford and/or its component parts were the producing cause or causes of the occurrence in question, the death of Maria Del Socorro Sanchez Armendariz.

At the time said vehicle and its component parts were designed, manufactured and sold, safer alternative designs were available which were technologically and economically feasible, and which, if utilized, would have prevented the occurrence in question, the untimely death of Maria Del Socorro Sanchez Armendariz.

Defendants sold the defective Expedition 14KYT Ford  and placing it into the stream of commerce and is, thus, also liable under the doctrine of strict liability of tort.



CERTIFIED COPY

recoverable specified in Section 41.008(b) of the Texas Civil Practice and Remedies Code is not applicable to this cause because Defendants wrongful conduct included knowing or intentional conduct constituting one or more of the felonies described in Section 41.008(c) of the Texas Civil Practice and Remedies Code [*see, e.g.,* 41.008(c)(12)].

VIII.

## BREACH OF WARRANTY

The allegations contained in paragraphs IV through VII above are incorporated herein for all purposes as though recited verbatim herein. Defendants, by and through the sale of the products in question, expressly and impliedly warranted to the public generally, and to the Plaintiffs specifically, that the products in question were fit for the purposes for which they were intended, were merchantable, and/or had certain qualities, characteristics, uses or benefits. Plaintiffs made use of the products as alleged herein and relied on the express and implied warranties. Contrary thereto, the products were not fit for their intended use, were not merchantable and did not have the qualities, characteristics, uses or benefits as represented, rendering the products in question unreasonably dangerous. Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above and because of improper marketing involving Defendants' failure to warn of the products' inadequacies or defects and failure to instruct in the safe operation of the products. Defendants' breach of warranties and the above-mentioned defects rendered the products unreasonably dangerous and a proximate cause and a producing cause of the occurrence in question and the resulting death of Maria Del Socorro Sanchez Armendariz. Further, Defendants' conduct was done knowingly and/or intentionally.

IX.

 **CERTIFIED COPY**

## MISREPRESENTATION

The allegations contained in paragraphs IV through VIII above are incorporated herein for

all purposes as though recited verbatim herein. Defendants are also strictly liable to Plaintiffs under

Section 402(b) of the Restatement (Second) of Torts, because they misrepresented to the public that

the products were safe and without defect, which statement and representation was false and

involved a material fact concerning the character or quality of the products in question, and upon

which representation the Plaintiffs, as consumers, constructively relied, and which constituted a

producing cause of the occurrence in question, the death of Maria Del Socorro Sanchez Armendariz.

## X.

## DECEPTIVE TRADE PRACTICE

Defendants are further liable for violation of Section 17.46 and Sections 17.50(a)(1)(2) and

other sections of the Texas Deceptive Trade Practices Act (DTPA, TEX. BUS. & COM. CODE

ANN.), which violations were a producing cause of the occurrence in question and include:

b.    Representations that the products in question, and their component parts, possessed
      qualities, characteristics, uses and benefits which they did not possess; and

c.    Representations that the products in question, and their component parts, were
      merchantable when, in fact, they were not fit for the ordinary purposes for which
      such products were to be used.

Further, Defendants' conduct was done knowingly and/or intentionally. Defendants have

been provided notice of their breach of warranty, of their violation of the Deceptive Trade Practices

Act and Plaintiffs' damages pursuant to Section 17.50(a) *et seq.* of the DTPA. Under the Deceptive

Trade Practices Act, Defendants, as a result of its knowing breach of express and implied warranties,

are liable for the actual damages suffered by Plaintiffs, plus additional amounts awarded by the trier

**CERTIFIED COPY**

of fact and pursuant to Section 17.50(b)(2) of the Deceptive Trade Practices Act, as well as court costs and reasonable attorneys fees.

## XI.

## PERSONAL INJURY DAMAGES

Plaintiffs would show that the time of her death, Maria Del Socorro Sanchez Armendariz was 34 (thirty-four) years old, in good health and had a reasonable life expectancy in excess of 30 years. Before the time of her death and during her lifetime, Maria Del Socorro Sanchez Armendariz was an industrious, energetic, happy, loyal and loving wife, mother. Maria Del Socorro Sanchez Armendariz performed usual tasks in and about the family residence and gave affection, solace, love and comfort to her husband and family, and in all reasonable probability would have continued to do so for the remainder of her natural life.

## ESTATE OF MARIA DEL SOCORROS SANCHEZ ARMENDARIZ

Plaintiff, Juan Jose Chavez De Leon, on behalf and as Independent Administrator of the Estate of Maria Del Socorro Sanchez Armendariz, is entitled to recover all damages to which the Estate is entitled to by law, including, but not limited to, recovery of the reasonable and customary charges incurred for emergency transportation services and for the funeral and burial of Maria Del Socorro Sanchez Armendariz and recovery for the excruciating and conscious pain, suffering and mental anguish suffered by Decedent prior to her death. The Estate is also entitled to recover exemplary damages from Defendants.

## JUAN JOSE CHAVEZ DE LEON

As a result of the untimely death of Maria Del Socorro Sanchez Armendariz, Plaintiff, Juan Jose Chavez De Leon has suffered loss, damages, and injury from the death of his wife, Maria Del

CERTIFIED COPY

Citation for Personal Service - NON-RESIDENT NOTICE



Lib Seq. # 5,005.01
ORIGINAL

No. 2002-11-004765-G

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: GENERAL MOTORS CORPORATION, INC.
    REG. AGENT: C T CORP SYSTEM
    350 N ST. PAUL STREET
    DALLAS, TX 75201

the _____DEFENDANT_____, GREETING:

     You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 27, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004765-G.

The style of the case is:

          JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING
                              VS.
          BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

Said petition was filed in said court by _____HON. BENIGNO (TREY)_____
(Attorney for _____PLAINTIFF_____), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX  78520 .

     The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

     The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

     Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of JANUARY , A.D. 2003.

R E   J R N CERTIFIED COPY

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy                    _____

Total....... $_____        Sheriff/constable _____ County,

Fees paid by:_____        By _____ Deputy





CERTIFIED COPY

AFFIDAVIT OF SERVICE

COUNTY: CAMERON          CASE # 2002114765G          COURT 404

                                    Clt. Ref.#                Clt.#   7172
JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING SPOUSE OF MARIA
DEL SOCORRO SANCHEZ ARMENDARIZ, DECEASED, ET. AL

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATION OF JAPAN,
BRIDGESTONE/FIRESTONE DE MEXICO, GENERAL MOTORS CORPORATION, INC.
ET AL

The documents came to hand for service on 01/10/03  Time: 08:34:10

Documents received for service:

CITATION; ORIGINAL PETITION, DISCOVERY CONTROL
PLAN

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

JAN 17 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

The documents were delivered on 01/10/03  Time: 12:40:00

Executed at: 350 N. St. Paul St., Ste. 2900
             Dallas, TX 75201
to the following: General Motors Corporation, Inc.
                  By Delivering To Its Registered Agent, CT Corporation System
                  And Accepted By Kasey McGee

____✓____ PERSONALLY delivering the document(s) to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____in person
          who is sixteen (16) years of age or older, at the above listed address which is the
          usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, James Prince_____ ,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____
                                          James Prince
                                          Professional Civil Process Dallas, Inc.
Witness Fee Tendered:_____              1301 Main Street, Suite 202
                                          Dallas, Texas 75202

STATE OF TEXAS}
                              VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this 13 day of Jan 200 3 .



PCP Inv. #D0103 173          DEE ROBERTS
                        Notary Public, State of Texas
                        My Commission Expires 09-27-03          _____
                                                                NOTARY PUBLIC FOR THE STATE OF TEXAS

**CERTIFIED COPY**

Citation for Personal Service - NON-RESIDENT NOTICE      Lit. Seq. # 5.002.01

**ORIGINAL**

No. 2002-11-004765-G

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BRIDGESTONE/FIRESTONE, INC.
    REG. AGENT: C T CORP SYSTEM
    350 N ST PAUL
    DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on NOVEMBER 27, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004765-G.

The style of the case is:

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING
VS.
BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

Said petition was filed in said court by _____ HON. BENIGNO (TREY) (Attorney for _____ PLAINTIFF _____), whose address is 1201 E. VAN BUREN STREET BROWNSVILLE TX  78520 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of JANUARY , A.D. 2003 .

**CERTIFIED COPY**

R E   J R N   O F   O F F I C

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____ _____

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

Sheriff/constable _____ County,

By _____ Deputy





A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
BY DEPUTY

AFFIDAVIT OF SERVICE    CERTIFIED COPY

COUNTY: CAMERON            CASE # 2002114765G            COURT 404
                                                Clt. Ref.#
JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING SPOUSE OF MARIA    Clt.#    7172
DEL SOCORRO SANCHEZ ARMENDARIZ, DECEASED, ET. AL

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATION OF JAPAN,
BRIDGESTONE/FIRESTONE DE MEXICO, GENERAL MOTORS CORPORATION, INC.
ET AL

The documents came to hand for service on 01/10/03  Time: 08:28:32

Documents received for service:

CITATION; ORIGINAL PETITION, DISCOVERY CONTROL
PLAN

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

JAN 17 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                    DEPUTY

The documents were delivered on 01/10/03  Time: 12:40:00

Executed at: 350 N. St. Paul St., Ste. 2900
             Dallas, TX 75201
to the following: Bridgestone/Firestone, Inc.
             By Delivering To Its Registered Agent, CT Corporation System
             And Accepted By Kasey McGee

___✓___  PERSONALLY delivering the document(s) to the person above.
_____  SUBSTITUTE SERVICE per Order by delivering to _____in person
          who is sixteen (16) years of age or older, at the above listed address which is the
          usual place of abode/business of the above named person.
_____  POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, James Prince_____  ,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdiction, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____                    James Prince
                                          Professional Civil Process Dallas, Inc.
Witness Fee Tendered:_____             4301 Main Street, Suite 202
                                          Dallas, Texas 75202
STATE OF TEXAS}

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this 13 day of Jan 200 3 .

PCP Inv. #D0103 172



DEE ROBERTS
Notary Public, State of Texas
My Commission Expires 09-27-03

NOTARY PUBLIC FOR THE STATE OF TEXAS

Citation for Personal Servi    - NON-RESIDENT NOTICE    **ORIGINAL** 01

No. 2002-11-004765-G

**CERTIFIED COPY**

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BRIDGESTONE CORPORATION OF JAPAN
PRESIDENT, CHAIRMAN AND C.E.O.
YOICHIRO KAIZAKI,10-1 KYOBASHI
1-CHOME, CHUO-KU, TOKYO
104-8340, OR HIS DESIGNATED SUCCESSOR, SHIGEO WATANABE, OR ANY OTHER
CORPORATE OFFICER, PURSUANT TO THE MANNER PROVIDED BY JAPANESE LAW FOR
the _____DEFENDANT_____, GREETING: **SERVICE OF DOCUEMENTS IN DOMESTIC ACTIONS ON PERSONS WITHIN ITS TERRITORY**
You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on NOVEMBER 27, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004765-G.

The style of the case is:

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING
VS.
BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

Said petition was filed in said court by _____HON. BENIGNO (TREY)_____
(Attorney for _____PLAINTIFF_____), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX  78520 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of JANUARY , A.D. 2003.

R     RN   O F   O F F I C E   RTIFIED COPY

Came to hand the _2_ day of _Jan_ , 2003, at _2_ _o³_ o'clock _P.M._, and

executed (~~not executed~~) on the _14_ day of _Jan_ , 2003, by delivering to _2 Pm_

_Bridgestone Corporate of Japan, President Chairman & C.E.O_

_Torchuro Haizaki_                          in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____ _Plaintiffs Orignl Petiton_ _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy        _____

Total....... $_____    Sheriff/constable _Camery_  ~~County,~~

Fees paid by:_____     By _Eddie Garza_  ~~Deputy~~
                                                    _Per_

_delivered By U.S. Registered Mail_
_RA 969 925 402 U.S_

_TO:   10-1 KYYOBASHi_
_1-Chome, Chuo-Ku, Toykyo, Japan_

FILED _1:40_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

FEB 03 2003 _F/PcT_

DISTRICT COURT OF CAMERON COUNTY, TEXAS

SUBSCRIBED AND SWORN TO BEFORE ME
ON _February 3, 2003_, TO
CERTIFY WHICH WITNESS MY HAND AND
OFFICIAL SEAL.

NOTARY PUBLIC   STATE OF TEXAS

JUANITA G. SALDIVAR
MY COMMISSION EXPIRES
February 02  2005

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____

DEPUTY

DISTRICT COURT  TEXAS

**CERTIFIED COPY**

Citation for Personal Service - <u>NON-RESIDENT NOTICE</u>    Lit. Seq. # <u>5.008.01</u>

**ORIGINAL**

No. <u>2002-11-004765-G</u>

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>RUDOLPH MILES AND SONS, INC.</u>
<u>REG. AGENT: W DEAN HESTER</u>
<u>1100 CHASE TOWER, 201 E MAIN</u>
<u>EL PASO TX 79901</u>

the _____<u>DEFENDANT</u>_____, GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS' ORIGINAL PETITITON</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>404th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on <u>NOVEMBER 27, 2002</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2002-11-004765-G</u>.

The style of the case is:

<u>JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING</u>
<u>VS.</u>
<u>BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI</u>

Said petition was filed in said court by _____<u>HON. BENIGNO (TREY)</u> (Attorney for _____<u>PLAINTIFF</u>_____), whose address is <u>1201 E. VAN BUREN STREET BROWNSVILLE TX   78520</u>.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>7th</u> day of <u>JANUARY</u>, A.D. <u>2003</u>.

**CERTIFIED COPY**

**A    AVIT OF SERVICE**

ORIGINAL

COUNTY: CAMERON            CASE # 2002114765G            COURT 404
                                              Clt. Ref.#            Clt.#    116

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING SPOUSE OF MARIA
DEL SOCORRO SANCHEZ ARMENDARIZ, DECEASED, ET. AL.

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATION OF JAPAN,
BRIDGESTONE/FIRESTONE DE MEXICO, GENERAL MOTORS CORPORATION, INC.


The documents came to hand for service on 01/13/03  Time: 10:51:47

Documents received for service:

CITATION PLAINTIFF'S ORIGINAL PETITION, DISCOVERY CONTROL
PLAN

FILED_____O'CLOCK_____M
AURORA DE LA GARZA DIST. CLERK

JAN 12 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____DEPUTY

The documents were delivered on 01/14/03  Time: 11:10:00

Executed at: 5809 Acaia Circle
             El Paso, TX 79912
to the following: Rudolph Miles And Sons, Inc.
             Reg. Agent: W. Dean Hester


  X    PERSONALLY delivering the document(s) to the person above.
_____  SUBSTITUTE SERVICE per Order by delivering to _____in person
       who is sixteen (16) years of age or older, at the above listed address which is the
       usual place of abode/business of the above named person.
_____  POSTING per Order by securely affixing to the main entry way at the above address.

**AFFIDAVIT**

I, Sal Madrid_____,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdiction, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.


Service Fee:_____            Sal Madrid
                                  Professional Civil Process
Witness Fee Tendered:_____     3255 Vogue Dr. #200
                                  El Paso, Tx. 79935
STATE OF TEXAS}
                        VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this  14  day of January, 200 3 .

PCP Inv. #E0103  44

NOTARY PUBLIC FOR THE STATE OF TEXAS



YVONNE FLORES
Notary Public, State of Texas
My Commission Expires 12-29-03

**CERTIFIED COPY**

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.009.01

No. 2002-11-004765-G

T H E   S T A T E   O F   T E X A S **ORIGINAL**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DICEX INTERNATIONAL, INC.
    REG. AGENT: RICARDO PEIMBERT
    14001 MINES RD
    LAREDO, TX 78041


the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION


at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 27, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004765-G.

The style of the case is:

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING
VS.
BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

Said petition was filed in said court by _____HON. BENIGNO (TREY)_____
(Attorney for _____PLAINTIFF_____), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX   78520 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of JANUARY , A.D. 2003.

**CERTIFIED COPY**

R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy                  _____

Total....... $_____     Sheriff/constable _____ County,

Fees paid by:_____     By _____ Deputy



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
BY _____ DEPUTY

THORIZED OFFICER'S RETURN

**CERTIFIED COPY**

CASE #: 2002114765G                                    COURT 404

Came to hand on the 11— day of JANUARY , 2003 at 6:00 o'clock P .M.

Documents received for service:

ORIGINAL

CITATION PLAINTIFF'S ORIGINAL PETITION, DISCOVERY CONTROL
PLAN

Executed on the 13TH day of JANUARY , 2003 at 3:20 o'clock P .M.

Executed at 1471 ATLANTA DRIVE LAREDO, TEXAS

_____ within the County of WEBB _____ by delivering

to: Dicex International, Inc.
    Reg. Agent: Ricardo Reimbert
    B. JUAN SOLIS, General Manager Auf

a true copy of the documents listed above having first endorsed the necessary

in the following manner:

____✓____ by delivering to the above in person.

FILED ____ G. ____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

JAN 21 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**SUBSTITUTE SERVICE CAN ONLY BE MADE AFTER A COURT ORDER IS OBTAINED FROM THE JUDGE.**

_____ (Substitute Service) per T.R.C.P Rule 106 Order by delivering to: _____
_____ in person over the age of sixteen then residing therein, to wit:
_____ by posting; by securely affixing to the main door at the above address, per
T.R.C.P. Rule 106 Order.

I, am over the age of eighteen, not a party to nor interested in the outcome of the
above numbered suit and authorized to serve citations and other notices in my State.

Service Fee $ _____

STATE OF TEXAS.}

Printed Name: SANTIAGO CRUZ
Authorized Person / Constable / Sheriff
OR#/ID# 060

**VERIFICATION**

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are true
and correct. Given my hand and seal of office on this the 14th day of January , 2003.

Diana Espinola
Notary Public

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____ DEPUTY

DISTRICT COURT
CAMERON COUNTY

DIANA ESPINOLA
MY COMMISSION EXPIRES
January 29, 2005

**CERTIFIED COPY**    **ORIGINAL**

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.000.00

No. 2002-11-004765-G

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LUCENT TECHNOLOGIES, INC.
REG. AGENT: PRENTICE HALL
CORP. SYSTEM, 800 BRAZOS
AUSTIN, TX  78701

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on NOVEMBER 27, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004765-G.

The style of the case is:

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING
VS.
BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

Said petition was filed in said court by _____ HON. BENIGNO (TREY) _____ (Attorney for _____ PLAINTIFF _____), whose address is 1201 E. VAN BUREN STREET BROWNSVILLE TX  78520 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of JANUARY , A.D. 2003.

R  E  T  U  R  N   O  F   O  F  F  I  C  E  R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____ _____

FEES serving 1 copy                _____

Total....... $_____          Sheriff/constable _____ County,

Fees paid by:_____       By _____ Deputy





AFFIDAVIT OF SERVICE    **CERTIFIED** COPY

COUNTY: CAMERON          CASE # 2002114765G          COURT 404

Clt. Ref.#                                      Clt.#    1610

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING SPOUSE OF MARIA
DEL SOCORRO SANCHEZ ARMENDARIZ, DECEASED, ET. AL.

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATION OF JAPAN,
BRIDGESTONE/FIRESTONE DE MEXICO, GENERAL MOTORS CORPORATION, INC.

The documents came to hand for service on 01/10/03  Time: 09:00:17

Documents received for service:

CITATION PLAINTIFF'S ORIGINAL PETITION, DISCOVERY CONTROL
PLAN

The documents were delivered on 01/10/03  Time: 10:05:00

Executed at: 800 Brazos St.
              Austin,, TX 78701
to the following: Lucent Technologies, Inc.
                  Reg. Agent: Prentice Hall Corporation System
                  By Delivering To Gloria Hudson

_____  PERSONALLY delivering the document(s) to the person above.
_____  SUBSTITUTE SERVICE per Order by delivering to _____ in person
        who is sixteen (16) years of age or older, at the above listed address which is the
        usual place of abode/business of the above named person.
_____  POSTING per Order by securely affixing to the main entry way at the above address.

FILED ___11:15___ O'CLOCK ___A___ M
AURORA DE LA GARZA DIST. CLERK

JAN 28 2003

DISTRICT COURT OF CAMERON COUNTY
_____ DEPUTY

                              AFFIDAVIT

I, Steve W Broussard_____ ,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____                    Steve W Broussard
                                          Professional Civil Process Austin
Witness Fee Tendered:_____             P.O. Box 342467
                                          Austin, Texas 78734-0042
STATE OF TEXAS}                           (512) 477-3500
                              VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this _____day of _____ 200___.

PCP Inv. #A0103 603

NOTARY PUBLIC FOR THE STATE OF TEXAS

JACKLYNN GAYE MALARKEY
MY COMMISSION EXPIRES
January 23, 2006

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _____
BY _____ DEPUTY

**CERTIFIED COPY**

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.007.01

No. 2002-11-004765-G

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LUCENT TECHNOLOGIES MAQUILADORAS, INC.
    REG. AGENT: PRENTICE HALL CORP
    SYSTEM, 800 BRAZOS
    AUSTIN TX 78701

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on NOVEMBER 27, 2002 . A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004765-G.

The style of the case is:

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING
VS.
BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

Said petition was filed in said court by _____ HON. BENIGNO (TREY) _____
(Attorney for _____ PLAINTIFF _____), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX  78520 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of JANUARY , A.D. 2003.

**CERTIFIED COPY**

R E T U R N   O F   O F F I C E .

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

Sheriff/constable _____ County,

By _____ Deputy





A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
DEPUTY

## CERTIFIED COPY

## AFFIDAVIT OF SERVICE



COUNTY: CAMERON          CASE # 2002114765G          COURT 404

Clt. Ref.#                    Clt.#    1610

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING SPOUSE OF MARIA
DEL SOCORRO SANCHEZ ARMENDARIZ, DECEASED, ET. AL.

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATION OF JAPAN,
BRIDGESTONE/FIRESTONE DE MEXICO, GENERAL MOTORS CORPORATION, INC.


The documents came to hand for service on 01/10/03  Time: 09:00:17

Documents received for service:

CITATION PLAINTIFF'S ORIGINAL PETITION, DISCOVERY CONTROL
PLAN

The documents were delivered on 01/10/03  Time: 10:05:00

Executed at: 800 Brazos St.
             Austin,, TX 78701
to the following: Lucent Technologies Maquiladoras, Inc.
                  Reg. Agent: Prentice Hall Corporation System
                  By Delivering To Gloria Hudson

FILED____11:15____O'CLOCK____A____M
AURORA DE LA GARZA DIST. CLERK

JAN 2 8 2003   F /MLT

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____DEPUTY

____ ✓ ____ PERSONALLY delivering the document(s) to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____in person
who is sixteen (16) years of age or older, at the above listed address which is the
usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, Steve W Broussard _____ ,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____

Witness Fee Tendered:_____

Steve W Broussard
Professional Civil Process Austin
P.O. Box 342467
Austin, Texas 78734-0042

**CERTIFIED COPY**

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.011.01

No. 2002-11-004765-G

THE   STATE   OF   TEXAS    ORIGINAL

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FORD MOTOR COMPANY
    REG.AGENT: C.T. CORP. SYSTEM
    350 N ST PAUL
    DALLAS, TX 75201

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said      AMENDED PETITION      was filed on JANUARY 14, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-11-004765-G.

The style of the case is:

JUAN JOSE CHAVEZ DE LEON, IND. AND AS SURVIVING
VS.
BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATI

Said petition was filed in said court by        HON. BENIGNO (TREY)
(Attorney for        PLAINTIFF        ), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX  78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 14th day of  JANUARY , A.D. 2003.

CERTIFIED COPY

R   JRN   O F   O F F I C

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and

executed (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____ .

Cause of failure to execute this citation is: _____

_____ .

FEES serving 1 copy          _____

Total....... $_____     Sheriff/constable _____ County,

Fees paid by:_____     By _____ Deputy



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
By
DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS



AFFIDAVIT OF SERVICE

COUNTY: CAMERON                    CASE # 2002114765G                    COURT 404
                                                          Clt. Ref.#                    Clt.#    7172

JUAN JOSE CHAVEZ DE LEON, ET. AL.                    **CERTIFIED COPY**

VS

BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATION OF JAPAN,
BRIDGESTONE/FIRESTONE DE MEXICO, FORD MOTOR COMPANY, USA, FORD,
ET AL

The documents came to hand for service on 01/22/03  Time: 10:01:27

Documents received for service:

CITATION & FIRST AMENDED ORIGINAL PETITION

```
FILED___2:45___O'CLOCK___P__M
AURORA DE LA GARZA DIST. CLERK

        JAN 28 2003   F/RD

DI_____CAM_____
                              DEPUTY
```

The documents were delivered on 01/22/03  Time: 14:50:00

Executed at: 350 N. St. Paul St., Ste. 2900
             Dallas,, TX 75201
to the following: **Ford Motor Company**
                  **By Delivering To Its Registered Agent, CT Corporation System**
                  **Accepted By Kasey Mcgee**

___✓___ PERSONALLY delivering the document(s) to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____in person
who is sixteen (16) years of age or older, at the above listed address which is the
usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

**AFFIDAVIT**

I, James Prince_____,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdiction, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____                          James Prince
                                                 Professional Civil Process Dallas, Inc.
Witness Fee Tendered:_____                   1301 Main Street, Suite 202
                                                 Dallas, Texas 75202
STATE OF TEXAS}

                    **VERIFICATION**

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this 24 day of Jan 200 3 .

PCP Inv. #D0103 404

```
DEE ROBERTS
Notary Public, State of Texas
My Commission Expires 09-27-03
```
                                                 Dee Roberts
                                                 NOTARY PUBLIC FOR THE STATE OF TEXAS

CAUSE NO. 2002-11-4765-G

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS SURVIVING | § | |
| SPOUSE OF MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, DECEASED | § | |
| AND ON BEHALF AND AS INDEPENDENT | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, DECEASED AND ON | § | |
| BEHALF OF ALL PERSONS ENTITLED TO | § | |
| RECOVER FOR THE WRONGFUL DEATH | § | |
| OF MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, AND AS NEXT FRIEND TO | § | CAMERON COUNTY, T E X A S |
| THE MINOR CHILDREN, JUAN | § | |
| ALEJANDRO CHAVEZ ARMENDARIZ, | § | |
| DAVID ELIAS CHAVEZ ARMENDARIZ, | § | |
| AND MARCELA CHAVEZ ARMENDARIZ | § | |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| FORD MOTOR COMPANY USA, FORD | § | |
| MOTOR COMPANY, SA de CV, MEXICO, | § | |
| and VISTEON DE MEXICO, S. DE R.L. | § | 404TH JUDICIAL DISTRICT |

**DEFENDANT BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, L.L.C.'S**
**(successor to Bridgestone/Firestone, Inc.)**
<u>**NOTICE TO PLAINTIFFS OF FILING REMOVAL**</u>

TO:    Plaintiffs, by and through their attorneys of record, Antonio Martinez, Benigno (Trey) Martinez, MARTINEZ, BARRERA & MARTINEZ, L.L.P., 1201 East Van Buren, Brownsville, Texas 78520

You will please take notice that Bridgestone/Firestone North American Tire, L.L.C. (successor to Bridgestone/Firestone, Inc.), hereinafter referred to as Defendant in the above-styled and numbered cause, originally filed in the 404th Judicial District Court of Cameron County, Texas, styled, *Juan Jose Chavez de Leon, et al. v. Bridgestone/Firestone, Inc., et al.*, Cause No. 2002-11-4765-G, is filing in the United States District Court for the Southern District of Texas its Notice of Removal in the above-captioned cause from the 404th Judicial District

Court of Cameron County, Texas, to the United States District Court for the Southern District of

Texas, C.A. No. H-2003-_____.

        Attached hereto you will find a copy of the Notice of Removal.

                             Respectfully submitted,

                             VINSON & ELKINS L.L.P.

By:_____

                             Knox D. Nunnally
                             State Bar No. 15141000
                             Phillip B. Dye, Jr.
                             State Bar No. 06311500
                             Don C. Griffin
                             State Bar No. 08456975
                             2300 First City Tower
                             1001 Fannin Street
                             Houston, Texas  77002-6760
                             Telephone:    (713) 758-2416
                             Facsimile:    (713) 615-5220

                             **ATTORNEYS FOR DEFENDANT,**
                             **BRIDGESTONE/FIRESTONE NORTH**
                             **AMERICAN TIRE, L.LC. (successor to**
                             **BRIDGESTONE/FIRESTONE, INC.)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice to Plaintiffs of Filing Removal* has been served on all counsel of record by mailing same certified mail, return receipt requested, this **7th** day of **February, 2003**.

*Counsel for Plaintiffs:*
Antonio Martinez
Benigno (Trey) Martinez
MARTINEZ, BARRERA & MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas  78520

*Counsel for Ford:*
Evan N. Kramer
BROWN MCCARROLL, LLP
1111 Bagby, 47th Floor
Houston, Texas  77002-2543

*Counsel for Bridgestone Corporation:*
Kenneth J. Ferguson
Mary R. Pawelek
J. D. Horne
CLARK, THOMAS & WINTERS, P.C.
P.O. Box 1148
Austin, Texas  78767

Don C. Griffin

CAUSE NO. 2002-11-4765-G

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS SURVIVING | § | |
| SPOUSE OF MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, DECEASED | § | |
| AND ON BEHALF AND AS INDEPENDENT | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, DECEASED AND ON | § | |
| BEHALF OF ALL PERSONS ENTITLED TO | § | |
| RECOVER FOR THE WRONGFUL DEATH | § | |
| OF MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, AND AS NEXT FRIEND TO | § | CAMERON COUNTY, T E X A S |
| THE MINOR CHILDREN, JUAN | § | |
| ALEJANDRO CHAVEZ ARMENDARIZ, | § | |
| DAVID ELIAS CHAVEZ ARMENDARIZ, | § | |
| AND MARCELA CHAVEZ ARMENDARIZ | § | |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| FORD MOTOR COMPANY USA, FORD | § | |
| MOTOR COMPANY, SA de CV, MEXICO, | § | |
| and VISTEON DE MEXICO, S. DE R.L. | § | 404TH JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK OF FILING OF
## NOTICE OF REMOVAL

TO THE CAMERON COUNTY DISTRICT CLERK:

You will please take notice that Bridgestone/Firestone North American Tire, L.L.C.

(successor to Bridgestone/Firestone, Inc.), Defendant in the above-entitled and numbered cause,

has filed in the United States District Court for the Southern District of Texas, Brownsville

Division, a Notice of Removal of the cause styled *Juan Jose Chavez de Leon, et al. v.*

*Bridgestone/Firestone, Inc., et al.*, originally filed in the 404th Judicial District Court of

Cameron County, Texas under Cause No. 2002-11-47650-G to the United States District Court

for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said

Notice of Removal is being filed with the Cameron County District Clerk, to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said Notice of Removal is attached to this Notice.

Witness the signature of Defendant through its attorneys on this the **7th** day of **February, 2003** at Brownsville, Texas.

Respectfully submitted,

VINSON & ELKINS L.L.P.

By:_____

Knox D. Nunnally
State Bar No. 15141000
Phillip B. Dye, Jr.
State Bar No. 06311500
Don C. Griffin
State Bar No. 08456975
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Telephone:     (713) 758-2416
Facsimile:     (713) 615-5220

**ATTORNEYS FOR DEFENDANT,
BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, L.LC. (successor to
BRIDGESTONE/FIRESTONE, INC.)**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice to District Clerk of Filing of Notice of Removal* has been served on all counsel of record by mailing same certified mail, return receipt requested, this **7th** day of **February, 2003**.

*Counsel for Plaintiffs:*
Antonio Martinez
Benigno (Trey) Martinez
MARTINEZ, BARRERA & MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

*Counsel for Ford:*
Evan N. Kramer
BROWN MCCARROLL, LLP
1111 Bagby, 47th Floor
Houston, Texas 77002-2543

*Counsel for Bridgestone Corporation:*
Kenneth J. Ferguson
Mary R. Pawelek
J. D. Horne
CLARK, THOMAS & WINTERS, P.C.
P.O. Box 1148
Austin, Texas 78767

_____
Don C. Griffin

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN JOSE CHAVEZ DE LEON,                §
INDIVIDUALLY AND AS SURVIVING            §
SPOUSE OF MARIA DEL SOCORRO              §
SANCHEZ ARMENDARIZ, DECEASED             §
AND ON BEHALF AND AS INDEPENDENT         §
ADMINISTRATOR OF THE ESTATE OF           §
MARIA DEL SOCORRO SANCHEZ                §
ARMENDARIZ, DECEASED AND ON              §
BEHALF OF ALL PERSONS ENTITLED TO        §
RECOVER FOR THE WRONGFUL DEATH           §
OF MARIA DEL SOCORRO SANCHEZ             §
ARMENDARIZ; AND AS NEXT FRIEND TO        §
THE MINOR CHILDREN, JUAN ALEJANDRO       §      C.A. NO. **B-03-035**
CHAVEZ ARMENDARIZ, DAVID ELIAS           §
CHAVEZ ARMENDARIZ, AND MARCELA           §
CHAVEZ ARMENDARIZ                        §
                                         §
VS.                                      §
                                         §
                                         §
BRIDGESTONE/FIRESTONE, INC.,             §
BRIDGESTONE CORPORATION OF JAPAN,        §
BRIDGESTONE/FIRESTONE DE MEXICO,         §
FORD MOTOR COMPANY, USA, FORD            §
MOTOR COMPANY, SA de CV, MEXICO,         §
And VISTEON DE MEXICO, S. DE R.L.        §

## INDEX OF ATTORNEYS

1.    Antonio Martinez
      Benigno (Trey) Martinez
      Martinez, Barrera y Martinez, L.L.P.
      1201 East Van Buren
      Brownsville, Texas 78520
      Telephone:  (956) 546-7159
      Facsimile:  (956) 544-0602
      Counsel for Plaintiffs

2.    Mr. Evan Kramer
      State Bar No. 11704650
      Federal I.D. No. 12346
      Brown McCarroll L.L.P.
      111 Bagby, 47th Floor
      Houston, Texas  77002
      Telephone:  (713) 525-6280
      Facsimile:  (713) 525-6295
      Counsel for Ford Motor Company

3.   Kenneth J. Ferguson
     Mary R. Pawelek
     J. D. Horne
     Clarke, Thomas & Winters, P.C.
     P. O. Box 1148
     Austin, Texas  78767
     Telephone:  (512) 472-8800
     Facsimile:  (512) 474-1129
     Attorneys for Defendant Bridgestone Corporation

4.   Knox D. Nunnally
     State Bar No. 15141000
     Federal I.D. 1282
     Phillip B. Dye, Jr.
     State Bar No. -6311500
     Federal I.D. 7216
     Don C. Griffin
     State Bar No. 08456975
     Federal I.D. 29446
     2300 First City Tower
     1001 Fannin Street
     Houston, Texas  77002-6760
     Telephone:  (713) 75802416
     Facsimile:  (713) 615-5220
     Attorneys for Defendant Bridgestone/Firestone
     North American Tire, L.L.C.
     (successor to Bridgestone/Firestone, Inc.)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN JOSE CHAVEZ DE LEON,                §
INDIVIDUALLY AND AS SURVIVING            §
SPOUSE OF MARIA DEL SOCORRO              §
SANCHEZ ARMENDARIZ, DECEASED             §
AND ON BEHALF AND AS INDEPENDENT         §
ADMINISTRATOR OF THE ESTATE OF           §
MARIA DEL SOCORRO SANCHEZ                §
ARMENDARIZ, DECEASED AND ON              §
BEHALF OF ALL PERSONS ENTITLED TO        §
RECOVER FOR THE WRONGFUL DEATH           §
OF MARIA DEL SOCORRO SANCHEZ             §
ARMENDARIZ; AND AS NEXT FRIEND TO        §
THE MINOR CHILDREN, JUAN ALEJANDRO       §          B-03-035
CHAVEZ ARMENDARIZ, DAVID ELIAS           §
CHAVEZ ARMENDARIZ, AND MARCELA           §     C.A. NO. _____
CHAVEZ ARMENDARIZ                        §
                                         §
VS.                                      §
                                         §
BRIDGESTONE/FIRESTONE, INC.,             §
BRIDGESTONE CORPORATION OF JAPAN,        §
BRIDGESTONE/FIRESTONE DE MEXICO,         §
FORD MOTOR COMPANY, USA, FORD            §
MOTOR COMPANY, SA de CV, MEXICO,         §
And VISTEON DE MEXICO, S. DE R.L.        §

### INDEX OF DOCUMENTS FILED

1.   Civil Cover Sheet

2.   Notice of Removal with following attachments:

     a.   State Court's Docket Sheet
     b.   Plaintiff's Original Petition
     c.   Citation served on General Motors Corporation
     d.   Citation served on Bridgestone/Firestone, Inc.
     e.   Citation served on Bridgestone Corporation of Japan
     f.   Citation served on Rudolph Miles and Sons, Inc.
     g.   Citation served on Dicex International, Inc.
     h.   Citation served on Lucent Technologies, Inc.
     i.   Citation served on Lucent Technologies Maquiladoras, Inc.
     j.   Plaintiffs' First Amended Original Petition
     k.   Citation served on Ford Motor Company
     l.   Citation served on Bridgestone/Firestone, Inc.

m.  Firestone's Notice of Pro Hac Vice

n.  Firestone's Notice of Conditional Assignment for Purposes of Rule 11 Pretrial Coordination

o.  Case Management Order with attached master discovery

p.  Defendant Bridgestone/Firestone North American Tires, L.L.C., Successor to Bridgestone/Firestone, Inc.'s Special Appearance, Motion to Transfer Venue (subject to Special Appearance), Motion to Dismiss on Grounds of Forum Non Conveniens (subject to Special Appearance and Motion to Transfer Venue), and Original Answer and Jury Demand (subject to Special Appearance and Motion to Transfer Venue); and,

q.  Firestone's Notice of Conditional Assignment for Purposes of Rule 11 Pretrial Coordination.

3.  Notice to Plaintiffs of Filing of Notice of Removal

4.  Notice to District Clerk of Filing of Notice of Removal

5.  Index of Attorneys

6.  Index of Documents Filed

7.  Order for Conference and Disclosure of Interested Parties