IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, *ET AL.*, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. B-03-035 |
| | § | JUDGE HILDA G. TAGLE |
| vs. | § | JURY TRIAL |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., *ET AL.*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT FORD MOTOR COMPANY'S ORIGINAL ANSWER, STATEMENT OF AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND

COMES NOW Ford Motor Company (Ford), sued herein as Ford Motor Company, USA, by and through its attorneys, and submits its Original Answer, Statement of Affirmative Defenses, and Reliance on Jury Demand as follows:

### Original Answer

Ford responds to the allegations of Plaintiffs' First Amended Original Petition as follows:

### I. Discovery Level

1. The allegations contained in Paragraph I relate to pretrial discovery matters under the Texas Rules of Civil Procedure and are inapplicable to proceedings before this Court.

### II. Jurisdiction and Venue

2. Ford does not dispute this Court's general personal jurisdiction over Ford or its subject matter jurisdiction pursuant to 28 U.S.C. § 1441(a). Ford denies that the underlying state court from which this action was removed has subject matter jurisdiction under Section 71.031, TEX.

AUS.2011866 1
13486.81926

1

CIV. PRAC. & REM. CODE, as alleged by Plaintiffs. Ford further asserts that subjecting Ford to jurisdiction in the underlying state court or in this Court for the claims asserted by Plaintiffs offends traditional notions of fair play and substantial justice and deprives Ford of its right to due process as guaranteed by the Constitutions of the United States of America and the State of Texas. Finally, Ford asserts that this action should be dismissed under the doctrine of *forum non conveniens*, as the claims asserted by Plaintiffs have no connection whatsoever with the State of Texas. Ford reserves its right to enter a Special Appearance challenging jurisdiction and to file a motion for dismissal on *forum non conveniens* in the event this matter is remanded to state court.

3. Ford does not dispute venue pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). Ford denies that venue is proper in the underlying state court from which this action was removed and reserves its right to seek a transfer of venue in the event this matter is remanded to state court. Ford further denies that venue is convenient in this Court and reserves its right to seek transfer of venue to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1406(a).

III. Parties

4. Ford denies that Plaintiffs' claims are properly brought under the statutes or laws of the State of Texas. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations pertaining to Plaintiffs set forth under Paragraph III.

5. Ford admits that it is a Delaware corporation with its principal place of business in Dearborn, Michigan. Ford denies that it is organized under the laws of the State of Texas, but admits that it is authorized to and does conduct business within Texas. Ford further admits that it

may be properly served through its agent for service of process, C.T. Corp. Systems, 350 N. St. Paul, Dallas, Texas 75201. Except as expressly admitted herein, Ford denies any remaining allegations as to Defendant Ford Motor Company.

6. Ford denies that Ford Motor Company, SA de CV, is a branch of Ford. Except as expressly admitted or denied in Paragraph 5 above or herein, Ford is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations pertaining to Defendants set forth under Paragraph III.

IV. Facts

7. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph IV.

V. Strict Products Liability

8. Ford denies that the subject 2000 Expedition was defective and unreasonably dangerous at the time it left the possession and control of Ford. Ford further denies all allegations of liability directed toward Ford and all allegations that any conduct by Ford proximately caused Plaintiffs' alleged damages. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph V.

VI. Negligence

9. Ford denies all allegations of negligence directed toward Ford and all allegations that any conduct by Ford proximately caused Plaintiffs' alleged damages. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph VI.

### VII. Malice and/or Gross Negligence

10. Ford denies all allegations of malice or gross negligence directed toward Ford and all allegations that any conduct by Ford proximately caused Plaintiffs' alleged damages. Answering further, Ford denies that Plaintiffs are entitled to exemplary damages under the laws or statutes of the State of Texas and specifically denies Plaintiffs' vague allegations that undefined conduct by Ford constituted one or more felonies. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph VII.

### VIII. Breach of Warranty

11. Ford admits only those duties and obligations that arise under Ford's express limited warranty and applicable law and denies all allegations inconsistent therewith. Ford denies all allegations that it breached any applicable duty or obligation and all allegations that such breach proximately caused Plaintiffs' damages. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph VII.

### IX. Misrepresentation

12. Ford denies all allegations of liability directed toward Ford and all allegations that any conduct by Ford proximately caused Plaintiffs' alleged damages. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph IX.

### X. Deceptive Trade Practice

13. Ford denies all allegations of liability directed toward Ford and all allegations that any

conduct by Ford proximately caused Plaintiffs' alleged damages. Answering further, Ford denies that Plaintiffs are entitled to damages under the laws or statutes of the State of Texas and specifically denies Plaintiffs' allegation that proper pre-suit notice was provided to Ford under the Texas Deceptive Trade Practices Act. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph X.

## XI. Personal Injury Damages

14. Ford denies all allegations of liability directed toward Ford and all allegations that any conduct by Ford proximately caused Plaintiffs' alleged damages. Answering further Ford denies Plaintiffs are entitled to damages under the laws or statutes of the State of Texas. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph XI.

## XII. Pre-Judgment and Post-Judgment Interest

15. Ford denies all allegations of liability directed toward Ford and all allegations that any conduct by Ford proximately caused Plaintiffs' alleged damages. Answering further Ford denies Plaintiffs are entitled to damages under the laws or statutes of the State of Texas. Ford is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph XII.

## XIII. Conditions Precedent

16. Ford denies the allegations set forth in Paragraph XIII.

XIV. Jury Demand

17. Ford relies upon the jury demands asserted by Plaintiffs and by codefendant Bridgestone/Firestone North America, L.L.C., as successor to Bridgestone/Firestone, Inc.

**Affirmative Defenses**

Ford asserts so many of the following affirmative defenses as may be applicable at trial:

Jurisdiction/Venue

1. While Ford does not dispute this Court's general personal jurisdiction over Ford or its subject matter jurisdiction pursuant to 28 U.S.C. § 1441(a), Ford denies that the underlying state court from which this action was removed has subject matter jurisdiction under Section 71.031, TEX. CIV. PRAC. & REM. CODE, as alleged by Plaintiffs. Ford further asserts that subjecting Ford to jurisdiction in the underlying state court or in this Court for the claims asserted by Plaintiffs offends traditional notions of fair play and substantial justice and deprives Ford of its right to due process as guaranteed by the Constitutions of the United States of America and the State of Texas. Ford further reserves its right to enter a Special Appearance challenging jurisdiction in the event this matter is remanded to state court.

2. Ford asserts that this action should be dismissed under the doctrine of *forum non conveniens*. Ford further reserves its right to file a motion for dismissal on *forum non conveniens* grounds in the event this matter is remanded to state court.

3. While Ford does not dispute that venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Ford denies that venue is proper in the underlying state court from which

this action was removed and reserves its right to seek a transfer of venue in the event this matter is remanded to state court. Ford further denies that venue is convenient in this Court and reserves its right to seek transfer of venue to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1406(a).

Mexican Law

4. Ford alleges that Plaintiffs' claims, brought by Mexican citizens and residents and arising from a crash that occurred in the Republic of Mexico, are governed by the law of Mexico. Ford asserts all defenses available and applicable under the law of Mexico, including but not limited to the applicable statute of limitations and statutes regarding recoverable damages.

Michigan Law

5. Ford alleges in the alternative that, in the event Mexican law is not applied, the governing law respecting Ford's liability is the product law of the State of Michigan. *See* MCL 600.2945; *Lawrenchuk v. Riverside Arena, Inc.*, 214 Mich. App. 431, 435; 542 N.W.2d 612 (1995); *Owens v. Allis-Chalmers Corp.*, 414 Mich. 413; 326 N.W.2d 372 (1982); *Fisher v. Kawasaki Heavy Industries, Ltd.*, 854 F. Supp. 467 (E.D. Mich. 1994). Plaintiffs do not allege any connection whatsoever between Plaintiffs, the subject vehicle, or the subject crash and the State of Texas. To the extent the substantive law of Mexico is not applied, the law of Michigan should govern. Ford asserts all defenses available and applicable under the law of Michigan, including but not limited to the applicable statute of limitations and statutes regarding recoverable damages.

Texas Law

6.  Ford alleges in the alternative that in the event Texas law is applied, the following provisions of Texas law should be applied. Ford gives notice of its intent to rely on these defenses if Texas law be applied.

7.  Ford alleges that in accordance with Section 33.013 of the Texas Civil Practices & Remedies Code, Ford may not be held jointly and severally liable for any amount of damages claimed herein <u>unless</u> the percentage of responsibility of Ford, when compared with that of each responsible party, each settling party, and each responsible third party, is greater than fifty percent (50%).

8.  Ford alleges that this case is governed by the 1995 Tort Reform Amendments. As a consequence:

> a.  Plaintiffs may not recover any amount of damages if Plaintiffs' decedent's percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled. TEX. CIV. PRAC. & REM. CODE § 33.001.
>
> b.  Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Ford acted with malice, which Ford denies. TEX. CIV. PRAC. & REM. CODE § 41.003. Ford further requests that the jury be instructed as required by TEX. CIV. PRAC. & REM. CODE § 41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Ford denies.
>
> c.  In the unlikely event of any exemplary damage award, Ford further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of economic damages, as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

9.  Ford alleges that Plaintiffs' proof with respect to all design defect allegations is governed by statute. TEX. CIV. PRAC. & REM. CODE § 82.005. Plaintiffs must prove by a preponderance of the evidence (1) there was a safer alternative design, as that term is statutorily

defined, and (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. Ford requests that the jury be instructed on all statutorily required elements of a design defect case.

10. Ford alleges that Plaintiffs' claims for damages are barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by Plaintiffs' decedent's failure to utilize the available and functional safety restraint devices.

11. Ford alleges that to the extent Ford is not permitted to elicit evidence with respect to the non-use of a seat belt on account of TEX. TRANSP. CODE § 545.413(g), such statute is as applied unconstitutional under the Texas Open Courts provision, and violates due process and equal protection guarantees under the Texas and United States Constitutions.

12. Ford alleges that Plaintiffs' claims of strict liability as to Ford must fail as a matter of law due to the misuse, alteration and/or modification of the subject vehicle such that it was not in the same condition at the time of the subject crash as when it left the possession, custody and control of Ford.

13. Ford alleges that Plaintiffs' claims are barred under the applicable statutes of limitations.

14. Ford alleges that by virtue of the 1995 amendments to the Texas Deceptive Trade Practices--Consumer Protection Act, TEX. BUS. & COM. CODE § 17.41, *et seq.*, recovery under the DTPA is limited to economic damages as defined by statute. TEX. BUS. & COM. CODE § 17.45 (11). Economic damages are statutorily limited to pecuniary loss. By statute, plaintiffs may not recover exemplary damages, damages for physical pain and mental anguish, loss of consortium,

disfigurement, physical impairment, or loss of companionship and society. Furthermore, mental anguish damages may not be awarded unless the trier of fact finds that Ford's conduct was committed intentionally. TEX. BUS. & COM. CODE § 17.50 (b)(1).

15. Ford asserts its entitlement to a credit in the amount of any monies that were paid or will be paid by virtue of any settlements in connection with the captioned case and that Ford have all proper jury submissions in this case. In the event of any settlements, Ford is entitled to an election under §§ 33.012 and 33.014 of the Texas Civil Practice & Remedies Code, which election Ford shall make prior to the submission of issues to the trier of fact.

16. Ford denies the capacity of Plaintiff Juan Jose Chavez De Leon to maintain any action on behalf of the Estate of Maria Del Socorro Sanchez Armendariz unless and until qualified pursuant to Section 71.022, Texas Civil Practice & Remedies Code.

Punitive/Exemplary Damages

17. Ford alleges that in the event any issue respecting punitive damages is submitted to the jury, Ford is entitled to have and does hereby request that the jury be instructed that under the principles of state sovereignty and comity as declared by the United States Supreme Court, neither a state court nor a state court jury may impose economic sanctions for alleged violations of state laws with the intent of changing the defendant's conduct in other states. Any such award, or even consideration by the jury, would furthermore violate the commerce clause. As a consequence, the jury cannot consider the total sales of this model year vehicle anywhere except within the Republic of Mexico.

18. Ford alleges that the applicable choice-of-law standards require that the punitive damage demands against defendant Ford Motor Company be determined under the law of Michigan, as Ford's principal place of business and the purported location of the alleged misconduct that would be punished by any punitive damages award. Under Michigan law, it is well established that generally only compensatory damages are available and that punitive sanctions may not be imposed. *McAuley v. General Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998).

19. Ford alleges that Chapter 41 is unconstitutionally vague as applied to Ford in this case. As a matter of due process under the United States and Texas Constitutions, vagueness may invalidate a law, particularly a criminal or quasi-criminal law, for either of two independent reasons. First, a law is unconstitutionally vague if it fails to give fair notice of what conduct may be punished, forcing people to guess at the statute's meaning and threatening to trap the innocent. Second, a law is unconstitutionally vague if it invites arbitrary and discriminatory enforcement by failing to establish guidelines for those charged with enforcing the law (including juries), and allowing them to pursue their own personal predilections. Chapter 41 suffers from both flaws.

20. Ford alleges that Plaintiffs' claims for punitive or exemplary damages must fail because the subject vehicle complied with all governmental regulations and standards, thereby precluding the malice or gross negligence required for award of such damages.

Generally Applicable Defenses

21. Ford alleges that Plaintiffs' allegations fail, in whole or in part, to state a claim upon which relief may be granted.

22. Ford alleges that Plaintiffs' claims may be barred under the doctrines of laches, waiver, and estoppel.

23. Ford alleges that it cannot be held liable for Plaintiffs' damages to the extent they arise, in whole or in part, from the intervening and superseding negligence of parties over whom Ford had no control.

24. Ford alleges that it may not be held liable for Plaintiffs' damages to the extent such damages were caused by changes, alterations, misuse, or abuse of the subject vehicle by persons not within Ford's control.

25. Ford alleges that Plaintiffs' claims may be barred, in whole or in part, because the subject vehicle conformed to the state of the art and complied with all applicable governmental regulations and standards.

26. Ford alleges that Plaintiffs' claims are barred under applicable provisions of the *Restatement (Second) and Restatement (Third) of Torts*.

27. Ford alleges that Plaintiffs' claims for breach of express and implied warranties must fail because Plaintiffs did not rely upon any such warranties.

28. Ford alleges that Plaintiffs' claims for breach of express and implied warranties must fail because such warranties were properly limited or excluded by Ford.

29. Ford alleges that Plaintiffs' claims against it must fail because no conduct on the part of Ford was a producing or proximate cause of Plaintiffs' alleged damages.

## Prayer

Wherefore, Ford Motor Company respectfully prays: (1) that this case be dismissed under the doctrine of *forum non conveniens* and/or as violative of this defendant's right of due process; (2) alternatively, that this matter be transferred to the United States District Court for the Eastern District of Michigan in the interest of justice; (3) that Plaintiffs take nothing by their claims and that such claims be dismissed with prejudice; (4) that Ford be awarded its costs in defending this matter so wrongfully brought; and (5) that Ford be granted all other relief to which it may show itself justly entitled.

Respectfully submitted,

By: _____
Evan N. Kramer
Texas Bar No. 11704650
S.D. Tex. No. 1246
1111 Bagby, 47th Floor
Houston, Texas 77002
(713) 525-3110 - Tel
(713) 525-6295 - Fax
*Attorney-in-Charge for Defendant*
*Ford Motor Company*

Of Counsel:

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
Jaime A. Saenz
1201 East Van Buren
P.O. Box 2155
Brownsville, TX 78522
(956) 542-7441 - Tel
(956) 541-2170 - Fax

BROWN MCCARROLL, L.L.P
Danielle M. Harsany
1111 Bagby, 47th Floor
Houston, Texas 77002
(713) 525-3110 - Tel
(713) 525-6295 - Fax

**ATTORNEYS FOR DEFENDANT**
**FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below by certified mail, return receipt requested, in compliance with the Federal Rules of Civil Procedure on this ___14th___ day of February, 2003.

**Via Certified Mail,**
**Return Receipt Requested**

Antonio Martinez
Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Attorneys for Plaintiff

Knox D. Nunnally
Don C. Griffin
Phillip
1001 Fannin
2300 First City Tower
Houston, Texas 77002
Attorneys for Defendant,
Bridgestone/Firestone North American Tire,
L.L.C. to Bridgestone/Firestone, Inc.

Kenneth J. Ferguson
Mary R. Pawelek
J.D. Horne
Clark, Thomas & Winters, P.C.
PO Box 1148
Austin, Texas 78767

_____
Evan N. Kramer

AUS.2011866.1
13486 81926

15