United States District Court
Southern District of Texas
FILED

FEB 1 8 2003

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JUAN JOSE CHAVEZ DE LEON, ET AL.,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **C.A. NO. B-03-035** |
| | ) | |
| **BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE CORPORATION OF JAPAN, BRIDGESTONE/FIRESTONE DE MEXICO, GENERAL MOTORS CORPORATION, INC., LUCENT TECHNOLOGIES MAQUILADORAS, INC., RUDOLPH MILES AND SONS, INC. DICEX INTERNATIONAL, INC., AND CARLOS RAMIREZ VILLANUEVA** | ) ) ) ) ) ) ) ) ) ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

**TO:    THE HONORABLE JUDGE OF SAID COURT:**

Defendant Bridgestone/Firestone de MEXICO, S.A. de C.V. ("Firestone Mexico")
submits this brief in support of its Motion to Dismiss, which has been filed contemporaneously
herewith, along with Defendant's Appendix of Exhibits.

### 1.

### INTRODUCTION

**A.    Statement of the Stage of Proceedings**

The above-styled cause was initially brought in the 404th Judicial District Court of
Cameron County, Texas.  Plaintiffs' Original Petition (the "Petition") was filed on November 27,

1

1112705_1.DOC

2002. The Original Petition (which is the Petition served on Firestone Mexico), contained a caption containing (1) the Plaintiffs and (2) ten Defendants, including Firestone Mexico. However, the body of the Original Petition did not discuss the Plaintiffs in the caption, but instead discussed a (1) wholly separate group of Plaintiffs, (2) the ten Defendants named in the caption, and (3) an accident that occurred in August of 1999, involving a Chevrolet Suburban.[1]

On January 14, 2003, the Plaintiffs' filed their First Amended Petition. This Petition had the same Plaintiffs **in the caption** as the Original Petition, but the caption now contains a different group of six Defendants, including Firestone Mexico. The body of the Amended Petition discussed (1) the Plaintiffs named in the caption; (2) the new group of six Defendants; and (3) an accident that occurred in December of 2000, involving a Ford Expedition. Firestone Mexico was served with the original petition on January 23, 2003. On February 7, 2003, the case was removed on diversity grounds. During the process of preparing its removal papers, the Defendant Bridgestone/Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc. ("Firestone") became aware of the Amended Petition. These are the same attorneys who represent Firestone Mexico. However, the First Amended Petition has never been served on Firestone Mexico. This is a brief in support of Defendants' Motion to Dismiss pursuant to Rule 12(b), subparts (2), (4), (5) and (6) and pursuant to the doctrine of *forum non conveniens.*

---

[1] Indeed, the Plaintiffs named in the body of the Original Petition are well known to this Defendant. The Plaintiffs and accident described in the original petition were dismissed on the grounds of *forum non conveniens* by the Eastern District of Texas on August 7, 2001. *See Vasquez et al. v. Bridgestone/Firestone, Inc. et al.*, 192 F. Supp. 2d 715 (E. Dist. Tex. 2001).

1112705_1.DOC

**B.    Statement of the Nature of the Case.**

    **1.    Statement of Facts**

        **a.    The Original Petition**

The original petition describes in its body the following Plaintiffs: Maria Olivia Vasquez, Margarita Santos Torres, Ethna Zuleyma Perez Lara, Mario Alberto Villagran Trevino, Evangelina Castro De Villagran, Gricelda Leticia Torres De Juarez, Jose Guadalupe Juarez Lopez, Jessica Juarez, and Oscar Juarez, all family members of the decedents. Plaintiffs' Original Petition alleges that the decedents, Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez were involved in an automobile accident on August 12, 1999 in Cadereyta, Nuevo Leon, Mexico. At the time of the accident, the decedents were allegedly passengers in a 1996 GMC Chevrolet Suburban 2500 driven by Defendant Carlos Ramirez Villanueva. Plaintiffs allege that the subject vehicle was equipped with a defective FR 480 Bridgestone/Firestone tire. The decedents were allegedly traveling in the GMC Suburban in connection with their work for Lucent Technologies, Inc. Plaintiffs' Original Petition names as Defendants, Firestone, Firestone Mexico, Bridgestone Corporation of Japan ("Bridgestone Japan"), General Motors Corporation, Lucent Technologies, Inc., Lucent Technologies Maquiladoras, Inc., Rudolph Miles and Sons, Inc., Dicex International, Inc., and Carlos Ramirez Villanueva. A copy of the original petition is attached as Exhibit A.

### b.    The Amended Petition.

Plaintiffs' First Amended Original Petition describes in its body only one Plaintiff: Jose Chavez De Leon.  The amended petition alleges that on December 7, 2000, Maria Del Socorro Sanchez Armendariz was driving a 2000 Ford Expedition 14KYT, 4-door sport utility vehicle when the right side tire suffered a detread causing her to lose control of the vehicle.  After Mrs. Chavez lost control of the vehicle, the vehicle slid off an overpass and came to rest on the ground below.  Plaintiffs' First Amended Original Petition does not allege the location of this accident. Mrs. Chavez is alleged to have suffered fatal injuries as a result of the accident.  Plaintiffs' First Amended Original Petition names Juan Chavez De Leon as the Plaintiff, as the surviving spouse of Maria Del Socorro Sanchez Armendariz, on behalf of her estate, and as the next friend to the minor children, Juan Alejandro Chavez Armendariz, David Elias Chavez Armendariz, and Marcela Chavez Armendariz.  Plaintiffs' First Amended Original Petition names as Defendants, Firestone, Bridgestone Japan, Firestone Mexico, Ford Motor Company, USA, Ford Motor Company, SA de CV, Mexico, and Visteon De Mexico, S. De R.L.  A copy of the amended petition is attached as Exhibit B.

### 2.    Allegations of Jurisdiction in Plaintiffs' Complaint.

### a.    The Original Petition.

Plaintiffs' Original Petition alleges that Firestone is a wholly owned subsidiary of Bridgestone Japan.  Plaintiffs further allege that Firestone Mexico is a "unit" of Firestone.[2]  As

---

[2]  In Plaintiffs' allegations of personal jurisdiction, Plaintiffs refer to both Firestone and Firestone Mexico as one party—"Firestone"—claiming that "Firestone designs the tire and provides the design to Firestone Mexico for

4

such, Plaintiffs claim that this Court has personal jurisdiction over Firestone Mexico because Bridgestone Japan maintains continuous and systematic contacts with the State of Texas through its tire business and because Bridgestone Japan's stock is allegedly bought and sold in Texas on a daily basis. Plaintiffs apparently impute the alleged contacts of Bridgestone Japan to Firestone Mexico, thereby reaching the conclusion that this Court has personal jurisdiction over Firestone Mexico. Additionally, Plaintiffs' Original Petition alleges that Firestone Mexico and Bridgestone Japan intermingle directors, employees, and officers and are corporate alter egos. Plaintiffs claim that Firestone and Firestone Mexico manufacture tires under the "Bridgestone" name and that Bridgestone Japan manufactures tires under the "Firestone" name. Plaintiffs allege that Bridgestone Japan's world wide website states that Bridgestone Japan and Firestone Mexico have a strong presence in the worldwide market, that Bridgestone Japan supplies original equipment tires to Firestone facilities in the United States and identifies Firestone facilities in the United States as "Bridgestone plants." Finally, Plaintiffs claim that Bridgestone Japan and Firestone Mexico's annual reports, resources, and finances provide evidence that the companies are united as one company. Based on their allegations that Firestone Mexico is a unit of Firestone and that Firestone is the alter ego of Bridgestone Japan, Plaintiffs conclude that this Court has personal jurisdiction over Firestone Mexico.

### b.    The Amended Petition.

Plaintiffs' First Amended Original Petition also takes the position that Bridgestone Japan, Firestone, and Firestone Mexico "are, for all practical purposes, the same with regard to this

---

manufacture." Further, Plaintiffs claim that Bridgestone Japan, Firestone, and Firestone Mexico are the same entity with regard to this incident.

5

incident. . . ." *See* Plaintiffs' First Amended Original Petition at 4. Plaintiffs allege that Firestone conducts business throughout Texas and that Firestone's principal place of business is located in Orange County, Texas. Plaintiffs further allege that Firestone Mexico is a "branch" of Firestone. However, Plaintiffs' First Amended Original Petition fails to urge any further allegations as to why this Court allegedly has personal jurisdiction over Firestone Mexico.

## 2.

## SUMMARY OF ARGUMENT

This brief will establish that this action must be dismissed, in whole or in part, pursuant to FED. R. CIV. P. 12(b)(2), (4), (5) and (6) for the following reasons.

First, dismissal of this action against Firestone Mexico is appropriate because the Court does not have personal jurisdiction (specific or general) over Firestone Mexico. Specific jurisdiction is absent in this case because neither the alleged transactions nor any of the alleged conduct of Firestone Mexico relating to the transactions occurred in Texas. General jurisdiction is absent because Firestone Mexico does not have either "substantial" or "systematic and continuous" contacts with Texas. Finally, the Court's exercising jurisdiction over Firestone Mexico would offend traditional notions of fair play and substantial justice.

Second, this action should be dismissed under Rule 12(b)(4) and 12(b)(5) because the service upon Firestone Mexico was improper. Plaintiffs were required to perfect service pursuant to procedures established by The Hague Convention. However, Plaintiffs improperly

6

served Firestone Mexico via certified mail, and also failed to provide Firestone Mexico with the required Spanish translations of the summons and complaint.

Third, this action should be dismissed pursuant to the doctrine of *forum non conveniens*. The Plaintiffs reside in Mexico, virtually all the parties and witnesses reside in Mexico. The action concerns an accident in Mexico. All of the causes of action arose in Mexico, but not Texas. The majority, if not all the evidence is located in Mexico. Thus, litigation would be inefficient in Texas. In addition, Texas' interest in this action is slight, since the alleged incident occurred outside of Texas, and did not result from any activity occurring in or directed at Texas. The convenience of the parties and the interests of justice dictate that this action be dismissed and Plaintiffs be allowed to refile in Mexico, which is an adequate alternative forum.

Lastly, Plaintiffs' claims are barred by the statute of limitations. Plaintiffs' amended petition was filed outside the applicable statute of limitations period. Plaintiffs' amended petition does not related back to the time of the filing of Plaintiffs' Original Petition because the amended petition asserts facts based on a wholly new, distinct and different transaction or occurrence. As a result, Plaintiffs' claims against Firestone Mexico are time barred.

7

**3.**

**ARGUMENT**

**A.      Exercising Personal Jurisdiction Over Firestone Mexico Would Violate the Due Process Clause.**

Personal jurisdiction in this case must be determined consistently with due process requirements. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990); *Villar v. Crowley Maritime Corp.*, Civ. A. No. H-91-0743, 1992 W.L. 2553 (S.D. Tex. Jan. 7, 1992). The due process clause requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. at 463). These contacts must result from a defendant's own activities directed toward the forum state. Restated, a defendant must "purposefully avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The purpose of the minimum contacts requirement is to give a defendant a fair warning that a particular activity may subject it to the jurisdiction of a particular forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 472; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 297.

When a corporation "purposefully avails itself of the privilege of conducting activities within the forum State," *Hanson v. Denckla*, 357 U.S., at 253, it has

8

> clear notice that it is subject to suit there, and can act to alleviate the risk of
> burdensome litigation by procuring insurance, passing the expected costs on to
> customers, or, if the risks are too great, severing its connection with the State.

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 297.

Defendants contend that this Court does not have personal jurisdiction over Firestone Mexico.

**B.    Firestone Mexico Does Not Have Sufficient "Minimum Contacts" with Texas so as to Support the Exercise of "General" or "Specific" Jurisdiction.**

Consistent with the concept of due process, courts may exercise either general or specific personal jurisdiction over nonresident defendants. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). In order for general jurisdiction to exist, the nonresident defendant's contacts with the forum state must be "substantial" and "continuous and systematic." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986), *cert. denied*, 481 U.S. 1015 (1987); *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984), *cert. denied*, 470 U.S. 1005 (1985); *Data Disc. Inc. v. Systems Technology Assoc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When a claim of general jurisdiction is alleged, a high level of "contacts" with the forum state is required to support jurisdiction. *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990).

When the activities of a nonresident defendant in a forum are isolated or disjointed, jurisdiction is proper only if the cause of action arises from a particular activity within the forum. In these cases, jurisdiction is said to be specific. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 415 n.8.

1112705_1.DOC

The following discussion establishes that this action cannot be maintained in Texas, because Texas does not have general or specific jurisdiction over Firestone Mexico.

1.    **Firestone Mexico Has Not Submitted Itself to the General Jurisdiction of Texas.**

a.    **Authority.**

When a nonresident defendant's contacts with the forum state are unrelated to the claims asserted, a federal district court can exercise jurisdiction only if a nonresident defendant's activities in the forum state are "substantial, continuous, and systematic." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952). The nonresident defendant's contacts with the forum state are measured as of the time the claim arose. *Farmers Ins. Exch. v. The Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990). As stated above, the level of contact with the forum state required for general jurisdiction is high. *Dalton v. R & W Marine, Inc.*, 897 F.2d at 1362. *See also Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir. 1986); *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).

The following cases aptly demonstrate this rule: *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. at 416 (Texas did not have general jurisdiction over foreign corporation that had sent officers to Texas to negotiate a contract to provide helicopter transportation to a Texas joint venture, accepted checks drawn from a Texas bank, purchased equipment and helicopters from a Texas corporation, and sent personnel to Texas to be trained); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir. 1984), *cert. denied*, 471 U.S. 1066 (1985) (Arizona did not have general jurisdiction over a Philippine corporation that had solicited

10

a distribution contract in Arizona containing an Arizona choice of law provision, made several visits to Arizona, sent many communications to Arizona, and entered into several purchase agreements in Arizona); *Cubbage v. Merchent*, 744 F.2d at 667-68 (California did not have general jurisdiction over defendant doctors not licensed to practice in California, even though the doctors treated a significant number of California residents, advertised in California, and applied for and received Medi-Cal numbers allowing them to receive reimbursement from the state for services rendered to eligible California residents); *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242-43 (9th Cir. 1984) (West German corporation's sales and marketing efforts in California through independent sales representatives, including solicitation of orders, promotion of products to potential customers through the mail and through showroom displays, and attendance at trade shows and sales meetings, were insufficient contacts to justify exercising general jurisdiction in California). The courts in these cases emphasized that nonresident defendants had no regular place of business and were not licensed to do business in the forum state. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. at 416; *Cubbage v. Merchent*, 744 F.2d at 667; *Gates Learjet Corp. v. Jensen*, 743 F.2d at 1331.

In *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987), the court considered whether Texas could exercise general jurisdiction over a nonresident defendant for claims having no relation to Texas. In *Beech*, the court found many contacts with Texas including that Beech (1) manufactured and sold $250 million in products to Texas dealers over five years, (2) occasionally visited Texas dealers to assist with maintenance problems, demonstrate new aircraft, and offer sales incentives, and (3) manufactured airframe assemblies for a Texas

1112705_1.DOC

company. Nevertheless, the court held this did not amount to continuous and systematic contact with Texas. *Id.* at 375-76.

In support of its holding, the court emphasized that Beech was a Delaware corporation with its principal place of business in Kansas, where it designed, manufactured, and sold airplanes and related products. Beech never qualified to do business in Texas, nor did it maintain an agent for service of process in Texas. Beech had no telephone listing, no warehouse or manufacturing facilities, and no bank accounts in Texas. Additionally, the evidence showed that Beech maintained no insurance in Texas, owned no real estate in Texas, paid no state tax, and had no employees or director permanently assigned to work in Texas. *Id.* at 372. Accordingly, the court held that Beech was not subject to the jurisdiction of this court's sitting in Texas. *Id.* at 377.

### b.    Argument.

Firestone Mexico objects to exercise of jurisdiction over its person. In support of that objection, Firestone Mexico has filed a Declaration containing specific, verified jurisdictional facts conclusively showing that a court in Texas should not, and under the law cannot, extend long-arm jurisdiction to these entities. The Declarations establish the following:

1.    Firestone Mexico is a Mexican corporation organized and doing business under the laws of Mexico with its principal place of business in Mexico City, Mexico. *See* Declaration of Gerardo Balderas ¶ 4, attached hereto as Exhibit C.

2.    Firestone Mexico's primary business is manufacturing and selling tires in Mexico, and Firestone Mexico maintains its business operations in Mexico. *See* Declaration of Gerardo Balderas ¶ 5, attached hereto as Exhibit C.

12

3.    Firestone Mexico is a separate corporate entity from Bridgestone/Firestone North American Tire, L.L.C. and Bridgestone Corporation, and is separately and adequately capitalized. *See* Declaration of Gerardo Balderas ¶ 6, attached hereto as Exhibit C.

4.    Firestone Mexico did not and does not have any tire manufacturing facilities in Texas. *See* Declaration of Gerardo Balderas ¶ 10, attached hereto as Exhibit C.

5.    Firestone Mexico sells a vast majority of the tires it manufactures in Mexico through its authorized dealers as replacement tires in Mexico and to Mexico vehicle manufacturers. Although the exact percentages have varied during the relevant time period, these sales account for approximately 85% to 90% of all tires manufactured by Firestone Mexico. *See* Declaration of Gerardo Balderas ¶ 11, attached hereto as Exhibit C.

6.    During the relevant time period, Firestone Mexico intermittently sold a small percentage of tires it manufactured, 10% to 15%, to Bridgestone/Firestone, Inc. and its successor company, Bridgestone/Firestone North American Tire, L.L.C. Firestone Mexico had no control as to whom Bridgestone/Firestone, Inc. and its successor company, Bridgestone/Firestone North American Tire, L.L.C. sold these tires. *See* Declaration of Gerardo Balderas ¶ 12, attached hereto as Exhibit C.

7.    Firestone Mexico does not have any tire warranty or tire service facilities within Texas through independent contractors. *See* Declaration of Gerardo Balderas ¶ 13, attached hereto as Exhibit C.

8.    Firestone Mexico does not have any subsidiaries. *See* Declaration of Gerardo Balderas ¶ 14, attached hereto as Exhibit C.

Thus, Firestone Mexico does not have "substantial" or "continuous and systematic" contacts with Texas to warrant an exercise of general jurisdiction over it. As to Firestone Mexico, jurisdiction should be dismissed.

Further, the attempt by Plaintiffs to attribute the contacts of Firestone to Firestone Mexico by alleging alter ego must fail. As evidenced by the Declaration of Gerardo Balderas, these entities are independent entities. *See* Declaration of Gerardo Balderas, attached hereto as

13

1112705_1.DOC

Exhibit C. Firestone and Firestone Mexico have separate Board of Directors, separate and sufficient capital, no common employees, no common property, separate daily operation and each observes all corporate formalities. The Declaration of Gerardo Balderas provides the following evidence that Firestone and Firestone Mexico are separate and independent entities:

1.    Firestone Mexico is a separate corporate entity from Bridgestone/Firestone North American Tire, L.L.C. and Bridgestone Corporation, and is separately and adequately capitalized. *See* Declaration of Gerardo Balderas ¶ 6, attached hereto as Exhibit C.

2.    Firestone Mexico has its own board of directors and does not share a common board with Bridgestone/Firestone North American Tire, L.L.C. or Bridgestone Corporation. *See* Declaration of Gerardo Balderas ¶ 7, attached hereto as Exhibit C.

3.    Firestone Mexico has its own management which functions in the best interests of Firestone Mexico. *See* Declaration of Gerardo Balderas ¶ 8, attached hereto as Exhibit C.

4.    Firestone Mexico maintains separate books and accounts, and files its own tax returns in Mexico. *See* Declaration of Gerardo Balderas ¶ 9, attached hereto as Exhibit C.

5.    Firestone Mexico does not have any subsidiaries. *See* Declaration of Gerardo Balderas ¶ 14, attached hereto as Exhibit C.

As illustrated above, Firestone Mexico is not the corporate alter ego of Firestone, and thus Firestone's contacts cannot be imputed to Firestone Mexico.

**2.    Firestone Mexico Has Not Submitted Itself to the Specific Jurisdiction of Texas.**

In order for specific jurisdiction to apply, the causes of action must arise from a particular activity of the nonresident defendant within the forum. ***Burger King Corp. v. Rudzewicz***, 471 U.S. at 472; ***Helicopteros Nacionales de Colombia, S.A. v. Hall***, 466 U.S. at 415 n.8. The

14

causes of action asserted herein do not arise out of or relate to any contacts of Firestone Mexico with Texas. This action is based on an accident in Mexico. All of Plaintiffs' causes of action arise out of that transaction.

As stated in the Declaration of Gerardo Balderas, Firestone Mexico does not conduct any business in Texas. Thus, because the causes of action asserted against Firestone Mexico do not arise from any activity in Texas, there is no basis on which this Court can exercise specific jurisdiction over Firestone Mexico.

**C.    Exercising Personal Jurisdiction over Firestone Mexico Would Offend Traditional Notions of Fair Play and Substantial Justice.**

Even assuming Firestone Mexico had contacts with Texas, the court cannot exercise jurisdiction over Firestone Mexico if it would offend "'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. at 316. *Villar v. Crowley Maritime Corp.*, 1992 W.L. 2553 at 10. The determination of whether exercising jurisdiction over a nonresident defendant offends traditional notions of fair play and substantial justice depends on several factors. The principal factors are: (1) the extent of the purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *FDIC v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir.

1112705_1.DOC

1987); ***Brand v. Menlove Dodge***, 796 F.2d at 1075; *see also **Asahi Metal Indus. Co. v. Superior***
***Court***, 480 U.S. at 113; ***World-Wide Volkswagen Corp. v. Woodson***, 444 U.S. at 292.

A consideration of these factors reveals the unreasonableness of forcing Firestone
Mexico to defend itself in Texas.  First, Firestone Mexico has not purposefully interjected itself
into Texas, and all the events underlying the transaction made the basis of this suit took place
outside of Texas.  Second, the burden on Firestone Mexico, which is located in Mexico, in
having to defend itself in Texas would be great.  Courts have recognized that "[t]he undue
burdens placed upon one who must defend oneself in a foreign legal system should have
significant weight in assessing the reasonableness of stretching the long arm of personal
jurisdiction over national borders."  ***Asahi Metal Indus. Co. v. Superior Court***, 480 U.S. at 114;
***Fields v. Sedgwick Associated Risks, Ltd.***, 796 F.2d at 302.

Third, because neither the accident made the basis of this lawsuit nor any of the conduct
relevant to this action occurred in Texas, the majority of the witnesses and evidence will be
located outside the state.  Thus, not only would Firestone Mexico be forced to travel great
distances to defend the action in Texas, documents and witnesses would have to be transported
here from Mexico.  It would be inefficient and burdensome to conduct discovery and a trial in
Texas when all the witnesses and evidence are far outside the state.  The dispute would be more
efficiently resolved where the evidence and the witnesses are located.  *See **Brand v. Menlove***
***Dodge***, 796 F.2d at 1075 ("The site where the events in question took place or where most of the
evidence is located usually will be the most efficient forum.")

16

1112705_1.DOC

Fourth, while the Plaintiffs may think it is convenient to bring this suit in Texas, there is no reason to think their action is any less viable in Mexico. Moreover, the primary concern in determining whether an exercise of personal jurisdiction is reasonable is the burden on the Defendant rather than the burden on the Plaintiffs. *Insurance Co. of North Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1272 (9th Cir. 1981). ("If the burdens of trial are too great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to sue elsewhere. A defendant has no such luxury. The burdens on a defendant are of particular significance if, as here, the defendant has done little to reach out to the forum state.")

Finally, Texas's interest in the litigation is slight. The accident complained of occurred outside of Texas and was not the result of any activity occurring in or directed at Texas. Thus, Texas has no interest in this lawsuit. Moreover, resolution of this dispute involves the application of foreign law. Resolution of this dispute in Texas will in no way further the judicial system's interest in efficient dispute resolution or the interests of the several states. On the other hand, Mexico has much stronger interests in this litigation. Mexico has an interest in providing a forum to persons who are injured there. Mexico is where the tire and the Ford Expedition were manufactured and sold. In sum, even if the contacts with Texas could be said to be continuous and systematic, the exercise of personal jurisdiction over these Defendants would not be fair and reasonable and would offend traditional notions of fair play and substantial justice. *Villar v. Crowley Maritime Corp.*, 1992 W.L. 2553 at 10.

17

1112705_1.DOC

**D.    Dismissal Is Warranted Because Plaintiffs Have Failed To Properly Serve Movant.**

Dismissal Is Warranted Under Rules 12(b)(4) and (5).  Plaintiffs have failed to serve Firestone Mexico.  *See* FED.R.CIV.P. 12(b)(5) (dismissal appropriate for insufficiency of service of process).  The service upon Firestone Mexico was by certified mail.  However, The Hague Convention, which governs service on a foreign corporation like Firestone Mexico, does not permit service by mail.  ***See Sheets v. Yamaha Motors Corp., U.S.A.***, 891 F.2d 533, 536–37 (5th Cir. 1990) (stating that Article 1 of the Hague Convention provides that the Convention shall apply in all cases and that service pursuant to Hague Convention procedures is required if the method of serving process involves the transmittal of documents abroad); ***see also Broad v. Mannesmann Anlagenbau AG***, 196 F.3d 1075, 1076–77 (9th Cir. 1999) (stating that The Hague Convention requires plaintiffs who sue foreign defendants in signatory countries to request that a designated central authority execute service of process); ***Bankston v. Toyota Motor Corp.***, 889 F.2d 172 (8th Cir. 1989) (holding that sending a copy of a summons and complaint by registered mail to a defendant in a foreign country is not a method of service of process permitted by The Hague Convention).  As a result, Plaintiffs service of process upon Firestone Mexico by certified mail was insufficient service of process.

Additionally, Plaintiffs failed to provide Firestone Mexico with a copy of the summons and complaint translated into Spanish as required under The Hague Convention.  Under The Hague Convention, judicial documents must be translated into the official language of the country in which they are served.  ***See Vorhees v. Fischer & Krecke***, 697 F.2d 574, 575 (4th Cir. 1983) (holding that service was improper because the plaintiff failed to provide the foreign

18

defendant with a translated copy of the summons and complaint); *see also Teknekron Management, Inc. v. Quante Fernmeldetechnik GmbH*, 115 F.R.D. 175, 177 (D. Nev.1987) (holding that service upon foreign defendant was defective because the plaintiff failed to provide translations). Thus, Plaintiffs were required to provide Firestone Mexico with a Spanish version of the summons and complaint. Plaintiffs' failure to provide this translation warrants a dismissal of their claims based on insufficient service of process.

Under The Hague Convention, Plaintiffs are required to serve Firestone Mexico through the Mexican Central Authority and provide a Spanish translation of the summons and complaint. Here, Plaintiffs served Firestone Mexico by certified mail and failed to provide Firestone Mexico with a Spanish translation of their complaint. As such, Plaintiffs failed to comply with the methods established by The Hague Convention for proper service of process upon a foreign defendant. Accordingly, Plaintiffs' claims against Firestone Mexico should be dismissed pursuant to Rules 12(b)(4) and (5).

**E.    Texas Is Not the Most Convenient Forum, and This Case Should Be Dismissed on Grounds of *Forum Non Conveniens.***

The authority of a federal court to dismiss an action based on the doctrine of *forum non conveniens* is well established. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). The doctrine of *forum non conveniens* presupposes that a defendant is amenable to process in at least two forums; the doctrine furnishes criteria for choice between them. *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 506-08. The central purpose of a *forum non conveniens* inquiry is to ensure that the situs of a trial is convenient both to the

19

litigants and to the Court. Under this doctrine, a trial court can decline to exercise its jurisdiction, even though the court has jurisdiction and venue over the parties, when it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum. Dismissal is ordinarily the appropriate remedy where the trial in the Plaintiffs' chosen forum imposes a heavy burden on the defendant or the court. *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508.

F.      **An Alternative Forum Exists to Determine this Controversy.**

The first step in a *forum non conveniens* analysis is to determine whether an adequate alternative forum is available. *Piper Aircraft Co. v. Reyno*, 454 U.S. at 254 n.22. *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243 (5th Cir. 1983). An alternative forum, to be an adequate forum, need not provide all the remedies and benefits that might be available in an American court as long as the remedies provided are not so clearly inadequate or unsatisfactory that there is no remedy at all. *Piper Aircraft Co. v. Reyno*, 454 U.S. at 254; *In re Aircraft Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987).

The courts of Mexico are adequate alternative forums for Plaintiffs. Mexico provides remedies for injuries such as the ones claimed here. Thus, adequate alternative forums are available, and the first step of the *forum non conveniens* test is satisfied.

G.      **The Private and Public Interests Factors Tip Decidedly in Favor of Dismissal.**

The second step in the *forum non conveniens* analysis requires the Court to balance both the private interest of the litigants and the public interest of the forum. *Gulf Oil Corp. v. Gilbert*,

20

330 U.S. 501 (1947); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981). The Supreme Court has enumerated the factors to be considered when resolving a *forum non conveniens* motion. The private interest factors to be considered by the Court relate primarily to the convenience of the litigants and include the following: the relative ease of access to sources of proof; the availability of a compulsory process to secure the attendance of unwilling witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508.

The public interest factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies resolved at home; the familiarity of the forum with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law or in application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508-09. The *Gilbert* Court explained the justification for considering public interest factors as follows:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having a trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508-09.

1112705_1.DOC

Applying the foregoing interest factors to this case, this Court will find that both the private and public interest factors weigh heavily in favor of dismissal. The only true connection with this forum is the fact that Plaintiffs and the lawyers reside here. Convenience to counsel is of small importance in balancing these factors. *See Car-Freshner Corp. v. AutoAid Mfg. Corp.*, 438 F. Supp. 82, 85 (N.D.N.Y. 1977).

1.      **The Private Interests of the Defendants Will Be Impermissibly Infringed Upon if This Case is Tried in Texas.**

This case has overwhelming connections with Mexico. Plaintiffs are residents of Mexico. *See* Plaintiffs' First Amended Original Petition at 3. The majority of the witnesses will be from Mexico. Clearly, Texas is not a convenient forum for the majority of the fact witnesses. More importantly, many, if not most, of the critical witnesses are beyond the reach of compulsory process, and the absence of an ability to compel their appearance will most assuredly affect the outcome of this case. Likewise, the cost of attendance for willing witnesses weighs in favor of dismissal.

Fewer evidentiary problems will arise if the trial is held in Mexico. Notably, the largest portion of the relevant physical evidence is located in Mexico. Trial would be aided by a view of the premises and by easy access to the premises, both of which are in Mexico. Because critical witnesses and evidence are beyond the reach of compulsory process it would be unfair to force Defendants to proceed to trial in this forum.

1112705_1.DOC

2.    **The Public Interests of the Court Outweigh Plaintiffs' Choice of Forum.**

Consideration of the public interest factors also points toward dismissal on the basis of *forum non conveniens*. The case is centered on the incident that occurred in Mexico. This case can hardly be characterized a local controversy. The people of Texas should not be burdened with jury duty "to hear and decide a dispute that has no connection with this community." *See Sibaja v. Dow Chemical Co.*, 757 F.2d 1215 (11th Cir. 1985), *cert. denied*, 474 U.S. 948 (1985). In contrast, however, Mexico has strong contacts with this case.

In addition to imposing a burden on the community to provide jurors to hear and decide a dispute with no connection to the community, the Plaintiffs' suit will also impose a burden on this Court's docket and would impede the ability of the local litigants to try their cases. *See Zipfel v. Halliburton Co.*, 820 F.2d 1438, 1447 (9th Cir. 1987), *cert. denied*, 486 U.S. 1054 (1988). As the Court knows, the district courts of the Southern District of Texas are among the most congested in the United States, despite their also being among the most productive. This case will impose a tremendous burden on an already burdened and congested court. This factor also weighs heavily in favor of dismissal.

Finally, a public interest factor that favors dismissal and deferring to the courts of Mexico is avoidance of the unnecessary problem of "the application of foreign laws." *Sibaja v. Dow Chemical Co.*, 757 F.2d at 1217, N 4. Foreign law will predominate this dispute if jurisdiction is retained. As previously demonstrated, Texas does not have the most significant relationship with the events giving rise to the incident. In fact, Texas has no relationship to the incident at all. As the Supreme Court observed in *Piper Aircraft Co. v. Reyno*, "the doctrine of *forum non*

23

*conveniens* is designed in part to help courts avoid conducting complex exercises in comparative law...," and thus, "the public interest factors point towards dismissal where the court would be required to untangle problems in conflict of laws, and in applying law foreign to itself." 454 U.S. at 251 (quoting from *Gulf Oil Corp.*). Clearly, the courts of Mexico are better suited to ascertain and apply the governing principles of law necessary to resolve this dispute.

Since there is no significant federal or Texas interest in this case and based upon the application of private and public interest factors, the Court should dismiss this case for refiling in a more convenient forum. This is particularly true, in light of the fact that this lawsuit has absolutely no connection with Texas. Defendants submit that Plaintiffs will candidly admit that this lawsuit was only filed in Texas because its laws regarding liability, capacity to sue, and damages are more favorable to Plaintiffs' position than those of Mexico. Any deference to Plaintiffs' choice of forum pales in comparison to "the undue imposition on both Texas court personnel and Texas jurors to have this case adjudicated in Texas." *Villar v. Crowley Maritime Corp.*, 1992 W.L. at 14.

## H.    Plaintiffs' Claims Are Barred by the Statute of Limitations.

Plaintiffs' claims against Firestone Mexico are barred by the statute of limitations for three reasons. First, Plaintiffs' Original Petition fails to provide adequate notice to Firestone Mexico of the facts giving rise to Plaintiffs' claims. Second, Plaintiffs' amended petition cannot relate back to the date of the filing of their original petition because it asserts facts based on a

24

wholly new, distinct and different transaction or occurrence. Third, Plaintiffs failed to serve their amended petition on Firestone Mexico.

According to section 71.031 of the Texas Civil Practice and Remedies Code, Plaintiffs must file any claims arising from this accident within the limitations period prescribed by the laws of the foreign country in which the alleged wrongful act or omission took place, and within the limitations period prescribed for this action under Texas law.[3] Section 16.003 of the Texas Civil Practice and Remedies Code provides that under Texas law, Plaintiffs have two years from the date of the accident to file any claims for personal injury or death arising from the accident. Accordingly, assuming Plaintiffs' claims arose from the December 7, 2000 accident, the statute of limitations expired on their claims on December 7, 2002.

1.    **Plaintiffs' Original Petition Failed to Provide Adequate Notice of the Facts Upon Which Plaintiffs Now Rely.**

For the purpose of this argument, it is assumed that the subject accident occurred on December 7, 2000, as stated in the amended petition. Plaintiffs' Original Petition was filed on November 27, 2002 and asserts claims arising from an accident that occurred on August 12, 1999. On its face, the original petition illustrates that Plaintiffs are time barred from any recovery based on the facts contained in the original petition. Plaintiffs are likewise barred from any recovery for their alleged claims arising from the December 7, 2000 accident because Plaintiffs' failed to provide adequate notice of these claims within the limitations period.

---

[3]  Plaintiffs' First Amended Original Petition does not contain allegations as to where the December 7, 2000 accident occurred. Nonetheless, Plaintiffs must still file their complaint within the limitations period prescribed by Texas law.

1112705_1.DOC

Plaintiffs' Original Petition did not toll the statute of limitations in this case. The filing of a petition is not sufficient to toll the statute of limitations unless it gives fair notice of the *facts* relied upon by the plaintiff, such that it enables the defendant to prepare a defense to the cause of action. *See Garvey v. Vawter*, 795 S.W.2d 741, 742 (Tex. 1990) (emphasis added); *see also Gilmore v. Lopez*, 974 S.W.2d 67 (Tex. App.—San Antonio 1998, writ denied). Because Plaintiffs' Original Petition alleges facts arising from an accident that occurred on August 12, 1999, it failed to provide adequate notice to Firestone Mexico of the facts upon which Plaintiffs now rely in their amended petition. For example, Plaintiffs amended petition alleges a new date and location of the accident in question, tire type, passengers involved, and injuries. These new allegations come after the statute of limitations expired. As a result, Plaintiffs' original petition failed to give Defendants adequate notice of the facts upon which Plaintiffs now rely within the applicable statute of limitations period. Thus, Plaintiffs' claims in this case are barred by the statute of limitations.

**2.    Plaintiffs' Amended Petition Cannot Relate Back to Plaintiffs' Original Petition.**

Plaintiffs' amended petition was filed on January 14, 2003, after the applicable statute of limitations period expired. Plaintiffs' amended petition cannot relate back to the date of the filing of Plaintiffs' Original Petition. The Texas Civil Practice and Remedies Code provides:

> If a filed pleading relates to a cause of action . . . that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct or different transaction or occurrence.

26

1112705_1.DOC

TEX. CIV. PRAC. & REM. CODE ANN. § 16.068. Thus, Plaintiffs' amended petition can only relate back to the date of the filing of Plaintiffs' Original Petition if (1) the original petition was not barred by limitations when filed, and (2) the amended petition does not assert facts wholly based on a new, distinct or different transaction or occurrence. *See Cooke v. Maxam Tool & Supply, Inc.*, 854 S.W.2d 136, 141 (Tex. App.—Houston [14th Dist.] 1993, writ denied). Here, Plaintiff's original petition was filed prior to the expiration of the statute of limitations. However, the amended petition is wholly based on a new, distinct or different occurrence. For example, Plaintiffs allege in their original petition that the accident occurred on August 12, 1999. Plaintiffs then allege in their amended petition that the accident occurred on December 7, 2000. Additionally, Plaintiffs' Original Petition alleges a defect in a FR 480 Bridgestone/Firestone tire, while Plaintiffs' amended petition refers to a Wilderness AT tire. Finally, no Plaintiff referred to in the original petition is named as a plaintiff in the amended petition. Thus, Plaintiffs' amended petition is based on a new, distinct or different accident involving different Plaintiffs. As a result, Plaintiffs' amended petition fails to relate back to the date of the filing of Plaintiffs' original petition.

### 3.    Plaintiffs Failed to Serve Firestone Mexico with the Amended Petition.

Plaintiffs have yet to serve Firestone Mexico with their amended petition. The mere filing of a lawsuit is not sufficient to meet the requirements of bringing lawsuit within the statute of limitations. *See Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied). A plaintiff must file its claim and have the defendant served with process within the statute of limitations. *Id.* When a plaintiff does not serve the defendant within the limitations

27

1112705_1.DOC

period, the date of service *only* relates back to the date of filing if the plaintiff "exercises diligence in effecting service." *Id.* (emphasis added). The duty to exercise diligence continues until service of process is achieved. *Id.* To date, Firestone Mexico has not been served with Plaintiffs' amended petition. Accordingly, Plaintiffs' claims should be dismissed as they are barred by the statute of limitations.

## 4.

## CONCLUSION

"As a moth is drawn to light, so is a litigant drawn to the United States, not merely for illumination but in search of a wider choice of remedies, a more favorable set of procedures, and a larger award." *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1146-1147 (5th Cir. 1984)[4] (quoting *Smith Kline & French Lab., Ltd. v. Block,* [1983] 1 W.L.R. 730, 733-34, 2 All.E.R. 72, 74 (C.A. 1982) (Denning, M.R.).

This case involves an accident alleged to have occurred in Mexico involving predominantly Mexican residents and entities. The only true connections between this lawsuit and Texas is the location of the Plaintiffs and their lawyers. "If a suit such as this can be heard in [the Southern District of] Texas, then truly this District will become a forum for the world." *Cuevas v. Reading & Bates Corp.*, 770 F.2d 1371, 1382 (5th Cir. 1985)[5] (quoting the district court). That "Texas has constituted itself the world's forum" does not require that this Court do so. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988).

---

[4]    *Overruled on other grounds by 821 F.2d 1147 (5th Cir. 1987).*
[5]    *Overruled on other grounds, New Orleans, 821 F.2d at 1163 n.25.*

28

1112705_1.DOC

For all the foregoing reasons, the Court should dismiss Plaintiffs' Complaint.

Respectfully submitted,

VINSON & ELKINS L.L.P.

Knox D. Nunnally
Adm. #1282; TBA #15141000
Phillip B. Dye, Jr.
Adm. #7216; TBA #06311500
Don C. Griffin
TBA #08456975
2500 First City Tower
1001 Fannin
Houston, Texas  77002-6760
Telephone: (713) 758-2048
Telecopy: (713) 615-5766
**ATTORNEY IN CHARGE FOR DEFENDANT,
BRIDGESTONE/FIRESTONE
de MEXICO, S.A. de C.V.**

29

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been provided to all counsel of record via telefax and/or certified mail, return receipt requested, on this the ___ day of February, 2003.

Benigno (Trey) Martinez
Martinez, Barrera & Martinez, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
*Telephone: (956) 546-7159*
*Facsimile: (956) 544-0602*
*Attorneys for Plaintiffs*


PHILLIP B. DYE, JR.

1112705_1.DOC

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JUAN JOSE CHAVEZ DE LEON,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **vs.** | ) | **C.A. NO. B-03-035** |
| | ) | |
| **BRIDGESTONE/FIRESTONE, INC.,** | ) | |
| **BRIDGESTONE CORPORATION OF** | ) | |
| **JAPAN, BRIDGESTONE/FIRESTONE** | ) | |
| **DE MEXICO, GENERAL MOTORS** | ) | |
| **CORPORATION, INC., LUCENT** | ) | |
| **TECHNOLOGIES MAQUILADORAS,** | ) | |
| **INC., RUDOLPH MILES AND SONS,** | ) | |
| **INC. DICEX INTERNATIONAL, INC.,** | ) | |
| **AND CARLOS RAMIREZ** | ) | |
| **VILLANUEVA** | ) | |
| | ) | |

**EXHIBITS TO
BRIEF IN SUPPORT OF MOTION TO DISMISS**

| | |
|---|---|
| Exhibit A | Plaintiffs' Original Petition |
| Exhibit B | Plaintiffs' First Amended Original Petition |
| Exhibit C | Declaration of Gerardo Balderas |

31

1112705_1.DOC

# EXHIBIT A

CAUSE NO. _XC il-4705 E_

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS SURVIVING | § | |
| SPOUSE OF MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, DECEASED | § | |
| AND ON BEHALF AND AS INDEPENDENT | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, DECEASED AND ON | § | |
| BEHALF OF ALL PERSONS ENTITLED TO | § | |
| RECOVER FOR THE WRONGFUL DEATH | § | |
| OF MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ; AND AS NEXT FRIEND TO | § | |
| THE MINOR CHILDREN: | § | CAMERON COUNTY, TEXAS |
| JUAN ALEJANDRO CHAVEZ ARMENDARIZ, | § | |
| DAVID ELIAS CHAVEZ ARMENDARIZ, | § | |
| AND MARCELA CHAVEZ ARMENDARIZ | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIEND OF | § | |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| GENERAL MOTORS CORPORATION, INC., | § | |
| LUCENT TECHNOLOGIES, INC., | § | |
| LUCENT TECHNOLOGIES | § | |
| MAQUILADORAS, INC., | § | |
| RUDOLPH MILES AND SONS, INC., | § | |
| DICEX INTERNATIONAL, INC., AND | § | |
| CARLOS RAMIREZ VILLANUEVA | § | _40_ JUDICIAL DISTRICT |



## PLAINTIFFS' ORIGINAL PETITION

## TO THE HONORABLE JUDGE OF SAID COURT:

Maria Olivia Vasquez, Individually and as representative of the Estate of Valente

Ibarra Ibarra, Deceased, and as next friend of Olivia Lizeth Ibarra Vazquez and Jesus Alan

Ibarra Vasquez, minor children, Margarita Santos Torres, Individually and as representative of the Estate of Jesus Hipolito Davila Paz, Deceased, and as next friend of Jesus Octavio Davila Santos, Zaideth Margarita Davila Santos, Andrea Denisse Davila Santos, and Valeria Nayel Davila Santos, minor children, and Ethna Zuleyma Perez Lara, Individually and as representative of the Estate of Sergio Alberto Zavala Ponce, Deceased, and as next friend of Sergio Alberto Zavala Perez, minor child, Mario Alberto Villagran Trevino, and Evangelina Castro de Villegran, Individually and as representatives of the Estate of Gabriela Villagran Castro, Deceased, and Gricelda Leticia Torres De Juarez, Jose Guadalupe Juarez Lopez, Jessica Juarez and Oscar Juarez, Individually and as Representatives of the Estate of Ivonne Juarez, Deceased, collectively referred to as the Plaintiffs, file their Plaintiffs' First Amended Petition complaining of Bridgestone/Firestone Tire, Inc. and Bridgestone/Firestone de Mexico S.A. (Defendants Firestone), Defendant Bridgestone Corporation of Japan (Defendant Bridgestone), General Motors Corporation (Defendant General Motors or GMC), Lucent Technologies, Inc., Lucent Technologies Maquiladoras, Inc.(Defendants Lucent), Rudolph Miles and Sons, Inc. (Defendant Miles), Dicex International, Inc. (Defendant Dicex), and Carlos Ramirez Villanueva (Defendant Ramirez), hereinafter collectively referred to as Defendants. Plaintiffs show unto this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 2 pursuant to Texas Rule of Civil Procedure 190.3. Plaintiffs reserve the right to seek an order from this Court to allow

Plaintiffs to conduct discovery under Level 3, if the parties agree to this designation or circumstances warrant it.

## II. PARTIES TO THIS LITIGATION

### A. Plaintiffs

1. Plaintiff MARIA OLIVIA VASQUEZ is an individual and citizen of Mexico who is the legal spouse of Valente Ibarra Ibarra, deceased, and the natural mother of OLIVIA LIZETH IBARRA VASQUEZ and JESUS ALAN IBARRA VASQUEZ, minor children of the marriage.

2. Plaintiff MARGARITA SANTOS TORRES is an individual and citizen of Mexico who is the legal spouse of Jesus Hipolito Davila Paz, deceased, and the natural mother of JESUS OCTAVIO DAVILA SANTOS, ZAIDETH MARGARITA DAVILA SANTOS, ANDREA DENISSE DAVILA SANTOS, and VALERIA NAYEL DAVILA SANTOS, minor children of the marriage.

3. Plaintiff ETHNA ZULEYMA PEREZ LARA is an individual and citizen of Mexico who is the legal spouse of Sergio Alberto Zavala Ponce, deceased, and the natural mother of SERGIO ALBERTO ZAVALA PEREZ, a minor child of the marriage.

4. Plaintiffs MARIO ALBERTO VILLAGRAN TREVINO and EVANGELINA CASTRO DE VILLAGRAN are individuals and citizens of Mexico who are the natural parents of Gabriela Villagran Castro, deceased.

5. Plaintiffs JOSE GUADALUPE JUAREZ LOPEZ and GRICELDA LETICIA

TORRES DE JUAREZ are individuals and citizens of Mexico who are the natural parents of Ivonne Juarez, deceased, and JESSICA JUAREZ and OSCAR JUAREZ are individuals who are the natural brother and sister of Ivonne Juarez, deceased.

**B.    Defendants**

6.    Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is a corporation incorporated under the laws of the State of Ohio, and is authorized to do business and is doing business throughout the State of Texas.  Defendant Firestone has declared its principal place of business to be Orange, Texas, Orange County.  Defendant Firestone may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested.  No Service is being requested at this time.

7. Defendant BRIDGESTONE/FIRESTONE DE MEXICO S.A. (also referred to as Defendant Firestone since Defendant Bridgestone/Firestone, Inc. designs the tire and provides the design to Firestone de Mexico for manufacture) is a branch of Defendant Bridgestone/Firestone, Inc.. Defendant Bridgestone/Firestone de Mexico S.A. may be served by registered mail containing a true and correct coy of this Plaintiffs' First Amended Petition to its Chairman, C.E.O., President at Darwin 74, COL. Anzures del, M. Hidalgo, Apartado Postal 53-1000, 11590 Mexico D.F. Mexico.  No Service is being requested at this time.

8. Defendant BRIDGESTONE CORPORATION of Japan (Defendant Bridgestone) is a Japanese corporation or business association.  Defendant Bridgestone does business

---

throughout the State of Texas, but does not maintain a registered agent for service of process in Texas. Defendant Bridgestone may be served by registered mail containing a true and correct copy of this Plaintiffs' Original Petition to its President, Chairman, and C.E.O., Yoichiro Kaizaki, or his designated successor, Shigeo Watanabe, or any other corporate officer, pursuant to the manner provided by Japanese law for service of documents in domestic actions on persons within its territory, at Bridgestone Corporation, 10-1 Kyobashi 1-Chome, Chuo-Ku, Tokyo 104-8340, Japan. No Service is being requested at this time.

Defendants Bridgestone and Firestone are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the three corporations will be collectively referred to as Defendants Bridgestone/Firestone.

9. Defendant GENERAL MOTORS CORPORATION (Defendant GMC) is a corporation organized and existing under the laws of Delaware, and is authorized to conduct business in Texas and is doing business throughout the State of Texas. It may be served with process by serving its registered agent for service of process, C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201. No Service is being requested at this time.

10. Defendant LUCENT TECHNOLOGIES, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business throughout the State of Texas, including, but not limited to Brownsville, Texas. With regard to the decedents, Defendant Lucent was coordinating and conducting business

activities in McAllen, Texas, Brownsville, Texas, and Laredo, Texas. Defendant Lucent Technologies, Inc. may be served with process by serving its registered agent for service, Prentice Hall Corp. System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested. No Service is being requested at this time.

11.   Defendant LUCENT TECHNOLOGIES MAQUILADORAS, INC. is a corporation incorporated under the laws of the State of Delaware, and is authorized to do business and is doing business within the State of Texas. Defendant Lucent Technologies Maquiladoras, Inc. may be served   Defendant Lucent Technologies Maquiladora, Inc. May be served with process by serving its registered agent for service, Prentice Hall Corp. System, 800 Brazos, Austin, Texas 78701, by certified mail, return receipt requested. No Service is being requested at this time.

Defendants Lucent Technologies, Inc. and Lucent Technologies Maquiladoras, Inc. are, for all practical purposes, the same with regard to the incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the two corporations will be collectively referred to as Defendants Lucent.

12.   Defendant RUDOLPH MILES AND SONS, INC. (Defendant Miles) is a corporation organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Miles may be served by registered mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to its registered agent W. Dean Hester, 1100 Chase Tower, 201 E. Main,

El Paso, Texas 79901. No Service is being requested at this time.

13.     Defendant DICEX INTERNATIONAL, INC., (Defendant Dicex) is a corporation organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Dicex may be served by registered mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to its registered agent Ricardo Peimbert, 14001 Mines Road, Laredo, Texas 78041. No Service is being requested at this time.

14. Defendant CARLOS RAMIREZ VILLANUEVA is a Mexican citizen who may be served by registed mail containing a true and correct copy of the citation accompanied by a true and correct copy of this petition to his official address at Corona Boreal No. 3744, Col. Ardoledas, Zapopan, Jalisco, Mexico, C.P. 45070. No Service is being requested at this time.

### III.   VENUE and JURISDICTION

**Venue in Laredo County, Texas is Proper**

15.   Venue is proper in Laredo County, Texas pursuant to Texas Civil Practices and Remedies Code, §§15.001 et seq, including §15.005 and §15.002(a)(3) since Laredo County is the county of Defendant Dicex's principal office in Texas. Moreover, a portion of the cause of action accrued in Laredo County, Texas.

**This Court Has Subject-Matter Jurisdiction**

16. This Court has subject-matter jurisdiction over these claims pursuant to Texas

Civil Practices and Remedies Code, §71.031. Plaintiffs meet all requirements of §71.031;

as such, they have a right to be before this Court. *Dubai Petroleum v. Kazi*, 12 S.W.3d 71

(Tex. 2000); *Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252 (Tex. App. – San Antonio 1999, pet.

denied); *Toubaniaris v. American Bureau of Shipping, et al*, 981 S.W.2d 858 (Tex. App. --

Houston [1st Dist.] 1998, pet. denied).

17. Moreover, The International Covenant on Civil and Political Rights supports the

filing of this case in this Court. The Covenant was adopted by the United States on

September 8, 1992. The Covenant expressly supports the Plaintiffs' choice of filing in

Laredo County, Texas.

**This Court Has Personal Jurisdiction Over Defendant Bridgestone Corporation**

18. Personal jurisdiction exists as to Defendant Bridgestone in that it maintains

continuous and systematic contacts with the State of Texas through its tire business and

through its publicly traded stock.

19. Defendant Bridgestone conducts business in the State of Texas on a daily basis

as its stock is bought or sold. There is no stock with regard to Firestone (that is, Defendant

Bridgestone/Firestone or Defendant Bridgestone/Firestone de Mexico); rather, all publicly

traded stock is Defendant Bridgestone's.

20. Defendant Bridgestone/Firestone, Inc. (Defendant Firestone) is the wholly owned

subsidiary Defendant Bridgestone, and Defendant Bridgestone/Firestone de Mexico is a unit

of Defendant Bridgestone/Firestone, Inc.. There is an intermingling of directors, employees

and officers with regard to Bridgestone/Firestone, Inc. and Bridgestone Corporation of Japan. Also, Defendant Firestone manufactures tires in the United State of America under the "Bridgestone" name, and conversely, Defendant Bridgestone manufactures tires under the "Firestone" brand at its Hofu plant in Yamaguchi prefecture, Japan. Additionally, Defendant Bridgestone maintains a world wide website wherein it claims that the "Bridgestone" and "Firestone" brands "herald the company's (Defendant Bridgestone's) strong presence in tire markets worldwide," claims to utilize a "multi-brand" strategy, concentrating on both the "Bridgestone" and "Firestone" brands; claims that Bridgestone of Japan supplies original equipment tires to automobile manufacturers in North America; identifies Bridgestone/Firestone tire manufacturing facilities in the United States as "Bridgestone" plants", identifies the Bridgestone/Firestone stores in the United States as "company-owned" stores and makes numerous other references which blend the two companies. Moreover, Defendant Bridgestone's annual reports blend the two companies, the two companies' resources, and the two companies' finances.

Clearly, Defendant Bridgestone and Defendant Firestone integrate their resources to achieve a common business purpose. As such, Defendant Bridgestone is liable for the tort obligations of Defendant Firestone incurred in the pursuit of that business purpose. In fact, it is Plaintiffs' belief that Defendant Firestone would be undercapitalized (and underinsured) in relation to the reasonably foreseeable risks of its business operations.

21.   Defendants Bridgestone and Firestone are corporate *alter egos*. Defendant

Firestone is operated as a tool or business conduit of its corporate parent, Defendant Bridgestone. Defendant Bridgestone has used Defendant Firestone to perpetuate an actual and/or constructive fraud on the public – including the Plaintiffs – for the direct benefit of Defendant Bridgestone. Defendants Bridgestone and Firestone are united as one, and any separateness, if there ever was, has ceased.

## Personal Jurisdiction Exists As To Defendant Lucent Technologies Maquiladoras

22.    There is no issue with regard to this Court's (a Texas State District Court) personal jurisdiction over Defendant Lucent Technologies Maquiladoras, Inc. Plaintiffs had previously filed this action against this Defendant in an Texas State District Court, and this issue was not raised. As such, Defendant Lucent Technologies Maquiladoras, Inc. has judicially admitted that this Court (a Texas state district court) has jurisdiction over it, and it is estopped from taking a contrary position before this Court.

## Notice of Non-Removable Status of Plaintiffs' Cause of Action

23.    This case is not removable to any federal court since Plaintiffs are foreign citizens and Defendant Bridgestone is a foreign corporation (Japan) – as such, complete diversity does not exist. Additionally, one defendant is a Mexican citizen and one defendant is a Mexican Corporation; as such, there is no complete diversity.

24.    Moreover, two of the Defendants are Texas residents/citizens; as such, this case is not removable. 28 U.S.C.A. §1441(b).

In support of this notice of non-removability, Plaintiffs also rely upon 28 U.S.C.A. §

1332; *Bank of Nova Scotia v. S&W Berisford, Inc.*, 753 F. Supp. 237 (N.D. Ill. 1990), *Faysound Limited v. United Coconut Chemicals, Inc.*, 878 F.2d 290 (9th Cir. 1999); *Corporacion Venezolana v. Vintero Sales Corporation v. Venezolana De Cruceros Del Caribe*, 629 F.2d 786 (2nd Cir. 1980); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295 (5th Cir. 1985), and other pertinent case law.

## IV. BASIS FOR SUIT

25.  This suit is brought against the Defendants pursuant to the provisions of the Texas Wrongful Death and Survival Statutes, Chapter 71 of the Texas Civil Practices & Remedies Code, wherein the Plaintiffs, as statutory beneficiaries of the decedents are entitled to bring suit on behalf of all persons entitled to be benefitted by this action. TEX.CIV.PRAC. & REM. CODE §§ 71.001, 71.002, 71.004, AND 71.021.

26.  Plaintiffs have an undisputed right to file their cause of action in this Court. The Texas Legislature has specifically ordained a foreign citizen's right to file a civil lawsuit in Texas with regard to an accident or injury outside of the State of Texas. TEX.CIV.PRAC.& REM. CODE ANN. §71.031. Plaintiffs are Mexican citizens and the incident occurred outside of the State of Texas. Plaintiffs are properly before this Court.

## V. BACKGROUND FACTS

27.  This lawsuit results from a one-car accident that occurred on August 12, 1999, in Cadereyta, Nuevo Leon, Mexico. At the time of the accident, the decedents, Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra,

and Ivonne Juarez, were passengers in a 1996 GMC Chevrolet Suburban 2500 with a defective FR 480 Bridgestone/Firestone tire. Defendant Ramirez was the driver of the GMC Suburban.

28.   Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, the Decedents, were being driven home from a one day seminar/training session with Defendants Lucent when the right rear Bridgestone/Firestone tire on the 1996 Chevrolet Suburban delaminated, causing the vehicle to lose control, roll over numerous times, and fatally injure them.

29.   The decedents had previously traveled in the GMC Suburban for work, as Lucent employees, in McAllen, Texas, Brownsville, Texas, and Laredo, Texas. Also, some of the decedents had traveled to other United States' locations for work with Defendants Lucent. On the day of the accident, the decedents had attended a Lucent seminar, as required by Lucent, at the Lucent Matamoros Brownsville facility.

## VI. BRIDGESTONE AND FIRESTONE'S RESPONSIBILITY

30.   Plaintiffs assert claims against Defendants Bridgestone and Firestone on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the tire's properties.

31. Defendants Bridgestone and Firestone are engaged in the business of engineering,

designing, manufacturing, fabricating, selling, marketing, providing quality control, and inspecting the FR 480 tire. The right rear tire on the 1996 GMC Chevrolet Suburban that delaminated was defectively and improperly designed. The tire may also have been defectively manufactured by Defendant Bridgestone/Firestone de Mexico. No adequate quality control was exercised by Defendants Bridgestone/Firestone with regard to this tire.

32. The FR 480 tire was defective at the time it was released into the stream of commerce. The tire's dangerous condition rendered it unreasonably dangerous in that it was defectively designed, defectively manufactured, defective in materials, inadequately inspected, and in a defective condition when it was released into the stream of commerce. These conditions were all a producing cause of the injuries and damages of the Plaintiffs.

33. Defendants Bridgestone and Firestone expressly and impliedly warranted to the public generally that the FR 480 P235/75R15 tire installed on the 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

34. Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendants Bridgestone's and Firestone's breach of these warranties.

35. The representations made by Defendants Bridgestone and Firestone were false, misleading, and deceptive, and violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA. Defendants

Bridgestone and Firestone violations of the DTPA include their unconscionable actions or course of actions.

36. Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

## VI. GENERAL MOTORS' RESPONSIBILITY

37. Plaintiffs assert claims against Defendant General Motors on the basis of negligence, gross negligence, strict liability, product liability, design defect, breach of implied warranty of fitness for a particular purpose, violations of the Texas Deceptive Trade Practices - Consumer Protection Act, and the failure to warn and instruct the public as to the Chevrolet Suburban's properties.

38. Defendant General Motors is engaged in the business of engineering, developing, researching, designing, manufacturing, assembling, fabricating, selling, marketing, inspecting, providing quality control, and testing the Chevrolet Suburban. The right rear tire on the 1996 Chevrolet Suburban delaminated, and this tire was designated by General Motors as an appropriate tire for its vehicle when the tire was not an appropriate choice. No adequate testing and quality control was exercised by Defendant General Motors with regard to its vehicle and its choice of tire.

39. The vehicle was defective and unreasonably dangerous, as these terms are defined by law, and such condition of the vehicle was a producing cause of the incident which caused the Decedents' deaths and their relatives' injuries. The vehicle was defective at the time it ·

was released into the stream of commerce.

40.  Defendant GMC expressly and impliedly warranted to the public generally that its 1996 Chevrolet Suburban was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.

41.  Decedents relied upon these express and implied warranties, as members of the general public, and suffered injuries and damages as a proximate result of Defendant GMC's breach of these warranties.

42.  The representations made by Defendant GMC were false, misleading, and deceptive, and violate Section 17.46(b) of the Texas Deceptive Trade Practices - Consumer Protection Act, hereinafter referred to as the DTPA.  Defendant GMC's violations of the DTPA include its unconscionable actions or course of actions.

43.  Plaintiffs invoke the Doctrine of Strict Torts Liability, Section 402A of the Restatement of the Law of Torts 2D, as adopted by the Supreme Court of Texas.

44.  The GMC Suburban was substantially manufactured in the United States with only a small percentage of the vehicle originating from Mexico for final assembly by GMC in Silao, Mexico (GMC Mexico).  GMC Mexico is a wholly owned subsidiary of Defendant GMC, and Defendant GMC participates in and controls the business activities of GMC Mexico, including design of products, manufacture of products, manufacture of component parts of products, safety recalls, and other aspects of corporate management.

As such, GMC Mexico acts pursuant to the direction and control of Defendant

GMC. The corporate formalities separating these two (2) corporations are not correctly adhered to, and the corporate veil is appropriately pierced, and the legal rule of alter ego applies. Additionally, and/or in alternatively, Plaintiffs would show that these two corporations conduct business as a single business enterprise. Additionally, and/or alternatively, Plaintiffs would show that these two corporations are engaged in a joint enterprise. These two companies will be collectively referred to as GMC.

## VII.  MILES' AND DICEX'S RESPONSIBILITY

45.  Plaintiffs would show that Defendant Miles and Defendant Dicex were sellers of the GMC vehicle made the subject of this suit. As brokers, Defendant Miles and Defendant Dicex were engaged in the business of distributing vehicles and/or vehicle component parts into Mexico for a commercial purpose, and introducing the subject vehicle (and/or its component parts) into Mexico's stream of commerce for their and GMC's financial benefit. As stated above, the GMC Suburban vehicle was defective and unreasonably dangerous, and a producing cause of the injuries and deaths suffered by Plaintiffs. Plaintiffs sue Defendants Miles and Dicex as a seller in this product liability action.

## VIII.  LUCENTS' RESPONSIBILITY

46.  Plaintiffs assert claims against Defendants Lucent by virtue of the acts and omissions of Lucent's managerial employees.

47.  Defendants Lucent failed to exercise ordinary and reasonable care in the

supervision and control of its employees, and failed to provide safe transportation to the decedents.

48. Defendants Lucent, through its driver, violated road safety laws; as such, they are liable to Plaintiffs under the doctrine of negligence per se.

49. Defendants Lucent required decedents to be transported in an unsafe vehicle with a defective tire.

50. Defendants Lucent's negligence, negligence per se, and gross negligence were a proximate cause of the horrific injuries to the Decedents and their families.

## IX. RAMIREZ' RESPONSIBILITY

51. Defendant Ramirez was the driver of the GMC Suburban at the time of the incident which lead to Plaintiffs' injuries and/or deaths. Defendant Ramirez was negligent in handling the GMC Suburban, and was driving at an unsafe speed.

52. Defendant Ramirez' negligence and negligence per se were a proximate cause of the horrific injuries to the Decedents and their families.

## X. DAMAGES

53. Sergio Alberto Zavala Ponce, Gabriela Villagran Castro, Jesus Davila Paz, Valente Ibarra Ibarra, and Ivonne Juarez, were tragically killed as a result of all Defendants' misconduct. Each decedent endured conscious physical pain and suffering, emotional distress and mental anguish, fear, the anticipation of death, and death. Their injuries alone

far exceed the jurisdictional limits of this Court.

54.   Additionally, each estate has incurred funeral and burial expenses.

55.   Also, the wrongful death beneficiaries have suffered mental anguish and emotional distress, loss of society, loss of companionship, loss of financial support, loss of the decedents' estate, loss of consortium, loss of parental guidance, loss of earning capacity, medical expenses, and burial expenses.

56.  Plaintiffs also seek punitive damages for the Defendants' malicious conduct and gross neglect.  Moreover, Plaintiffs seek prejudgment interest, postjudgment interest, their attorneys' fees and expenses, and costs of Court.

57.  Lastly, Plaintiffs request a jury trial and assert that all conditions precedent have occurred or been performed.

**PLAINTIFFS REQUEST A TRIAL BY JURY.**

_____
Benigno (Trey) Martinez
State Bar No. 00797011

MARTINEZ , BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
Phone (956) 546-7159
Fax   (956) 544-0602

ATTORNEYS FOR PLAINTIFFS

---

CT System

RECEIVED

JAN 1 3 2003

LAW DEPT

**Service of Process Transmittal Form**
Dallas, Texas

01/10/2003

TO: Amy Breckenridge
Bridgestone/Firestone, Inc.
Law Department
1200 Firestone Parkway
Akron, OH  44317

Phone: (330) 379-4437 ex:
FAX: (330) 379-4064
EMAIL: BRECKENRIDGE@BFUSA.COM

*2-3-03*
*633109*
*Must 618 302*

RE:     **PROCESS SERVED IN TEXAS**

FOR       Bridgestone/Firestone, Inc. Domestic State: Oh

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Juan Jose Chavez de Leon, Ind. etc et al  vs Bridgestone/Firestone, Inc. et al |
| 2. DOCUMENT(S) SERVED: | Citation, Original Petition |
| 3. COURT: | 404th JDC, Cameron County<br>Case Number 2002114765G |
| 4. NATURE OF ACTION: | Alleges the FR480 tires on the 1996 GMC Chevrolet Suburban 2500 delaminated causing the vehicle to roll and fatlly injure occuptants |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Dallas, Texas |
| 6. DATE AND HOUR OF SERVICE: | By Process server on 01/10/2003 at 12:40 |
| 7. APPEARANCE OR ANSWER DUE: | 10:00 a.m. Monday next after expiration of 20 days |
| 8. ATTORNEY(S): | Martinez Barrera Y Martinez LLP<br>1201 East Van Buren<br>Brownsville, TX  78520 |
| 9. REMARKS: | According to the records of our office our services have been discontinued in this state.<br>i-Note sent 01/10/2003 to BRECKENRIDGE@BFUSA.COM |

SIGNED     CT Corporation System

PER          Barbara Ann Pfister
ADDRESS   350 North St. Paul Street
Dallas, TX  75201
SOP WS 0005059471

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# EXHIBIT B

CAUSE NO. 2002-11-4765-G

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS SURVIVING | § | |
| SPOUSE OF MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, DECEASED | § | |
| AND ON BEHALF AND AS INDEPENDENT | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ, DECEASED AND ON | § | |
| BEHALF OF ALL PERSONS ENTITLED TO | § | |
| RECOVER FOR THE WRONGFUL DEATH | § | |
| OF MARIA DEL SOCORRO SANCHEZ | § | |
| ARMENDARIZ; AND AS NEXT FRIEND TO | § | |
| THE MINOR CHILDREN, JUAN ALEJANDRO | § | |
| CHAVEZ ARMENDARIZ, DAVID ELIAS | § | |
| CHAVEZ ARMENDARIZ, AND MARCELA | § | |
| CHAVEZ ARMENDARIZ | § | |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| FORD MOTOR COMPANY, USA, FORD | § | |
| MOTOR COMPANY, SA de CV, MEXICO, | § | |
| and VISTEON DE MEXICO, S. DE R.L. | § | 404TH JUDICIAL DISTRICT |

FILED  1:40  O'CLOCK  PM
AURORA DE LA GARZA DIST. CLERK

JAN 14 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **JUAN JOSE CHAVEZ DE LEON, ET AL.,** Plaintiffs in the above entitled

and numbered cause, complaining of the above- named Defendants, and for cause of action would

respectfully show the court as follows:

I.

## DISCOVERY LEVEL

The Plaintiffs intend discovery in this suit to be conducted under Level 3, pursuant to Rule

---

*Chavez de Leon, et al. v Bridgestone/Firestone, Inc. et al*                                                    Page 1

190.4 of the Texas Rules of Civil Procedure, and will seek an order, agreed or otherwise, to this effect.

II.

## JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over these claims pursuant to Texas Civil Practices and Remedies Code, §71.031. Plaintiffs meet all requirements of §71.031; as such, they have a right to be before this Court. *Dubai Petroleum v. Kazi*, 12 S.W.3d 71 (Tex. 2000); *Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252 (Tex. App. – San Antonio 1999, pet. denied); *Toubaniaris v. American Bureau of Shipping, et al*, 981 S.W.2d 858 (Tex. App. -- Houston [1ˢᵗ Dist.] 1998, pet. denied).

Moreover, The International Covenant on Civil and Political Rights supports the filing of this case in this Court. The Covenant was adopted by the United States on September 8, 1992. The Covenant expressly supports the Plaintiffs' choice of filing in Cameron County, Texas.

III.

## PARTIES

### PLAINTIFFS

Plaintiff, Juan Jose Chavez De Leon is the surviving husband Maria Del Socorro Sanchez Almendariz, Deceased, and is a resident of Atizapan De Zaragoza, Mexico. He brings this suit, individually, as an heir and on behalf of the Estate of Maria Del Socorro Sanchez Almendariz, Deceased, and on behalf of himself and all persons entitled to recover for the wrongful death of Maria Del Socorro Sanchez Almendariz. His claims are, in part, brought pursuant to the Texas Wrongful Death and Survival Statutes, the Texas Constitution and the common law.

Plaintiffs, Juan Alejandro Chavez Armendariz, David Elias Chavez Armendariz, and Marcela Chavez Armendariz, are the surviving children of Maria Del Socorro Sanchez Almendariz. They bring this suit individually, as heirs of the Estate of Maria Del Socorro Sanchez Almendariz and as beneficiaries under the Wrongful Death Statute of Texas. Their claims are, in part, brought pursuant to the Texas Wrongful Death and Survival Statutes, the Texas Constitution and the common law.

All Plaintiffs are residents of Mexico. Plaintiffs include all of the heirs of Decedent Maria Del Socorro Sanchez Almendariz.

Maria Del Socorro Sanchez Almendariz was born on August 21, 1966 and died on December 7, 2000, from injuries she sustained in a vehicular crash involving a vehicle equipped with Firestone tires. Juan Jose Chavez De Leon has or will be appointed Independent Administrator of the Estate of Maria Del Socorro Sanchez Almendariz, Deceased, in probate proceedings pending in Cameron County, Texas.

DEFENDANTS

a.      Defendants

Defendant BRIDGESTONE/FIRESTONE, INC. (Defendant Firestone) is a corporation incorporated under the laws of the State of Ohio, and is authorized to do business and is doing business throughout the State of Texas. Defendant Firestone has declared its principal place of business to be Orange, Texas, Orange County. Defendant Firestone may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested.

---

Defendant BRIDGESTONE/FIRESTONE DE MEXICO S.A. (also referred to as Defendant Firestone since Defendant Bridgestone/Firestone, Inc. designs the tire and provides the design to Firestone de Mexico for manufacture) is a branch of Defendant Bridgestone/Firestone, Inc.. Defendant Bridgestone/Firestone de Mexico S.A. may be served by registered mail containing a true and correct coy of this Plaintiffs' First Amended Petition to its Chairman, C.E.O., President at Darwin 74, COL. Anzures del, M. Hidalgo, Apartado Postal 53-1000, 11590 Mexico D.F. Mexico.

Defendant BRIDGESTONE CORPORATION of Japan (Defendant Bridgestone) is a Japanese corporation or business association. Defendant Bridgestone does business throughout the State of Texas, but does not maintain a registered agent for service of process in Texas. Defendant Bridgestone may be served by registered mail containing a true and correct copy of this Plaintiffs' First Amended Original Petition to its President, Chairman, and C.E.O., Yoichiro Kaizaki, or his designated successor, Shigeo Watanabe, or any other corporate officer, pursuant to the manner provided by Japanese law for service of documents in domestic actions on persons within its territory, at Bridgestone Corporation, 10-1 Kyobashi 1-Chome, Chuo-Ku, Tokyo 104-8340, Japan.

Defendants Bridgestone and Firestone are, for all practical purposes, the same with regard to this incident which resulted in the deaths of five Plaintiffs and the injuries to all Plaintiffs. As such, the three corporations will be collectively referred to as Defendants Bridgestone/Firestone.

Defendant FORD MOTOR COMPANY ("FORD") is a Delaware corporation with its principal place of business in Dearborne, Michigan. Ford is organized and existing under the laws of the State of Texas, and is authorized to conduct business within the State of Texas. Defendant Ford may be served with process by serving its registered agent for service, C.T. Corp. System, 350 N. St. Paul, Dallas, Texas 75201, by certified mail, return receipt requested.

Defendant FORD MOTOR COMPANY, SA de CV, is a Mexican corporation with its principal place of business in Veracruz, Veracruz, Mexico. This Defendant is a branch of Ford Motor Company, USA. Defendant Ford Motor Company, SA de CV may be served by registered mail containing a true and correct coy of this Plaintiffs' First Amended Original Petition to its Chairman, C.E.O., President, or Vice-President at Av. La Fragua 2100, C.P. 91910, Veracruz, Veracruz Mexico.

Defendant VISTEON DE MEXICO, S. DE R.L., is a Mexican corporation/business with its principal place of business in Miguel Hidalgo, Mexico, D.F. . This Defendant sold the Ford Expedition and the parts involved herein. Defendant Visteon de Mexico, S de R.L., may be served by registered mail containing a true and correct copy of this Plaintiff's First Amended Original Petition to its Chairman, C.E.O., President, Vice-President or Registered Agent at Sierra Candela No. 111, Office 306, Lomas de Chapultepec, Miguel Hidalgo 1100, Mexico, D.F.

IV.

## FACTS

Juan Jose Chavez De Leon was an employee of PEMEX in Mexico. He received/purchased a 2000 Expedition 14KYT Ford, 4-door sport utility vehicle, VIN#1FMRU1568LA53798. This vehicle and its component parts, including the Bridgestone/Firestone tires, were purchased from Visteon De Mexico, S. De R.L., Sierra Candela No. 111, Office 306, Lomas De Chapultepec, Miguel Hidalgo, Mexico.

On or about December 7, 2000 at approximately 5:00 in the evening Maria Del Socorro Sanchez Armendariz was driving this Expedition 14KYT Ford with Firestone tires. As she approached an overpass, the Wilderness AT right hand side tire detreaded, causing her to lose control of the vehicle, going off the overpass and plunging to the ground below. Mrs. Chavez sustained a cervical fracture resulting in her death.

### V.

### STRICT PRODUCTS LIABILITY

The 2000 Expedition 14KYT Ford and its component parts, including the tires, were defective and unreasonably dangerous by reason of defective design, manufacture, marketing and the failure of Defendants to give adequate and proper warnings and instructions, which defective and unreasonable risk of harm and were a producing cause of the death of Maria Del Socorro Sanchez Armendariz. The dangerous condition/defect(s) included or involved the tires and vehicle steering/instability under conditions such as those involved in this incident. Since the Defendants are in the business of designing, manufacturing, selling and/or marketing the products and component parts in question, which are distributed and sold throughout the United States and Mexico, as well as the State of Texas. Defendants are liable to the Plaintiffs for their damages under

the theory of products liability.

At the time the Expedition 14KYT Ford and its tire were sold and/or marketed and/or placed into the stream of commerce by the Defendants, they were defective and unreasonably dangerous, as that term is defined in law, to persons who could reasonably be expected to use same, which defective and unreasonably dangerous conditions were a producing cause of the death of Maria Del Socorro Sanchez Armendariz. The products were also defective by reason of Defendants' failure to include, provide or carry with them adequate and proper warnings and instructions as to dangers associated with the use of the products and how to avoid such dangers, which defects rendered the products unreasonably dangerous and which defects were a producing cause of the occurrence in question, the death of Maria Del Socorro Sanchez Armendariz.

In that the Expedition 14KYT Ford and/or its component parts were defective and unreasonably dangerous to the Plaintiffs and to the public generally, Defendants are liable to Plaintiffs under the theory/doctrine of strict liability (strict products liability). Further, in this connection, Plaintiffs allege that the defects in the design, manufacture and/or marketing of the Expedition 14KYT Ford and/or its component parts were the producing cause or causes of the occurrence in question, the death of Maria Del Socorro Sanchez Armendariz.

At the time said vehicle and its component parts were designed, manufactured and sold, safer alternative designs were available which were technologically and economically feasible, and which, if utilized, would have prevented the occurrence in question, the untimely death of Maria Del Socorro Sanchez Armendariz.

Defendants sold the defective Expedition 14KYT Ford and placing it into the stream of commerce and is, thus, also liable under the doctrine of strict liability of tort.

## VI.

### NEGLIGENCE

Defendants committed acts of omission and commission, which collectively and severally, constituted negligence, negligence per se and which were a proximate cause of the occurrence in question, the pain, suffering and wrongful death of Maria Del Socorro Sanchez Armendariz.

## VII.

### MALICE AND/OR GROSS NEGLIGENCE

Further, the wrongful conduct of the Defendants involved more than momentary thoughtlessness, inadvertence, or error of judgment. Rather, Defendants' conduct constituted a heedless, reckless and wanton disregard for the rights, welfare, or safety of the Plaintiffs and foreseeable users and persons affected by it, and when viewed objectively from the standpoint of said Defendants at the time of the acts or omissions, the conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and said Defendants had actual, subjective awareness of the risk involved, but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others. As such, Defendants' conduct constituted malice and/or gross negligence and Plaintiffs, individually or in their respective capacities, are entitled to recover judgment against Defendants for exemplary damages in an amount exceeding the minimum jurisdictional limits of this Court. Plaintiffs, Juan Jose Chavez De Leon, individually, and on behalf of minor children; Juan Alejandro Chavez Armendariz, David Elias Chavez Armendariz, Marcela Chavez Armendariz are entitled to recover exemplary damages, the Estate is entitled to recover exemplary damages, and the wrongful death beneficiaries are entitled to recover exemplary damages. Further, Plaintiffs allege that the limitation on the amount of exemplary damages

recoverable specified in Section 41.008(b) of the Texas Civil Practice and Remedies Code is not applicable to this cause because Defendants wrongful conduct included knowing or intentional conduct constituting one or more of the felonies described in Section 41.008(c) of the Texas Civil Practice and Remedies Code [see, e.g., 41.008(c)(12)].

VIII.

## BREACH OF WARRANTY

The allegations contained in paragraphs IV through VII above are incorporated herein for all purposes as though recited verbatim herein. Defendants, by and through the sale of the products in question, expressly and impliedly warranted to the public generally, and to the Plaintiffs specifically, that the products in question were fit for the purposes for which they were intended, were merchantable, and/or had certain qualities, characteristics, uses or benefits. Plaintiffs made use of the products as alleged herein and relied on the express and implied warranties. Contrary thereto, the products were not fit for their intended use, were not merchantable and did not have the qualities, characteristics, uses or benefits as represented, rendering the products in question unreasonably dangerous. Defendants breached the express and implied warranties because of the products' failure and defective components as alleged above and because of improper marketing involving Defendants' failure to warn of the products' inadequacies or defects and failure to instruct in the safe operation of the products. Defendants' breach of warranties and the above-mentioned defects rendered the products unreasonably dangerous and a proximate cause and a producing cause of the occurrence in question and the resulting death of Maria Del Socorro Sanchez Armendariz. Further, Defendants' conduct was done knowingly and/or intentionally.

IX.

_Chavez de Leon, et al. v Bridgestone/Firestone, Inc. et al_                                Page 9

## MISREPRESENTATION

The allegations contained in paragraphs IV through VIII above are incorporated herein for all purposes as though recited verbatim herein. Defendants are also strictly liable to Plaintiffs under Section 402(b) of the Restatement (Second) of Torts, because they misrepresented to the public that the products were safe and without defect, which statement and representation was false and involved a material fact concerning the character or quality of the products in question, and upon which representation the Plaintiffs, as consumers, constructively relied, and which constituted a producing cause of the occurrence in question, the death of Maria Del Socorro Sanchez Armendariz.

## X.

## DECEPTIVE TRADE PRACTICE

Defendants are further liable for violation of Section 17.46 and Sections 17.50(a)(1)(2) and other sections of the Texas Deceptive Trade Practices Act (DTPA, TEX. BUS. & COM. CODE ANN.), which violations were a producing cause of the occurrence in question and include:

    b.    Representations that the products in question, and their component parts, possessed qualities, characteristics, uses and benefits which they did not possess; and

    c.    Representations that the products in question, and their component parts, were merchantable when, in fact, they were not fit for the ordinary purposes for which such products were to be used.

Further, Defendants' conduct was done knowingly and/or intentionally. Defendants have been provided notice of their breach of warranty, of their violation of the Deceptive Trade Practices Act and Plaintiffs' damages pursuant to Section 17.50(a) *et seq.* of the DTPA. Under the Deceptive Trade Practices Act, Defendants, as a result of its knowing breach of express and implied warranties, are liable for the actual damages suffered by Plaintiffs, plus additional amounts awarded by the trier

of fact and pursuant to Section 17.50(b)(2) of the Deceptive Trade Practices Act, as well as court costs and reasonable attorneys fees.

XI.

PERSONAL INJURY DAMAGES

Plaintiffs would show that the time of her death, Maria Del Socorro Sanchez Armendariz was 34 (thirty-four) years old, in good health and had a reasonable life expectancy in excess of 30 years. Before the time of her death and during her lifetime, Maria Del Socorro Sanchez Armendariz was an industrious, energetic, happy, loyal and loving wife, mother. Maria Del Socorro Sanchez Armendariz performed usual tasks in and about the family residence and gave affection, solace, love and comfort to her husband and family, and in all reasonable probability would have continued to do so for the remainder of her natural life.

### ESTATE OF MARIA DEL SOCORROS SANCHEZ ARMENDARIZ

Plaintiff, Juan Jose Chavez De Leon, on behalf and as Independent Administrator of the Estate of Maria Del Socorro Sanchez Armendariz, is entitled to recover all damages to which the Estate is entitled to by law, including, but not limited to, recovery of the reasonable and customary charges incurred for emergency transportation services and for the funeral and burial of Maria Del Socorro Sanchez Armendariz and recovery for the excruciating and conscious pain, suffering and mental anguish suffered by Decedent prior to her death. The Estate is also entitled to recover exemplary damages from Defendants.

### JUAN JOSE CHAVEZ DE LEON

As a result of the untimely death of Maria Del Socorro Sanchez Armendariz, Plaintiff, Juan Jose Chavez De Leon has suffered loss, damages, and injury from the death of his wife, Maria Del

Socorro Sanchez Armendariz, including loss of affection, love, solace, comfort, companionship, consortium, society, maintenance, assistance and emotional support, services, advise, counsel and contributions of a pecuniary value that he would, in all reasonable probability, have received from his wife during her lifetime had she lived. He has suffered mental anguish, grief and sorrow as a result of her death. Plaintiff, Juan Jose Chavez De Leon is entitled to recover for all of these damages, past and future, in an amount exceeding the minimum jurisdictional limit of this Court.

SURVIVING CHILDREN

Plaintiffs, Juan Alejandro Chavez Armedariz, David Elias Chavez Armedariz, Marcela Chavez Armendariz, the natural children of Maria Del Socorro Sanchez Armendariz, Deceased, state that Maria Del Socorro Sanchez Armendariz was a good and loving mother, and provider and, in all reasonable probability, had she lived, would have continued to be such for the remainder of her natural life. Theses Plaintiffs assert and allege all causes of action for all damages sustained by them as a result of the death of their mother and grandmother to the fullest extent allowed by law. Plaintiffs would further assert that they have suffered injuries, damages and loss as a result of the death of their mother, Maria Del Socorro Sanchez Armendariz, including loss of care, maintenance, support, services, advice, counsel, inheritance, and contributions of a pecuniary value that they would have received from decedent during their lifetime had she lived. Plaintiffs further assert and allege that they have suffered additional losses by virtue of the destruction of the parent/child relationship, including the loss of love, affection, solace, comfort, companionship, society, emotional support, and happiness. Plaintiffs have suffered mental anguish, grief and sorrow. Plaintiffs are entitled to recover for all of their injuries and damages, past and future, in an amount exceeding the minimum jurisdictional limit of this Court. As wrongful death beneficiaries, Plaintiffs are also

entitled to recover exemplary damages for the death of Maria Del Socorro Sanchez Armendariz in an amount exceeding the minimum jurisdictional limit of this Court.

## XII.

## PRE JUDGMENT AND POST JUDGMENT INTEREST

Plaintiffs are entitled to recover all pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII.

## CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred to support the Plaintiffs' pleadings.

## XIV.

## JURY DEMAND

Plaintiffs request a jury in this cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants, jointly and severally, for their actual damages and for exemplary damages in such amounts as the evidence may show and the jury may determine to be proper, together with pre-judgment interest at the highest legal rate, post-judgment interest at the highest legal rate from the date of judgment until paid, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted.

Antonio Martinez
State Bar No. 13139000

Benigno (Trey) Martinez
State Bar No. 00797011

MARTINEZ , BARRERA Y MARTINEZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
Phone (956) 546-7159
Fax  (956) 544-0602

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON,<br>INDIVIDUALLY AND AS SURVIVING<br>SPOUSE OF MARIA DEL SOCORRO<br>SANCHEZ ARMENDARIZ, DECEASED<br>AND ON BEHALF AND AS INDEPENDENT<br>ADMINISTRATOR OF THE ESTATE OF<br>MARIA DEL SOCORRO SANCHEZ<br>ARMENDARIZ, DECEASED AND ON<br>BEHALF OF ALL PERSONS ENTITLED TO<br>RECOVER FOR THE WRONGFUL DEATH<br>OF MARIA DEL SOCORRO SANCHEZ<br>ARMENDARIZ, AND AS NEXT FRIEND TO<br>THE MINOR CHILDREN, JUAN<br>ALEJANDRO CHAVEZ ARMENDARIZ,<br>DAVID ELIAS CHAVEZ ARMENDARIZ,<br>AND MARCELA CHAVEZ ARMENDARIZ<br><br>VS.<br><br>BRIDGESTONE/FIRESTONE, INC.,<br>BRIDGESTONE CORPORATION OF JAPAN,<br>BRIDGESTONE/FIRESTONE DE MEXICO,<br>FORD MOTOR COMPANY USA, FORD<br>MOTOR COMPANY, SA de CV, MEXICO,<br>and VISTEON DE MEXICO, S. DE R.L. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. _____<br><br><br>JURY TRIAL |

## DECLARATION OF GERARDO BALDERAS
## BRIDGESTONE/FIRESTONE de MEXICO, S.A. de C.V.

1.  My name is Gerardo Balderas. I am over the age of 18 years old, of sound mind and fully competent to make this Declaration. I have personal knowledge of the facts stated herein. The facts stated herein are true and correct based upon my personal knowledge.

2.  My position with Bridgestone/Firestone de Mexico, S.A. de C.V. ("Firestone Mexico") is its in-house general counsel. I am familiar with its corporate structure and its business operations due to my position with the company and my participation in daily corporate activities.

3.  The facts stated within this Affidavit are applicable to the time period from January 1, 1998 to the present and is referred to as the "relevant time period."

4.  Firestone Mexico is a Mexican corporation organized and doing business under the laws of Mexico with its principal place of business in Mexico City, Mexico.

5.   Firestone Mexico's primary business is manufacturing and selling tires in Mexico, and Firestone Mexico maintains its business operations in Mexico.

6.   Firestone Mexico is a separate corporate entity from Bridgestone/Firestone North American Tire, L.L.C. and Bridgestone Corporation, and is separately and adequately capitalized.

7.   Firestone Mexico has its own board of directors and does not share a common board with Bridgestone/Firestone North American Tire, L.L.C. or Bridgestone Corporation.

8.   Firestone Mexico has its own management which functions in the best interests of Firestone Mexico.

9.   Firestone Mexico maintains separate books and accounts, and files its own tax returns in Mexico.

10.  Firestone Mexico did not and does not have any tire manufacturing facilities in Texas.

11.  Firestone Mexico sells a vast majority of the tires it manufactures in Mexico through its authorized dealers as replacement tires in Mexico and to Mexico vehicle manufacturers. Although the exact percentages have varied during the relevant time period, these sales account for approximately 85% to 90% of all tires manufactured by Firestone Mexico.

12.  During the relevant time period, Firestone Mexico intermittently sold a small percentage of tires it manufactured, 10% to 15%, to Bridgestone/Firestone, Inc. and its successor company, Bridgestone/Firestone North American Tire, L.L.C.  Firestone Mexico had no control as to whom Bridgestone/Firestone, Inc. and its successor company, Bridgestone/Firestone North American Tire, L.L.C. sold these tires.

13.  Firestone Mexico does not have any tire warranty or tire service facilities within Texas through independent contractors.

14.  Firestone Mexico does not have any subsidiaries.

15.  It is represented in Plaintiffs' First Amended Original Petition the alleged accident tire is a Wilderness AT which came as equipment on a 2000 Ford Expedition purchased by Plaintiff Juan Jose Chavez de Leon from Visteon de Mexico, S. de R.L. in Miguel Hidalgo, Mexico. Assuming the Wilderness AT accident tire was original equipment on a 2000 Ford Expedition final assembled in Mexico, it is highly likely the Wilderness AT accident tire was manufactured by Bridgestone/Firestone de Mexico, S.A. de C.V.  The DOT number for the Wilderness AT accident tire would positively identify the accident tire's manufacturer. Therefore, if the DOT number for the Wilderness AT accident tire is subsequently provided, I reserve the right to amend my Declaration.

16.    I declare under penalty of perjury that the foregoing is true and correct.


_____

GERARDO BALDERAS

EN LA CORTE DE DISTRITO DE LOS ESTADOS UNIDOS
PARA EL DISTRITO DEL SUR DE TEXAS
DIVISION BROWNSVILLE

| | | |
|---|---|---|
| JUAN JOSE CHAVEZ DE LEON, | § | |
| INDIVIDUALMENTE Y COMO CONYUGUE | § | |
| SOBREVIVIENTE DE MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, FALLECIDA | § | |
| Y EN REPRESENTACION COMO | § | |
| ADMINISTRADOR INDEPENDIENTE DEL | § | |
| PATRIMONIO DE MARIA DEL SOCORRO | § | |
| SANCHEZ ARMENDARIZ, FALLECIDA Y | § | |
| EN REPRESENTACION DE TODA PERSONA | § | |
| CON DERECHO A INDEMNIZACIÓN POR | § | |
| EL HOMICIDIO CULPOSO DE | § | |
| MARIA DEL SOCORRO SANCHEZ | § | C.A. NO. _____ |
| ARMENDARIZ, Y COMO PERSONA | § | |
| MAS ALLEGADA A LOS MENORES JUAN | § | |
| ALEJANDRO CHAVEZ ARMENDARIZ, | § | |
| DAVID ELIAS CHAVEZ ARMENDARIZ, | § | |
| Y MARCELA CHAVEZ ARMENDARIZ | § | JUICIO POR JURADO |
| | § | |
| VS. | § | |
| | § | |
| BRIDGESTONE/FIRESTONE, INC., | § | |
| BRIDGESTONE CORPORATION OF JAPAN, | § | |
| BRIDGESTONE/FIRESTONE DE MEXICO, | § | |
| FORD MOTOR COMPANY USA, FORD | § | |
| MOTOR COMPANY, SA de CV, MEXICO, | § | |
| y VISTEON DE MEXICO, S. DE R.L. | § | |

## DECLARACION DE GERARDO BALDERAS
### BRIDGESTONE/FIRESTONE de MEXICO, S.A. de C.V.

1.  Mi nombre es Gerardo Balderas. Soy mayor de 18 años, me encuentro en plena posesión de mis facultades mentales y estoy capacitado para rendir esta declaración. Tengo conocimiento personal de los hechos mencionados aquí. Los hechos mencionados aquí son fidedignos y correctos, según mi conocimiento personal.

2.  Mi puesto con Bridgestone/Firestone de México, S. A. de C.V. ("Firestone México") es el de asesor legal dentro de la compañía. Estoy familiarizado con la estructura corporativa y sus operaciones de negocios debido a mi puesto en la compañía y mi participación en las actividades corporativas cotidianas.

3.  Los hechos establecidos dentro de esta Declaración se aplican al período transcurrido desde Enero 1, 1998 hasta el presente, y al cual se hace referencia como "período de tiempo relevante".



*Spanish Affidávit of Balderas*
*Re Chávez de León*

1

4.  Firestone México es una corporación Mexicana organizada y con operaciones de negocios bajo las leyes de México, y mantiene su sede principal de negocios en la Ciudad de México.

5.  El negocio principal de Firestone México es la fabricación y venta de llantas en México, y Firestone México mantiene sus operaciones de negociones en México.

6.  Firestone México es una entidad corporativa separada de Bridgestone/Firestone North American Tire, L.L.C. y Bridgestone Corporation, y está adecuadamente capitalizada por separado.

7.  Firestone México cuenta con su propia Junta Directiva y no comparte una Junta con Bridgestone/Firestone North American Tire, L.L.C. o Bridgestone Corporation.

8.  Firestone México cuenta con su propia administración, la cual funciona en el mejor interés de Firestone México.

9.  Firestone México mantiene libros y contabilidad separados, y presenta sus propias declaraciones de impuestos en México.

10. Firestone México no ha tenido ti tiene ninguna instalación de fabricación de llantas en Texas.

11. Firestone México vende una vasta mayoría de las llantas que fabrica en México como llantas de refacción y a fabricantes de vehículos en México, a través de sus reprentantes autorizados. Aunque los porcentajes exactos han variado durante el período de tiempo relevante, estas ventas representan aproximadamente del 85% al 90% de todas las llantas fabricadas por Firestone México.

12. Durante el período de tiempo relevante, Firestone México vendió intermitentemente un pequeño porcentaje de las llantas que fabricó, 10% a 15%, a Bridgestone/Firestone, Inc. y su compañía sucesora, Bridgestone/Firestone North American Tire, L.L.C. Firestone México no tuvo ningún control respecto a las entidades a las que Bridgestone/Firestone North American Tire, L.L.C. vendió estas llantas.

13. Firestone México no tiene ninguna garantía para llantas o talleres de servicios de llantas dentro de Texas a través de contratistas independientes.

14. Firestone México no tiene ninguna subsidiaria.

15. En La Primera Petición Modificada de los Demandantes se representa que la supuesta llanta conectada al accidente es una Wilderness AT que vino como equipo en la Ford Expedition 2000 comprada por el Demandante Juan José Chávez de León en Vistcon de México, S. de R.L. en Miguel Hidalgo, México. Asumiendo que la llanta Wilderness AT conectada con el accidente fuera equipo original en una Ford Expedition 2000 cuyo ensamblaje final se llevó a cabo en México, es altamente probable que la llanta Wilderness AT conectada al accidente fue fabricada por Bridgestone/Firestone de



*Spanish Affidávit of Balderas*                    2
*Re Chávez de León*

México, S.A. de C.V.  El número DOT para la llanta Wilderness AT conectada al accidente identificaría efectivamente al fabricante de la llanta.  Por lo tanto, si el número DOT de la llanta Wilderness AT conectada al accidente es proporcionada posteriormente, me reservo el derecho de modificar mi Declaración.

16.    Declaro bajo pena de perjurio, que lo antes dicho es verdadero y correcto.

GERARDO BALDERAS